UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE DALEY, NADINE DALEY, and MDL FISHING LLC, <br> Plaintiffs <br><br> v. <br><br> TWIN DISC, INC., MANN ENGINES AND COMPONENTS, INC., OCEAN YACHTS, INC., and PERFORMANCE DIESEL, INC., <br> Defendants | 05 10720 RWZ <br><br> CIVIL ACTION No. <br><br> RECEIPT # _____ <br> AMOUNT $ _____ <br> SUMMONS ISSUED N/A <br> LOCAL RULE 4.1 _____ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK. _____ <br> DATE 4/12/05 |

### NOTICE OF REMOVAL

MAGISTRATE JUDGE JLA

PLEASE TAKE NOTICE THAT defendant Ocean Yachts, Inc. ("defendant") hereby removes Civil Action No. 05-00044 filed in the Superior Court of the Commonwealth of Massachusetts, Norfolk County (the "State Court Action") to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1441 and §1446, as amended and, in accordance with 28 U.S.C.§1332 on the following grounds:

1. On or about January 11, 2005, plaintiffs Wayne Daley, Nadine Daley, and MDL Fishing LLC filed an action against defendants Twin Disc, Inc., Mann Engines and Components, Inc., Ocean Yachts, Inc., and Performance Diesel, Inc. in the Superior Court of the Commonwealth of Massachusetts, Norfolk County, Civil Action No. 05-00044.

2. In the State Court Action, plaintiffs allege that the defendants committed a breach of contract with respect to a yacht purchased by the Daleys.

3. According to the complaint, the plaintiffs are citizens of Massachusetts (Complaint ¶¶1-2) and the defendants are citizens of states other than Massachusetts (Complaint ¶¶3-6).

-1-

4. On information and belief, the matter in controversy exceeds the sum of $75,000. According to the civil action cover sheet filed by the Plaintiffs in the Superior Court, they allege damages of at least $850,000.

5. Plaintiffs served the defendant Ocean Yachts, Inc. with a copy of the Summons and Complaint in the State Court Action on or about March 16, 2005.

6. Accordingly, this Notice of Removal is filed and served within thirty (30) days of defendant's receipt of service of process.

7. Subject matter jurisdiction exists in this civil matter pursuant to 28 U.S.C. §1332, which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Pursuant to 28 U.S.C. §1446(d), plaintiff is being provided with written notice of the filing of this Notice of Removal as evidenced by the attached certificate of service.

9. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be filed today with the Clerk of the Superior Court, Norfolk County.

10. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon defendant Ocean Yachts, Inc. are attached hereto. Pursuant to Loc. R. 81.1, defendants will file, within thirty (30) days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

11. Defendant Ocean Yachts anticipates that all defendants will join in or consent to removal within the applicable time period.

WHEREFORE, defendant Ocean Yachts, Inc. respectfully requests that this Court take this action from the Superior Court of the Commonwealth of Massachusetts, Norfolk County, to the United States District Court for the District of Massachusetts.

        Defendant
        Ocean Yachts, Inc.
        By its attorneys,

_/s/ Howard M. Brown_
HOWARD M. BROWN
BBO #547948
Bartlett Hackett Feinberg P.C.
10 High Street- Suite 920
Boston, MA 02110
Tel. (617) 422-0200

Michel Weisz, Esq.
Segredo & Weisz
9350 South Dixie Highway, Suite 1500
Miami, FL 33156
(305) 670-3820

DATED: April 12, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party (by mail/by hand.

DATED: 4/12/05

-3-

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 05-00044

Wayne Daley, Nadine Daley
and MDL Fishing LLC

........................................................., Plaintiff(s)

v.

Twin Disc, Inc., Mann Engines and
Components, Inc., Ocean Yachts, Inc. and
Performance Diesel, Inc., Defendant(s)

## SUMMONS

To the above-named Defendant: Ocean Yachts, Inc.

You are hereby summoned and required to serve upon Joseph P. Crimmins, Posternak Blankstein & Lund LLP, Prudential Tower, 800 Boylston Street, plaintiff's attorney, whose address is/ Boston, MA 02199........................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at ......Boston....the ....11th..........

day of March............................, in the year of our Lord two thousand and ..five......................

_____Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS:                            SUPERIOR COURT
                                                         NO.

