```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF MASSACHUSETTS

                         CIVIL ACTION NO: 1:05-cv-10720-RWZ
```

```
* * * * * * * * * * * * * * * *
                               *
WAYNE DALEY, NADINE DALEY      *
and MDL FISHING LLC,           *
     Plaintiffs,               *
                               *
                               *
v.                             *
                               *
TWIN DISK, INC.,               *
MANN ENGINES AND               *
COMPONENTS, INC. and           *
OCEAN YACHTS, INC.,            *
     Defendants.               *
                               *
                               *
* * * * * * * * * * * * * * * *
```

## ANSWER AND JURY CLAIM OF THE DEFENDANT, TWIN DISK, INC., TO THE PLAINTIFFS' COMPLAINT

The defendant, Twin Disk, Inc., whose true name is Twin Disc, Inc., in the above-captioned matter, hereby makes this its answer to the plaintiffs' complaint.

### FIRST DEFENSE

1. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiffs to prove the same.

2. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and calls upon the plaintiffs to prove the same.

3. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and calls upon the plaintiffs to prove the same.

4. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4 and calls upon the plaintiffs to prove the same.

5. The defendant admits that Twin Disc, Inc. is a Wisconsin corporation with a principal place of business at 1328 Racine Street, Racine, Wisconsin 53403.

6. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and calls upon the plaintiffs to prove the same.

7. The defendant states that Paragraph 7 calls for a legal conclusion and therefore no response is required. To the extent a response is required, the defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and calls upon the plaintiffs to prove the same

8. The states that Paragraph 8 calls for a legal conclusion and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in paragraph 8.

9. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and calls upon the plaintiffs to prove the same.

10. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and calls upon the plaintiffs to prove the same.

11. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and calls upon the plaintiffs to prove the same.

12. The defendant admits that it warrants its products. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and calls upon the plaintiffs to prove the same.

13. The defendant admits that it serviced the plaintiff's yacht in the fall of 2000. The defendant denies the remainder of the allegations contained in paragraph 13 to the extent said allegations are directed to Twin Disc, Inc.

14. The defendant denies the allegations contained in paragraph 14, including subparts a through f, directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required; however, in the event that these allegations are read to be applicable to it, the defendant denies the allegations contained therein.

15. The defendant denies the allegations contained in paragraph 15 directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required; however, in the event that these allegations are read to be applicable to it, the defendant denies the allegations contained therein.

16. The defendant denies the allegations contained in paragraph 16 directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required; however, in the event that these allegations are read to be applicable to it, the defendant denies the allegations contained therein.

WHEREFORE, the defendant demands that the plaintiffs' complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

### COUNT I

17. The defendant incorporates herein by reference its answers to paragraphs 1 through 16 and makes them its answer to paragraph 17 of Count I.

18. The defendant denies the allegations contained in paragraph 18 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required; however, in the event that these allegations are read to be applicable to it, the defendant denies the allegations contained therein.

19. The defendant denies the allegations contained in paragraph 19 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required; however, in the event that these allegations are read to be applicable to it, the defendant denies the allegations contained therein.

20. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Count I and calls upon the plaintiffs to prove the same.

21. The defendant denies the allegations contained in paragraph 21 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required; however, in the event that these allegations are read to be applicable to it, the defendant denies the allegations contained therein.

22. The defendant denies the allegations contained in paragraph 22 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required; however, in the event that these allegations are read to be applicable to it, the defendant denies the allegations contained therein.

WHEREFORE, the defendant demands that the plaintiffs' complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

### SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

### THIRD DEFENSE

And further answering, the defendant says that if the plaintiffs prove that the defendant was negligent as alleged, the plaintiffs were negligent to a greater degree than the defendant and are barred from recovery.

### FOURTH DEFENSE

And further answering, the defendant says that the cause of action is barred by reason of the Statute of Limitations.

### FIFTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

### SIXTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

<u>SEVENTH DEFENSE</u>

And further answering, the defendant says that to the extent that it had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

<u>EIGHTH DEFENSE</u>

And further answering, the defendant says that it denies liability for any implied warranty.

<u>NINTH DEFENSE</u>

And further answering, the defendant says that the court does not have personal jurisdiction over the defendant, wherefore, the defendant requests that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

<u>TENTH DEFENSE</u>

And further answering, the defendant says that its products conformed to the state-of-the art for design, warning and manufacture of similar products.

<u>ELEVENTH DEFENSE</u>

And further answering, the defendant says that if any property of the plaintiffs was damaged by any actions of the defendant, which the defendant denies, said actions were unintentional and without malice, wherefore, the plaintiffs are barred from recovery.

<u>JURY CLAIM</u>

THE DEFENDANT HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

By its attorneys,

<u>/s/ Richard J. Shea</u>
Richard J. Shea, BBO #456310
Megan E. Kures, BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

Date: May 25, 2005

## CERTIFICATE OF SERVICE

I, Richard J. Shea, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Joseph P. Crimmins
POSTERNAK, BLANKSTEIN & LUND
Prudential Tower
800 Boylston Street
Boston, MA 02199-4915

Harold M. Brown
BARTLETT, HACKETT, FEINBERG, P.C.
10 High Street, Suite 920
Boston, MA 02110

Michel O. Weisz
Segredo & Weisz
Suite 1500
9350 South Dixie Highway
Miami, FL 33156

Francis J. Lynch, III
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

/s/ Richard J. Shea
Richard J. Shea

Date:  May 25, 2005