UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10720-RWZ

| | |
|---|---|
| WAYNE DALEY, | ) |
| NADINE DALEY and | ) |
| MDL FISHING LLC | ) |
| | ) |
| V. | ) |
| | ) |
| TWIN DISC, INC. | ) |
| MANN ENGINES AND | ) |
| COMPONENTS, INC. | ) |
| OCEAN YACHTS, INC. and | ) |
| PERFORMANCE DIESEL, INC. | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

1.     The plaintiffs, Wayne and Nadine Daley, reside at 27 Trayer Road, Canton, Massachusetts 02021, County of Norfolk.

2.     The plaintiff, MDL Fishing LLC is a Massachusetts limited liability corporation with a principal place of business at 27 Trayer Road, Canton, Massachusetts 02021, County of Norfolk.

3.     The defendant, Performance Diesel, Inc. is a Texas corporation with a principal place of business at 12707 North Freeway, Suite 590, Houston, Texas 47060.

4.     The defendant, Ocean Yachts, Inc. is a New Jersey corporation with a principal place of business at Route 563, Egg Harbor, New Jersey 08215.

ID # 438375v01/14236-2/ 04.06.2006

5.      Twin Disk, Inc. is a Wisconsin corporation with a principal place of business at 1328 Racine Street, Racine, Wisconsin 53403.

6.      MANN Engines and Components, Inc. is a Foreign Profit corporation with a principal place of business at Plaza Centre North at Pompano Business Park, 591 Southwest 13th Terrace, Pompano Beach, Florida 33069.

7.      Venue is proper in this jurisdiction as the plaintiffs are residents of Canton, County of Norfolk, Massachusetts.

8.      This Court has jurisdiction over the defendants under the Massachusetts Long Arm Statute, MGL c. 231. All of the defendants engage in a substantial amount of business in Massachusetts and derive substantial revenue therefrom. In addition, each defendant specifically undertook a direct business relationship with the plaintiffs in Massachusetts and sent employees and agents to Massachusetts to perform the actions described herein.

9.      In or about July, 1999, the Daley's purchased an Ocean 84 Supersport Yacht from Oyster Harbors Yachts, a dealer in Osterville, Massachusetts.

10.     The Daley's chose to equip their yacht with twin MANN 8 cylinder 800 horsepower diesel engines. The Daley's decision was based on information contained in various sales and marketing brochures, as well as specific representations from Ocean Yacht, and the dealer that these were quality engines and that they were compatible with the Ocean 48 yacht.

11.     Within approximately one year following their purchase, the Daley's experienced problems with their yacht including, but not limited to, black smoke and soot in the transom and interior of the yacht, failure of torsion couplings, hub notching and wear of aluminum clutch pistons.

12.    The engines and the transmission were covered by various warranties issued by MANN, Twin Disc and Ocean Yacht.

13.    Beginning in October or November, 2000, attempts at repairing the problems began on the Daley's yacht by MANN, Twin Disk, Ocean Yachts, and Performance Diesel, and their agents. Before and during each purported repair, each of the defendants represented to the Daley's that the work to be done would solve the problems the Daley's were experiencing.

14.    As set forth below, not only did the defendants fail to make the repairs that they promised the Daley's that they would make, their actions made the problems the Daley's were experiencing worse than they were before the defendants' attempted repair, and created new problems, all of which exist presently.

(a)    In October-November, 2000, defendant MANN and Twin Diesel rebuilt the transmission on the Daley's yacht, including adding new couplers to the yacht. The Daley's were told by MANN and Twin Diesel that these repairs would solve the problems. Notwithstanding the representation made by MANN and Twin Diesel that this work would solve the problems, the problems were worse at different RPM's and did not improve at other RPM's, following this work. In addition, new problems, involving extensive and structurally damaging vibrations began after this work was performed.

(b)    In May and June, 2001 Ocean Yachts and MANN installed new injector pumps. Ocean and MANN represented that the new injector pumps would solve the vibration problems. To the contrary, sea trials undertaken following the installation of the new injector pumps revealed that the vibrations were substantially worse than before the repair work.

(c)    In November, 2001, Ocean Yachts performed a new alignment on the transmission, representing that this would solve the problems. As before the representations that

the new alignment would work did not prove true, and the vibrations experience on the yacht continued to become more significant.

(d)     In February, 2002 through March, 2002, additional work was done by MANN including replacing the couplers and other transmission work.    Again, contrary to the representations made by MANN, the vibration problems increased following the work done.

