UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WAYNE DALEY, NADINE DALEY, )
and MDL FISHING LLC, )
    Plaintiffs, )
)
v. )
) Civil Action No.: 05 -CV-10720-RWZ
)
TWIN DISC, INC., MANN ENGINES )
AND COMPONENTS, INC., OCEAN )
YACHTS, INC., and PERFORMANCE )
DIESEL, INC., )
    Defendants. )

## OCEAN YACHTS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

Ocean Yachts, Inc. ("Ocean Yachts") requests that this Court enter an order dismissing Count II of the Amended Complaint (violation of Mass.Gen.Laws. Ch. 93A) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, for failure to comply with a statutory condition precedent, for lack of standing with regard to MDL Fishing LLC, and as grounds states:

1. The Plaintiffs, Wayne Daley, Nadine Daley, and MDL Fishing LLC, have amended their complaint in order to assert an additional claim for breach of the Massachusetts Consumer Protection laws, Mass.Gen.Laws c. 93A.[1]

2. The Plaintiffs' Amended Complaint fails to allege a cause of action pursuant to either Mass.Gen.Laws. Ch. 93A § 11 (plaintiffs who are engaged in trade or commerce) or Mass.Gen.Laws. Ch. 93A § 9 (all other plaintiffs).

---

[1] Plaintiffs have improperly attempted to plead two separate causes of action, one for violating § 9 and one for violating § 11 of the consumer protection laws in one count (alleged in Count II of the Amended Complaint as Violation of Mass.Gen.Laws, c. 93A). *See*, Fed.R.Civ.P. 10(b).

3. Mass.Gen.Laws. Ch. 93A § 11 requires that a plaintiff alleging a claim under that statute be engaged in trade or commerce.

4. There is not a single allegation that any of the plaintiffs are engaged in trade or commerce.

5. Moreover, MDL Fishing LLC does not have standing to assert any section 11 claims since the Amended Complaint alleges that Wayne and Nadine Daley purchased the yacht, that it was the Daleys who relied on marketing brochures and representations made by Ocean Yachts, and that it was the Daleys who suffered damages as a result of the Defendants' actions (*Amended Complaint*, ¶9, 10, 13, 15, 16). There is not a single allegation describing how MDL Fishing LLC has been affected or damaged by any acts of the Defendant, or that MDL engaged in a commercial transaction with any of the Defendants.

6. A jurisdictional requirement for filing a claim under section 9, is the mailing of a demand letter 30 days before suit is brought. The demand letter in this matter was not sent until *after* the lawsuit was commenced and outside the four year statute of limitations governing the time period in which the action may be brought.[2] *See,* Mass. Gen. Law c.93A §9(3).

7. The Amended Complaint does not claim that the alleged violations of G.L. c. 93A took place "primarily and substantially" in Massachusetts. See G.L. c. 93A, § 11, eighth par. The burden of proof on this issue rests with the Plaintiffs. *Kuwaiti Danish Computer Co. v. Digital Equipment Corp.*, 438 Mass. 459, 470 (2003).

8. Lastly, the plaintiffs have failed as a matter of law to allege a violation of Mass.Gen.Laws. ch. 93A since all they have done is allege a breach of contract which generally does not give rise to a chapter 93A claim. *Den Norske Bank v. First Nat. Bank of Boston*, 836 F.Supp 19, 28 (D.Mass.

---

[2] In fact, even if the original Massachusetts state court action asserted a claim for violation of the consumer protection statutes, it too would have been time-barred.

1993).

WHEREFORE, Ocean Yachts, Inc. requests this Court enter an order dismissing the

        SEGREDO & WEISZ, P.A.
        9350 South Dixie Highway-Suite 1500
        Miami, Florida 33156
        (305) 670-3820 Telephone
        (305)670-8230 Facsimile

        By: /s/ Michel Ociacovski Weisz
        Michel Ociacovski Weisz, Esquire
        Fla.Bar.No.: 336939
        Attorney for Defendant Ocean Yachts

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2006, I served the foregoing document by electronic filing (ECF) or first class mail, postage prepaid, upon the following counsel of record:

Joseph P. Crimmins, Esq.
Jennifer L. Finger, Esq.
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

Richard J. Shea, Esq.
Megan Kures, Esq.
Melick Porter & Shea
28 State Street, 2nd Floor
Boston, MA  02108

Francis J. Lynch, III, Esq.
J. Gary Bennett, Esq.
Lynch & Lynch
45 Bristol Drive
South Easton MA 02375

Randy J. Spencer, Esq.
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston MA  02110

        /s/ Michel Ociacovski Weisz
        Michel Ociacovski Weisz
        Admitted Pro Hac Vice