UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

WAYNE DALEY, NADINE DALEY,   )
and MDL FISHING LLC,   )
      Plaintiffs,   )
   )
v.   )   Civil Action no.: 05 CV-10720-RWZ
   )
   )
TWIN DISC, INC., MANN ENGINES   )
AND COMPONENTS, INC., OCEAN   )
YACHTS, INC., and PERFORMANCE )
DIESEL, INC.,   )
      Defendants.   )
_____

**MEMORANDUM OF LAW IN SUPPORT OF OCEAN YACHTS, INC.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

The Plaintiffs, Wayne Daley, Nadine Daley, and MDL Fishing LLC, have amended their

complaint in order to assert a claim for breach of the Massachusetts Consumer Protection statute,

Mass. Gen. Laws c. 93A. Count II of the Amended Complaint should be dismissed pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be

granted, for failure to comply with a condition precedent, and for lack of standing with regard to

MDL Fishing LLC.

In Count II, the Plaintiffs have attempted to plead a cause of action pursuant to Mass. Gen.

Laws c. 93A. In paragraph 24 of the Amended Complaint, the Plaintiffs have alleged that the

Defendants' "actions" "are actionable in accordance with Mass. Gen. Laws, c. 93A, §§ 9 and 11..."

(Amended Complaint, ¶24).[1]

_____

[1] At the outset it is important to note that Plaintiffs have attempted to plead two separate
causes of action, one for violating § 9 of the statute and one for violating § 11 of the statute. The

However, sections 9 and 11 of Ch. 93A are separate and distinct causes of action available to different classes of plaintiffs, with separate jurisdictional conditions precedent which must be satisfied.

A § 11 plaintiff must be engaged in trade or commerce. Section 9 allows claims to be brought by a more expansive set of plaintiffs, but has the additional jurisdictional requirement of a *timely* demand letter.

"Sections 9 and 11 of ch. 93A provide private causes of action for violations of ch. 2, but for different classes of plaintiffs. A plaintiff under §9 is, '[a]ny person other than a person entitled to bring action under section 11 of this chapter...' A plaintiff under § 11 is, '[a]ny person who engages in the conduct of any trade or commerce...' All that is required for a plaintiff to fall within the ambit of § 11 is some transaction in a business context." *Kerlinsky v. Fidelity & Deposit Co.*, 690 F.Supp. 1112, 1117 (D.Mass. 1987).

Presently, there are three plaintiffs. They are Wayne Daley, in his individual capacity, Nadine Daley, in her individual capacity, and MDL Fishing, LLC. The only allegations of fact concerning any of these individuals or entities, or their standing to assert a claim under either section 9 or 11 of c. 93A, are found in paragraphs 1, 2, and 9 of the amended complaint.

1. The plaintiffs, Wayne and Nadine Daley, reside at 27 Trayer Road, Canton, Massachusetts 02021, County of Norfolk.

2. The Plaintiff, MDL Fishing LLC is a Massachusetts limited liability corporation with a principal place of business at 27 Trayer Road, Canton, Massachusetts 02021,

---

claims under the different sections have different standing requirements, different jurisdictional prerequisites and are premised on different underlying factual allegations. It is improper to plead separate claims in one count. *See,* Fed.R.Civ.P. 10(b).

County of Norfolk.

9.  In or about July, 1999, the Daleys purchased an Ocean 84 Supersport Yacht from Oyster Harbors Yachts, a dealer in Osterville, Masachusetts.

(Amended Complaint, ¶¶ 1, 2, 9).

As previously stated, under s. 11 of c. 93A, the class of plaintiffs who may bring a consumer protection claim  is limited to  "[a]ny person who engages in the conduct of any trade or commerce and who has suffered any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two, may as hereinafter provided, bring an action ..."  Mass.Gen.Laws c. 93A § 11.

Nowhere in the amended complaint do any of the plaintiffs make a single allegation that any of the plaintiffs are engaged in trade or commerce.  The only allegation is that MDL Fishing LLC is a limited liability corporation.  *See, amended complaint,* ¶2.

Mass.Gen.Law. C. 93A §11 states:  "No rights to equitable relief shall be created under this paragraph, nor shall a person asserting such a claim be able to assert any claim on behalf of other similarly injured and situated persons as provided in the preceding paragraph."  Mass.Gen.Law. C. 93A § 11.

