UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| WAYNE DALEY, NADINE DALEY and MDL FISHING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TWIN DISK, INC., MANN ENGINES AND COMPONENTS, INC., OCEAN YACHTS, INC., and PERFORMANCE DIESEL, INC., <br><br> Defendants. | Civil Action No. 05-10720 RWZ |

**DEFENDANT, MAN ENGINES & COMPONENTS, INC.'S
ANSWER TO THE PLAINTIFFS' AMENDED COMPLAINT**

Defendant MAN Engines & Components, Inc. ("MAN Engines"), misnamed "MANN Engines and Components, Inc.," by and through counsel, answers the Plaintiffs' Amended Complaint as follows:

1. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. MAN Engines admits the allegations contained in Paragraph 3 of the Complaint.

4. MAN Engines admits the allegations contained in Paragraph 4 of the Complaint.

5. MAN Engines admits the allegations contained in Paragraph 5 of the Complaint.

6. MAN Engines admits that it is a Delaware corporation with a principal place of business at Plaza Center North at Pompano Business Park, 591 Southwest 13th Terrace, Pompano

       Beach, Florida.  MAN Engines denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. MAN Engines denies the allegations contained in Paragraph 8 of the Complaint.

9. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. MAN Engines admits that its engines were covered by a warranty, the terms and conditions of which speak for themselves.  MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint.

13. MAN Engines denies the allegations contained in Paragraph 13 to the extent they relate to MAN Engines.  MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint.

14. MAN Engines denies the allegations contained in Paragraph 14 to the extent they relate to MAN Engines.  MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

    a.    MAN Engines denies the allegations contained in Paragraph 14(a) to the extent they relate to MAN Engines. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14(a) of the Complaint.

    b.    MAN Engines denies the allegations contained in Paragraph 14(b) to the extent they relate to MAN Engines. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14(b) of the Complaint.

    c.    MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14(c) of the Complaint.

    d.    MAN Engines denies the allegations contained in Paragraph 14(d) of the Complaint.

    e.    MAN Engines denies the allegations contained in Paragraph 14(e) to the extent they relate to MAN Engines. MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14(e) of the Complaint.

    f.    MAN Engines is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14(f) of the Complaint.

15.    MAN Engines denies the allegations contained in Paragraph 15 of the Complaint.

16.    MAN Engines denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT I
### BREACH OF CONTRACT AGAINST ALL DEFENDANTS

17. MAN Engines incorporates by reference its Answer to Paragraphs 1 through 16 as if set fully forth herein.

18. MAN Engines denies the allegations contained in Paragraph 18 of the Complaint.

19. MAN Engines denies the allegations contained in Paragraph 19 of the Complaint.

20. MAN Engines denies the allegations contained in Paragraph 20 of the Complaint.

21. MAN Engines denies the allegations contained in Paragraph 21 of the Complaint.

22. MAN Engines denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT II
### VIOLATION OF MASS. GEN. LAWS. CH. 93A

23. MAN Engines incorporates by reference its Answer to Paragraphs 1 through 22 as if set fully forth herein.

24. MAN Engines denies the allegations contained in Paragraph 24 of the Complaint.

25. MAN Engines admits that it received a purported Chapter 93A demand letter dated June 21, 2005 and states that the content of that letter speaks for itself. MAN Engines denies the remaining allegations contained in Paragraph 25 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

MAN Engines states that the Plaintiffs' Complaint should be dismissed for misnomer of a party Defendant.

### SECOND AFFIRMATIVE DEFENSE

MAN Engines states that the Plaintiffs' Complaint should be dismissed for insufficiency of process.

### THIRD AFFIRMATIVE DEFENSE

MAN Engines states that the Plaintiffs' Complaint should be dismissed for insufficiency of service of process.

### FOURTH AFFIRMATIVE DEFENSE

MAN Engines states that the Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

MAN Engines states that this action was not commenced within the time prescribed by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

MAN Engines states that the Plaintiffs' warranty claims fail for lack of notice.

### SEVENTH AFFIRMATIVE DEFENSE

MAN Engines states that it has performed and fulfilled all promises and obligations arising under all applicable warranties and that, therefore, the Plaintiffs are barred from recovery against MAN Engines.

### EIGHTH AFFIRMATIVE DEFENSE

MAN Engines states that, to the extent it had any obligations to the Plaintiffs, such obligations have been fully, completely and properly performed in every respect.

### NINTH AFFIRMATIVE DEFENSE

MAN Engines states that the damages alleged by the Plaintiffs were not caused by the acts of any person for whose conduct MAN Engines was legally responsible.

### TENTH AFFIRMATIVE DEFENSE

MAN Engines states that the Plaintiffs' claim is barred by the statute of frauds with respect to any allegations of an oral agreement between the Plaintiffs and MAN Engines.

### ELEVENTH AFFIRMATIVE DEFENSE

MAN Engines did not violate Mass. Gen. Laws ch. 93A because causation *and* damages must be proven before liability becomes clear.

### TWELFTH AFFIRMATIVE DEFENSE

MAN Engines did not knowingly or willfully violate the provisions of Mass. Gen. Laws ch. 93A.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are not entitled to double or treble damages because MAN Engines responded to the Plaintiff's purported Chapter 93A demand letter and made a reasonable offer of settlement, despite the fact that causation and damages have not been proven.

### FOURTEENTH AFFIRMATIVE DEFENSE

MAN Engines reserves the right to supplement the foregoing Affirmative Defenses to the extent allowed by law and to the extent that additional defenses are revealed during discovery.

                                        **MAN ENGINES & COMPONENTS, INC.**,
                                        By its attorneys,


                                        _____/s/ Randy J. Spencer_____
                                        Peter G. Hermes, BBO No. 231840
                                        Randy J. Spencer, BBO No. 653879
                                        HERMES, NETBURN, O'CONNOR
                                         & SPEARING, P.C.
                                        265 Franklin Street, Seventh Floor
                                        Boston, MA  02109-5407
                                        (617) 728-0050
Dated:  April 18, 2006            (617) 728-0052 (F)


### CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


                                        ____/s/ Randy J. Spencer_____
                                        Randy J. Spencer

G:\DOCS\RJS\Man Engine\Daley 15760\Pleadings\Amended Answer 4.07.06.doc