UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

WAYNE DALEY, NADINE DALEY and MDL FISHING LLC,
Plaintiffs,

v.

TWIN DISC, INC., MANN ENGINES AND COMPONENTS, INC. and OCEAN YACHTS, INC.,
Defendants.

ANSWER AND JURY CLAIM OF THE DEFENDANT, TWIN DISC, INC., TO THE PLAINTIFFS' AMENDED COMPLAINT

The defendant, Twin Disc, Inc., in the above-captioned matter, hereby makes this its answer to the plaintiffs' amended complaint.

FIRST DEFENSE

1. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiffs to prove the same.

2. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and calls upon the plaintiffs to prove the same.

3. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and calls upon the plaintiffs to prove the same.

4. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4 and calls upon the plaintiffs to prove the same.

5. The defendant admits the allegations contained in paragraph 5.

6. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and calls upon the plaintiffs to prove the same.

7. The defendant states that Paragraph 7 calls for a legal conclusion and therefore no response is required.

8. The states that Paragraph 8 calls for a legal conclusion and therefore no response is required.

9. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and calls upon the plaintiffs to prove the same.

10. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and calls upon the plaintiffs to prove the same.

11. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and calls upon the plaintiffs to prove the same.

12. The defendant admits that its transmission are covered by a warranty, the terms and conditions of which speak for themselves. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and calls upon the plaintiffs to prove the same.

13. The defendant admits that it serviced the plaintiffs' yacht in the fall of 2000. The defendant denies the remainder of the allegations contained in paragraph 13 to the extent said allegations are directed to Twin Disc, Inc.

14. The defendant admits that it rebuilt the transmissions on the plaintiffs' yacht in October-November 2000 and that it performed further work on the transmissions in 2002. The defendant denies the remaining allegations contained in paragraph 14, including subparts a through f, that are directed at Twin Disc, Inc. The remaining allegations are not directed to Twin

Disc, Inc. and therefore no response is required.

15. The defendant denies the allegations contained in paragraph 15 directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required.

16. The defendant denies the allegations contained in paragraph 16 directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required.

WHEREFORE, the defendant demands that the plaintiffs' amended complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

**COUNT I**

17. The defendant incorporates herein by reference its answers to paragraphs 1 through 16 and makes them its answer to paragraph 17 of Count I.

18. The defendant denies the allegations contained in paragraph 18 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required.

19. The defendant denies the allegations contained in paragraph 19 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required.

20. The defendant denies the allegations contained in paragraph 20 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required.

21. The defendant denies the allegations contained in paragraph 21 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required.

22. The defendant denies the allegations contained in paragraph 22 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required.

WHEREFORE, the defendant demands that the plaintiffs' amended complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

**COUNT II**

23. The defendant incorporates herein by reference its answers to paragraphs 1 through 22 and makes them its answer to paragraph 23 of Count II.

24. The defendant denies the allegations contained in paragraph 24 of Count I directed to Twin Disc, Inc. The remaining allegations are not directed to Twin Disc, Inc. and therefore no response is required.

25. The defendant admits that it received a demand letter purportedly sent pursuant to M.G.L. c. 93A. The defendant denies the remaining allegations contained in paragraph 25 of Count II directed to Twin Disc, Inc.

WHEREFORE, the defendant demands that the plaintiffs' amended complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

THIRD DEFENSE

And further answering, the defendant says that if the plaintiffs prove that the defendant was negligent as alleged, the plaintiffs were negligent to a greater degree than the defendant and are barred from recovery.

FOURTH DEFENSE

And further answering, the defendant says that the cause of action is barred by reason of the Statute of Limitations.

FIFTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

SIXTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted.

SEVENTH DEFENSE

And further answering, the defendant says that to the extent that it had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

EIGHTH DEFENSE

And further answering, the defendant says that it denies liability for any implied warranty.

NINTH DEFENSE

And further answering, the defendant says that the court does not have personal jurisdiction over the defendant, wherefore, the defendant requests that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

TENTH DEFENSE

And further answering, the defendant says that its products conformed to the state-of-the art for design, warning and manufacture of similar products.

ELEVENTH DEFENSE

And further answering, the defendant says that if any property of the plaintiffs was damaged by any actions of the defendant, which the defendant denies, said actions were unintentional and without malice, wherefore, the plaintiffs are barred from recovery.

TWELFTH DEFENSE

And further answering, the defendants say that the plaintiff's complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff claims relief pursuant to M.G.L. Chapter 93A.

THIRTEENTH DEFENSE

And further answering, the defendants say that the plaintiff's complaint should be dismissed for lack of jurisdiction based upon the plaintiff's failure to serve a proper demand letter pursuant to M.G.L. Chapter 93A.

JURY CLAIM

THE DEFENDANT HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

By its attorneys,

/s/ Richard J. Shea

Richard J. Shea, BBO #456310
Megan E. Kures, BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

Date: April 19, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Richard J. Shea

Richard J. Shea

Dated: April 19, 2006