WAYNE DALEY,
NADINE DALEY and
MDL FISHING LLC

V.

COPY
05 00044

TWIN DISK, INC.
MANN ENGINES AND COMPONENTS, INC.
OCEAN YACHTS, INC. and
PERFORMANCE DIESEL, INC.

## COMPLAINT

1. The plaintiffs, Wayne and Nadine Daley, reside at 27 Trayer Road, Canton, Massachusetts 02021, County of Norfolk.

2. The plaintiff, MDL Fishing LLC is a Massachusetts limited liability corporation with a principal place of business at 27 Trayer Road, Canton, Massachusetts 02021, County of Norfolk.

3. The defendant, Performance Diesel, Inc. is a Texas corporation with a principal place of business at 12707 North Freeway, Suite 590, Houston, Texas 47060.

4. The defendant, Ocean Yachts, Inc. is a New Jersey corporation with a principal place of business at Route 563, Egg Harbor, New Jersey 08215.

5. Twin Disk, Inc. is a Wisconsin corporation with a principal place of business at 1328 Racine Street, Racine, Wisconsin 53403.

ID # 415448v01/14236-2/ 01.05.2005

6. MANN Engines and Components, Inc. is a Foreign Profit corporation with a principal place of business at Plaza Centre North at Pompano Business Park, 591 Southwest 13th Terrace, Pompano Beach, Florida 33069.

7. Venue is proper in this jurisdiction as the plaintiffs are residents of Canton, County of Norfolk, Massachusetts.

8. This Court has jurisdiction over the defendants under the Massachusetts Long Arm Statute, MGL c. 231. All of the defendants engage in a substantial amount of business in Massachusetts and derive substantial revenue therefrom. In addition, each defendant specifically undertook a direct business relationship with the plaintiffs in Massachusetts and sent employees and agents to Massachusetts to perform the actions described herein.

9. In or about July, 1999, the Daley's purchased an Ocean 84 Supersport Yacht from Oyster Harbors Yachts, a dealer in Osterville, Massachusetts.

10. The Daley's chose to equip their yacht with twin MANN 8 cylinder 800 horsepower diesel engines. The Daley's decision was based on information contained in various sales and marketing brochures, as well as specific representations from Ocean Yacht, and the dealer that these were quality engines and that they were compatible with the Ocean 48 yacht.

11. Within approximately one year following their purchase, the Daley's experienced problems with their yacht including, but not limited to, black smoke and soot in the transom and interior of the yacht, failure of torsion couplings, hub notching and wear of aluminum clutch pistons.

12. The engines and the transmission were covered by various warranties issued by MANN, Twin Disc and Ocean Yacht.

13. Beginning in October or November, 2000, attempts at repairing the problems began on the Daley's yacht by MANN, Twin Disk, Ocean Yachts, and Performance Diesel, and their agents. Before and during each purported repair, each of the defendants represented to the Daley's that the work to be done would solve the problems the Daley's were experiencing.

14. As set forth below, not only did the defendants fail to make the repairs that they promised the Daley's that they would make, their actions made the problems the Daley's were experiencing worse than they were before the defendants' attempted repair, and created new problems, all of which exist presently.

(a) In October-November, 2000, defendant MANN and Twin Diesel rebuilt the transmission on the Daley's yacht, including adding new couplers to the yacht. The Daley's were told by MANN and Twin Diesel that these repairs would solve the problems. Notwithstanding the representation made by MANN and Twin Diesel that this work would solve the problems, the problems were worse at different RPM's and did not improve at other RPM's, following this work. In addition, new problems, involving extensive and structurally damaging vibrations began after this work was performed.

(b) In May and June, 2001 Ocean Yachts and MANN installed new injector pumps. Ocean and MANN represented that the new injector pumps would solve the vibration problems. To the contrary, sea trials undertaken following the installation of the new injector pumps revealed that the vibrations were substantially worse than before the repair work.

(c) In November, 2001, Ocean Yachts performed a new alignment on the transmission, representing that this would solve the problems. As before the representations that the new alignment would work did not prove true, and the vibrations experience on the yacht continued to become more significant.

ID # 415448v01/14236-2/ 01.05.2005

-3-

(d) In February, 2002 through March, 2002, additional work was done by MANN including replacing the couplers and other transmission work. Again, contrary to the representations made by MANN, the vibration problems increased following the work done.