(e)     In the summer of 2003, additional injector pumps were replaced by MANN and Ocean Yachts.  Not only did the vibrations get worse, but the amount of smoke that is produced by the engines and enters the interior of the cabin is worse.

(f)     In 2000 and again in 2002, Twin Disc performed work on the transmissions and transmission couplers, representing to the plaintiffs each time that this would solve the vibration problems. Following this work, the vibrations were worse than before this work

15.     The Daly's relied on promises made by each of the defendants at the time each repair was performed, that they would fix the problem with the next repair by not taking legal or other action.

16.     As a result of the defendants' actions, the Daley's have been substantially damaged, including but not limited to, loss use of their yacht, repair costs, loss in value to their yacht, and time away from their businesses.

## COUNT I
### (Breach of Contract Against All Defendants)

17.     The plaintiffs repeat and realleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

ID # 438375v01/14236-2/ 04.06.2006

-4-

18.    The plaintiffs had agreements, both expressed and implied, in writing and orally with each of the defendants that each of the repairs that they claim they would undertake would solve the problems that the Daley's were experiencing with their yacht.

19.    The Daley's paid valid consideration in exchange for the repairs undertaken by each of the defendants.

20.    The plaintiffs performed all of their obligations under their agreements with the defendants.

21.    The defendants breached their agreements with the plaintiffs by failing to make the repairs promised, causing further damage to the yacht, and by misrepresenting that future repairs would solve the new problems.

22.    As a result of the defendants' breach of their obligations, the plaintiffs have suffered substantial damages.

## COUNT II
### (Violation of Mass.Gen.Laws, c. 93A)

23.    The plaintiffs repeat and realleges the allegations contained in paragraphs 1-22 as if fully set forth herein.

24.    Defendants' actions, as set forth above, constitute unfair or deceptive acts or practices in trade or commerce, in violation of *Mass. Gen. Laws,* c. 93A, § 2, are actionable in accordance with *Mass. Gen. Laws,* c. 93A, §§ 9 and 11, have damaged the plaintiffs, and were engaged in willfully and knowingly, for which the defendants are liable for the plaintiffs' actual damages and multiple damages, costs, and attorneys' fees, in accordance with the statute.

25.    Defendants have been served with a demand letter pursuant to M.G.L. c. 93A and have failed to make a reasonable offer of settlement.

WHEREFORE, the plaintiffs demand that this Court:

1.    Grant the relief sought above;

2.    Determine plaintiffs' damages and award judgment against the defendants in an appropriate amount, plus interest and costs;

3.    Grant such other and further relief as is reasonable and just.

## JURY DEMAND

The plaintiffs hereby demand a trial by jury on all issues so triable.

> The Plaintiffs,
> WAYNE DALEY, NADINE DALEY AND
> MDL FISHING, LLC
> By their attorneys,
>
> /s/ Joseph P. Crimmins
> Joseph P. Crimmins, BBO # 556582
> Posternak Blankstein & Lund LLP
> Prudential Tower
> 800 Boylston Street
> Boston, MA  02199
> Tel:    617-973-6100
> Fax:    617-722-4915
> jcrimmins@pbl.com

## CERTIFICATE OF SERVICE

I, Joseph P. Crimmins hereby certify that on this 6th day of April, 2006, I caused a copy of the above **Amended Complaint** to be **electronically mailed** to:

Michel O. Weisz
Segredo & Weisz
Suite 1500
9350 South Dixie Highway
Miami, FL  33156
Tel:    (305) 670-3820
Fax:    (305) 670-8230
moweisz@aol.com

Howard Brown, BBO #
Bartlett Hackett Feinberg, P.C.
10 High Street, Suite 920
Boston, MA  02110
Tel:    (617) 422-0200
Fax:    (617) 422-0383
hmb@bostonbusinesslaw.com

ID # 438375v01/14236-2/ 04.06.2006

Francis J. Lynch, III, BBO #
J. Gary Bennett, BBO #
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
Tel:    (508) 230-2500
Fax:    (508) 230-2510
gbennett@lynchlynch.com

Richard J. Shea, BBO #
Megan Kures
Melick Porter & Shea
28 State Street, 22nd Floor
Boston, MA 02108
Tel:    (617) 523-6200
Fax:    (617) 617-523-8130
rshea@melicklaw.com
mkures@melicklaw.com

/s/ Joseph P. Crimmins
Joseph P. Crimmins