Plaintiffs have alleged that it was Wayne and Nadine Daley who purchased the yacht (*Amended Complaint,* ¶9).  The amended complaint alleges that it was the Daleys who relied on marketing brochures and representations made by Ocean Yachts (*Amended Complaint,* ¶10, 13, 15). The amended complaint alleges that it was the Daleys who suffered damages as a result of the

Defendants' actions (*Amended Complaint,* ¶16).   There is not a single allegation that  MDL Fishing

LLC engaged in any type of business transaction with any of the Defendants, or that MDL  has been

affected or damaged by any acts of the Defendants.

Thus, even if the Court construes the plaintiffs' allegation in paragraph 2 (that MDL Fishing

LLC is a limited liability corporation) as an allegation that is engaged in trade or commerce, it still

cannot maintain a cause of action pursuant to §11 since there are no allegations of its standing to

bring a claim under ch. 93A § 11.   There is also no allegation that  MDL Fishing LLC engaged in a

"a commercial transaction between a person engaged in trade or  commerce [and] another person

engaged in trade or commerce," as required by Section 11.   *Szalla v. Locke,* 421 Mass. 448, 451

(1995). The Daleys cannot maintain a claim under § 11 because there is no allegation that they are

engaged in trade or commerce. Therefore, this Court should dismiss any cause of action brought by

any of the Plaintiffs pursuant to s. 11 of c. 93A.

With regard to section 9, the class of plaintiffs entitled to bring a claim pursuant to this section

was expanded in 1979 from "a class limited to direct purchasers and lessees to any person other than

those business persons with standing under §11."   *Lord v. Commercial Union Ins. Co.,* 60 Mass.

App. Ct. 309, 319 (2004).

"At least thirty days prior to the filing of any such action, a written demand for relief,

identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon

and the injury suffered, shall be mailed or delivered to prospective respondent."  Mass. Gen. Laws

c.93A §9(3).[2]

---

[2]  Apart from not being timely filed, the demand letter is fatally deficient because it does not notify the Defendants of who is pursuing the claim.  In the letter it is stated "this firm

The demand letter is jurisdictional in nature. "A demand letter is a jurisdictional prerequisite to suit." *In re Bushay,* 327 B.R. 695, 702 (1st Cir.BAP.Mass. 2005). "Accordingly, a claimant who fails to send any demand letter or who sends a legally insufficient demand letter will be denied recovery." *Id.*[3]

The plaintiff alleges that the yacht was purchased in July 1999. (*See, amended complaint,* ¶ 9). The original complaint, before removal, was filed in Massachusetts state court on March 11, 2005. The demand letter sent by Plaintiffs was mailed on June 21, 2005. Motion for leave to file the amended complaint was filed on July 22, 2005.

The statute of limitations under Mass.Gen.Laws, ch. 93 is four years. See, *Darvis v. Petros,* 59 Mass. App. Ct. 323, 327 (2003). Thus, the demand letter was sent approximately two years outside the time period prescribed by the statute of limitations and is time-barred. Moreover, even if the Court entertains any applicability of the relation back principle, the original state court complaint was also filed outside of four years from the date of the purchase.

Lastly, the plaintiffs have failed to plead any type of conduct that would be a violation of the consumer protection law. At most they have alleged that the defendants breached an agreement to

_____

represents Wayne Daley, Nadine Daley, and MDL Fishing LLC in connection with the problems they are experiencing with the Ocean 48 Super Sport..." (Exhibit A).

There have been no allegations that MDL Fishing LLC bought the vessel, used the vessel, what deceptive or unfair practices it relied on, or the type or extent of damages it incurred because of the Defendants' actions. In fact, all of the factual statements in the letter concern the Daleys, *individually.*

[3] Courts have held that the demand letter is not jurisdictional to the extent a Defendant waives the requirement. *See, Fredericks v. Rosenblatt,* 40 Mass.App.Ct. 713, 726-27 (1996); *Tarpey v. Crescent Ridge Dairy, Inc.,* 47 Mass.App.Ct. 380, 391-92 (1999).

repair the yacht despite repeated attempts to remedy the defects.

"The simple fact that a party knowingly breached a contract does not raise the breach to a level of a Chapter 93A violation, however." *Ahern v. Scholz*, 85 F.3d 774, 798 (1st Cir. 1996).