(e) In the summer of 2003, additional injector pumps were replaced by MANN and Ocean Yachts. Not only did the vibrations get worse, but the amount of smoke that is produced by the engines and enters the interior of the cabin is worse.

(f) In 2000 and again in 2002, Twin Disc performed work on the transmissions and transmission couplers, representing to the plaintiffs each time that this would solve the vibration problems. Following this work, the vibrations were worse than before this work

15. The Daly's relied on promises made by each of the defendants at the time each repair was performed, that they would fix the problem with the next repair by not taking legal or other action.

16. As a result of the defendants' actions, the Daley's have been substantially damaged, including but not limited to, loss use of their yacht, repair costs, loss in value to their yacht, and time away from their businesses.

## COUNT I

(Breach of Contract Against All Defendants)

17. The plaintiffs repeat and realleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

18. The plaintiffs had agreements, both expressed and implied, in writing and orally with each of the defendants that each of the repairs that they claim they would undertake would solve the problems that the Daley's were experiencing with their yacht.

ID # 415448v01/14236-2/ 01.05.2005

19. The Daley's paid valid consideration in exchange for the repairs undertaken by each of the defendants.

20. The plaintiffs performed all of their obligations under their agreements with the defendants.

21. The defendants breached their agreements with the plaintiffs by failing to make the repairs promised, causing further damage to the yacht, and by misrepresenting that future repairs would solve the new problems.

22. As a result of the defendants' breach of their obligations, the plaintiffs have suffered substantial damages.

WHEREFORE, the plaintiffs demand that this Court:

1. Grant the relief sought above;

2. Determine plaintiffs' damages and award judgment against the defendants in an appropriate amount, plus interest and costs;

3. Grant such other and further relief as is reasonable and just.

### JURY DEMAND

The plaintiffs hereby demand a trial by jury on all issues so triable.

WAYNE DALEY,
NADINE DALEY and
MDL FISHING LLC,
By their attorneys,

_____
Joseph P. Crimmins, BBO # 556582
Posternak, Blankstein & Lund LLP
800 Boylston Street
Boston, MA 02199
(617) 973-6100

ID # 415448v01/14236-2/ 01.05.2005

Commonwealth of Massachusetts
County of Norfolk
The Superior Court

CIVIL DOCKET # NOCV2005-00044-C

RE: Daley et al v Twin Disk Inc et al

TO: Joseph P Crimmins, Esquire
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston St
Boston, MA 02199-2723

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION

| Stage | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/11/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/10/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/10/2005 |
| All motions under MRCP 15 filed | 06/10/2005 |
| All discovery requests and depositions completed | 11/07/2005 |
| All motions under MRCP 56 served and heard | 12/07/2005 |
| Final pre-trial conference held and/or firm trial date set | 01/06/2006 |
| Case disposed | 03/07/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session "C" sitting in CtRm 20 Norfolk Superior Court.

Dated: 01/11/2005

Walter F. Timilty
Clerk of the Court

Location: CtRm 20
Telephone:

BY:
Assistant Clerk

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic
545961 notsent packerma

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Daley et al v. Twin Disc, Inc., et al

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   X   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05 10720 RWZ

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___   NO  X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___   NO  X
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___   NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___   NO  X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES  X    NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION  X     CENTRAL DIVISION ___    WESTERN DIVISION ___

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Howard M. Brown, Esq., Bartlett Hackett Feinberg PC
ADDRESS           10 High Street, Suite 920, Boston, MA 02110
TELEPHONE NO.     (617) 422-0200

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Wayne Daley, Nadine Daley and MDL Fishing LLC

**DEFENDANTS**

Twin Disc, Inc., Mann Engines and Components, Inc., Ocean Yachts, Inc., and Performance Diesel, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph P. Crimmins
Posternak Blankstein & Lund LLP
800 Boylston Street
Boston, MA  02199

ATTORNEYS (IF KNOWN)  For Ocean Yachts, Inc.
Howard M. Brown
Bartlett Hackett Feinberg P.C.
10 High Street, Suite 920
Boston, MA  02110

05 10720 RWZ

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Removal pursuant to 28 U.S.C. 1441 and 1446, due to diversity, 28 U.S.C. 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 850,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____