"A simple breach of a contract action generally does not give rise to a chapter 93A claim." *Den Norske Bank v. First Nat. Bank of Boston*, 836 F.Supp 19, 28 (D.Mass. 1993). The oft-cited conduct apart from the breach of contract must demonstrate "'a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.'" *Id.* at 28, quoting *Quaker State Oil Refining v. Garrity Oil Co.*, 884 F.2d 1510, 1513 (1st Cir. 1989). All plaintiffs have alleged is that "Defendants' actions, as set forth above, constitute unfair or deceptive acts or practices or practices in trade or commerce, in violation of *Mass. Gen. Laws*, c. 93A § 2, are actionable in accordance with *Mass. Gen. Laws*, c. 93A §§ 9 and 11, for which the defendants are liable for the plaintiffs' actual damages and multiple damages, costs, and attorneys' fees, in accordance with the statute." (*Amended Complaint*, ¶24). This fails to state a cause of action because Plaintiffs have alleged no facts supporting a claim other than that the plaintiffs' actions were "willful", "knowing" or divorced from a garden variety breach of contract.

"Although whether a particular set of acts, in their factual setting, is unfair or deceptive is a question of fact, the boundaries of what may qualify for consideration as a [Chapter] 93A violation is a question of law." *Ahern v. Scholz*, 85 F.3d at 797.

The test is whether:

> [t]here is in those cases a constant pattern of the use of a breach of contract as a lever to obtain advantage for the party committing the breach of in relation to the other party; i.e., the breach of contract has an extortionate quality that gives it the rancid flavor of unfairness. In the absence of conduct having that quality, a failure to

perform obligations under a written lease, even though deliberate and for reasons of self-interest, does not present an occasion for invocation of [Chapter] 93A remedies.

*Ahern v. Scholz*, 85 F.3d at 799, quoting *Atkinson v. Rosenthal*, 33 Mass. App.Ct. 219 (1992).

Plaintiffs have made no allegations of any facts that demonstrate some action taken by Ocean Yachts that would satisfy any of these standards.  There has been no allegation of "rascality," no allegation that the breach was extortionate, no allegation that such conduct had some "rancid flavor of unfairness."  In fact, the plaintiffs have alleged that the defendants undertook repeated efforts to repair the alleged defects.  (*Amended complaint*, ¶¶13, 14). Thus, Plaintiffs' consumer protection claims cannot survive as a matter of law.

Finally, the Amended Complaint does not claim that the alleged violations of G.L. c. 93A took place  "primarily and substantially" in Massachusetts. See G.L. c. 93A, § 11, eighth par. The burden of proof on this issue rests with the Plaintiffs. *Kuwaiti Danish Computer Co. v. Digital Equipment Corp.*, 438 Mass. 459, 470 (2003). The issue is whether "the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." Id. at 473. Unless the Plaintiffs can allege that this requirement is satisfied, the claim should be dismissed.

For all of the foregoing, this Court should dismiss count II of the amended complaint.

WHEREFORE, Ocean Yachts, Inc. requests this Court enter an order dismissing the Plaintiffs' amended complaint.

SEGREDO & WEISZ, P.A.
9350 South Dixie Highway-Suite 1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305)670-8230 Facsimile

By: /s/ Michel Ociacovski Weisz
Michel Ociacovski Weisz, Esquire
Fla.Bar.No.: 336939
Attorney for Defendant Ocean Yachts

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2006, I served the foregoing document by electronic filing (if applicable) or  first class mail, postage prepaid, upon the following counsel of record:

| | |
|---|---|
| Joseph P. Crimmins, Esq. | Francis J. Lynch, III, Esq. |
| Jennifer L. Finger, Esq. | J. Gary Bennett, Esq. |
| Posternak Blankstein & Lund LLP | Lynch & Lynch |
| Prudential Tower | 45 Bristol Drive |
| 800 Boylston Street | South Easton MA 02375 |
| Boston, MA 02199 | |
| | Randy J. Spencer, Esq. |
| Richard J. Shea, Esq. | Hermes, Netburn, O'Connor & Spearing |
| Megan Kures, Esq. | 265 Franklin Street |
| Melick Porter & Shea | 7th Floor |
| 28 State Street, 2nd Floor | Boston MA   02110 |
| Boston, MA   02108 | |


 /s/ Michel Ociacovski Weisz
Michel Ociacovski Weisz
Admitted Pro Hac Vice