UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10720-RWZ

WAYNE DALEY, )
NADINE DALEY and )
MDL FISHING LLC )
)
V. )
)
TWIN DISC, INC. )
MANN ENGINES AND )
  COMPONENTS, INC. )
OCEAN YACHTS, INC. and )
PERFORMANCE DIESEL, INC. )
    Defendants. )

## PLAINTIFFS' OPPOSITION TO OCEAN YACHTS, INC.'S MOTION TO DISMISS AMENDED COMPLAINT

The plaintiffs in the above-captioned matter, Wayne Daley, Nadine Daley and MDL Fishing LLC, hereby oppose the motion of defendant Ocean Yachts, Inc. ("Ocean Yachts") to dismiss Count II of the Amended Complaint filed in this matter on April 6, 2006, which asserts a claim for violation of G.L. c. 93A  The Amended Complaint was filed pursuant to a motion allowed by this Court, and following service of a G.L. c. 93A demand letter on all four defendants in this matter.

As grounds herefor, the plaintiffs state that the grounds for dismissal relied upon by Ocean Yachts with respect to the Amended Complaint are invalid and non-meritorious, and do not rise to the level requiring dismissal of the pleading. Specifically, Ocean Yachts raises several bases upon which it contends that the c. 93A claims in the

1

Amended Complaint are defective. Plaintiff will address each of these grounds briefly, as further detailed below.[1]

1. <u>Plaintiffs' Allegations Under Both Section 9 and Section 11 of G.L. c. 93A</u>

In Count II of their Amended Complaint, plaintiffs allege, *inter alia*, that the defendants' actions constitute unfair or deceptive acts or practices in trade or commerce, in violation of M.G.L. c. 93A, § 2, §§ 9 and 11. Ocean Yachts contends that plaintiffs have improperly pleaded two separate causes of action in one count, and that they fail to allege a cause of action pursuant to either of those sections. As to the first contention, Fed. R. Civ. P. 10(b) provides that "the contents of each claim shall be limited as far as practicable to a single set of circumstances," and that "[e]ach claim founded upon a separate transaction or occurrence …shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." A reading of paragraph 24 of the Amended Complaint, in which violation of G.L. c. 93A is alleged, summarizes the violations of both sections 9 and 11, with reference to the preceding allegations of actionable conduct on the part of the defendants, both of which are related to the same set of circumstances.

Indeed, the requirement of a single set of circumstances is interpreted liberally, and a single count is sufficient in this situation. As long as the pleading is clear, and other parties are not prejudiced, a failure to limit a paragraph to a statement of a single set of circumstances wil be excused and the complaint will not be dismissed. 2 <u>Moore's Federal Practice</u>, § 10.03[1][b] (2005)(citation omitted). Moore also states that Rule 10(b) contemplates that claims may be joined in a single count where, as here, the claim is not

---

[1] It should be noted that out of the four defendants in this matter, only one (Ocean Yachts) is asserting that the purported invalidity of the c. 93A claims in the Amended Complaint.

2

founded on separate transactions or occurrences. See id., § 10.03 [2][a]. Accordingly, there is no requirement under Fed. R. Civ. P. 10(b) that this Complaint be dismissed for failure to separate out the allegations as to violations of the two substantive sections of the statute.

Further, Ocean Yachts' assertion that the allegations of violations of §§ 9 and 11 are invalid do not withstand scrutiny. "General Laws c. 93A distinguishes between 'consumer' and 'business' claims, the former actionable under § 9, the latter actionable under § 11." Frullo v. Landenberger, 61 Mass. App. Ct. 814, 821 (2004). See also G.L. c. 93A, § 9 (defining a plaintiff under that section as "[a]ny person other than a person entitled to bring action under section 11 of this chapter…"). The allegations of the Amended Complaint make it clear that the Daley plaintiffs were consumers in this matter, having purchased a yacht, with the ensuing complications which form the basis of the complaint. See Amended Complaint, ¶ 9. In addition, they were individuals who participate[d] in commercial transactions on a private, nonprofessional basis." See Lantner v. Carson, 374 Mass. 606, 610 (1974).

It is also arguable that the Daleys are section 11 plaintiffs, defined under the statute as "[a]ny person who engages in the conduct of any trade or commerce." G.L. c. 93A, § 11. The Amended Complaint itself makes clear in its factual allegations that the events in this dispute arose out of a business transaction; i.e., the individual plaintiffs' purchase of a yacht and the substantial problems with the yacht's equipment, provided and covered by various warranties issued by the defendants (including Ocean Yachts), and which, despite repeated promises, the defendants were unable to repair. As Ocean Yachts itself states in its memorandum of law at page 2: "All that is required for a

plaintiff to fall within the ambit of § 11 is some transaction in a business context." (citing Kerlinsky v. Fidelity & Deposit Co., 690 F. Supp. 1112, 1117 (D. Mass. 1987)). A reading of the Amended Complaint indicates that this dispute clearly arose out of a business transaction as a result of which plaintiffs suffered substantial losses. Regardless, it is also clear, under the language of the statute itself, that the defendant in a section 11 action must have been engaged in the conduct of trade or commerce, which it is undisputed that Ocean Yachts was (as were the other defendants).

  2. <u>Violations of G.L. c. 93A Took Place Primarily and Substantially in Massachusetts.</u>

In its motion to dismiss, Ocean Yachts asserts that the Amended Complaint does not claim that the alleged violations of G.L. c. 93A took place "primarily and substantially" in Massachusetts, as required under § 11, eighth para. In fact, in paragraph 8 of the Amended Complaint, plaintiffs allege that "[a]ll of the defendants engage in a substantial amount of business in Massachusetts and derive substantial revenue therefrom. In addition, each defendant specifically undertook a direct business relationship with the plaintiffs in Massachusetts and sent employees and agents to Massachusetts to perform the actions described herein." Those actions were the attempts to repair the problems that arose in connection with the Daleys' yacht, and the increasingly more severe problems which were caused by such work, all conducted in Massachusetts. Thus, the allegations meet the foregoing test, also described as a "center of gravity" test for jurisdiction under G.L. c. 93A, § 11. See Gilleran, *The Law of Chapter 93A*, § 3.15 (December 2005 Cum. Supp.) and numerous Massachusetts state and Federal cases cited therein.

4

Moreover, it is well-established that under c. 93A, the defendant bears the burden of proof on the issue of personal jurisdiction. This burden implies a presumption that the alleged c. 93A violation occurred in Massachusetts, and requires the defendant to show that the acts did not occur primarily and substantially in Massachusetts. See, e.g., Roche v. Royal Bank of Canada, 109 F. 3d 820, 829 (1st Cir. 1997); Greenray Industries, Inc. v. Charleswater Products, Inc., 1990 WL 26887 (D. Mass. 1990). See generally Gilleran, supra, § 3:16 (1989 and 2005 Supp.). Accordingly, Ocean Yachts' motion to dismiss should be rejected on this basis as well.

3.  The 93A Demand Letter Was Timely Sent To The Defendants

In its motion, Ocean Yachts also contends that the c. 93A demand letter was not timely served by the plaintiffs in this matter, as it was not sent until after the lawsuit was commenced and was outside the four-year statute of limitations governing actions under G.L. c. 93A. This argument is completely without merit.

The Amended Complaint alleges that the problems which arose with regard to the yacht purchased by the Daleys and the subsequent complications engendered by the repair work, as set forth in paragraphs 11-14, began sometime in 2000 and continued through 2003. The original complaint was timely filed in this matter in Massachusetts Superior Court on March 11, 2005. On June 21, 2005, undersigned counsel sent a G.L. c. 93A demand letter to all of the defendants, specifying the requisite thirty-day period for them to respond. Contrary to Ocean Yachts' assertions, the demand letter was sufficient, as it identified the claimants and reasonably described the unfair or deceptive act or practice relied upon and the injury suffered, as provided by G.L. c. 93A, § 9(3).[2]

---

[2] A copy of the demand letter is attached hereto.

5

Since none of the defendants responded to the demand letter with a reasonable offer of settlement, plaintiffs filed an Amended Complaint adding Count II for violation of G.L. c. 93A. It is well-established that the filing of an amendment to a complaint relates back to the original complaint, pursuant to Fed. R. Civ. P. 15(c)(2)(the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings). That is precisely the case here, and Ocean Yachts' argument should be rejected.

4. <u>Plaintiffs Have Not Merely Alleged A Breach of Contract By The Defendants</u>

Finally, Ocean Yachts contends that plaintiffs at most have alleged that defendants breached an agreement to repair the yacht despite repeated attempts to remedy the defects. It notes the oft-cited law that a "mere" breach of contract generally does not give rise to a chapter 93A claim. However, the Amended Complaint alleges much more than a simple breach of contract. Rather, it asserts that defendants engaged in a persistent and continuous pattern of misrepresentations to the plaintiffs regarding their ability to solve the serious problems with regard to their yacht -- upon which representations plaintiffs relied to their detriment -- including loss of use of their yacht, money damages, loss of time from business, and refraining from taking legal action against the defendants earlier. This gave the defendants' conduct the "rancid flavor of unfairness", involving elements of business leverage, as well as deception, which characterize the quintessential c. 93A violation. <u>See, e.g.</u>, Gilleran, <u>supra,</u> §§ 4.2-4.8 and cases cited therein.

## Conclusion

For the foregoing reasons, the plaintiffs respectfully request that this Court deny Ocean Yacht Inc.'s Motion to Dismiss the G.L. c. 93A claims set forth in the Amended Complaint. Alternatively, plaintiffs request that if this Court finds the Amended Complaint to be defective in any regard, it grant leave to plaintiffs to file a Second Amended Complaint, in the interests of justice.

Respectfully submitted,

The Plaintiffs
WAYNE DALEY, NADINE DALEY
and MDL FISHING, LLC
By their attorneys,

/s/ Joseph P. Crimmins
Joseph P. Crimmins, BBO# 556582
Posternak, Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
Tel:   617-973-6100
Fax:   617-722-4915
jcrimmins@pbl.com

ID # 469951v01/14236-2/ 05.03.2006

## Certificate of Service

I, Joseph P. Crimmins, hereby certify that on this 3rd day of May, 2006, I caused a copy of the above **Plaintiffs' Opposition to Ocean Yachts, Inc.'s Motion to Dismiss Amended Complaint** to be **electronically mailed** to:

Michel O. Weisz
Segredo & Weisz
Suite 1500
9350 South Dixie Highway
Miami, FL 33156
Tel: (305) 670-3820
Fax: (305) 670-8230
moweisz@aol.com

Howard Brown, BBO #
Bartlett Hackett Feinberg, P.C.
10 High Street, Suite 920
Boston, MA 02110
Tel: (617) 422-0200
Fax: (617) 422-0383
hmb@bostonbusinesslaw.com

Francis J. Lynch, III, BBO #
J. Gary Bennett, BBO #
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
Tel: (508) 230-2500
Fax: (508) 230-2510
gbennett@lynchlynch.com

Richard J. Shea, BBO #
Megan Kures
Melick Porter & Shea
28 State Street, 22nd Floor
Boston, MA 02108
Tel: (617) 523-6200
Fax: (617) 617-523-8130
rshea@melicklaw.com
mkures@melicklaw.com

/s/ Joseph P. Crimmins
Joseph P. Crimmins

ID # 469951v01/14236-2/ 05.03.2006


**Posternak**
POSTERNAK BLANKSTEIN & LUND LLP

June 21, 2005

Joseph P. Crimmins
617-973-6273
617-722-4915 FAX
jcrimmins@pbl.com

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

Sven von Saalfeld
MAN Engines & Components, Inc.
Plaza Center North
Pompano Business Park
591 SW 13th Terrace
Pompano Beach, FL 33069

Malcolm Phillips
Performance Diesel, Inc.
12707 North Freeway, Suite 590
Houston, TX 47060

Michael H. Joyce
President and Chief Operating Officer
Twin Disk, Inc.
1328 Racine Street
Racine, WI 53403

John Leek
Scott Krawiec
Or Current President
Ocean Yachts, Inc.
Route 563
Egg Harbor, NJ 08215

    RE:    Wayne Daley, Nadine Daley and MDL Fishing LLC
              OCEAN YACHTS #48-139

Gentlemen:

       As you are aware, this firm represents Wayne Daley, Nadine Daley and MDL Fishing LLC in connection with the problems they are experiencing with their Ocean 48 Super Sport and the subsequent failures of MAN Engines & Components, Inc., Performance Diesel, Inc., Twin Disk, Inc. and Ocean Yachts, Inc. to remedy those defects. **This is a demand for relief on their behalf under Massachusetts General Law, c. 93A for unfair and deceptive acts or practices in trade or commerce engaged in by MAN Engines & Components, Inc., Twin Disk, Inc., Ocean Yachts, Inc. and Performance Diesel, Inc., in connection with their causing and subsequent handling of the problems** relating to my clients' Ocean 48 Super Sport yacht. A more detailed summary of the basis for this demand follows.

       The Daleys purchased their Ocean 48 in July 1999 for $704,205. The Daleys chose to equip their yacht with Twin MAN 8 cyl. 800 BHP diesel engines based on information contained in various sales and marketing brochures, as well as specific representations that these were quality engines, compatible with the Ocean 48. In light of the numerous problems over the last four years, it is clear that these engines and/or associated equipment are either not compatible with their yacht, or are defective. Accordingly, the Daleys demand that MAN Engines &

CERTIFIED MAIL/RETURN RECEIPT REQUESTED
June 21, 2005
Page 2

Component, Inc., Performance Diesel, Inc., and Twin Disk, Inc. purchase back their yacht for the amount paid, $704,205.00.

Within a year following their purchase, the Daleys experienced significant problems with the yacht including, but not limited to, excessive amounts of black smoke and soot on the transom and in the interior of the yacht; excessive vibration; failures of torsion couplings; hub notching; and wear of aluminum clutch pistons. The Daleys have endured extended periods where they could not use their yacht while extensive repairs were made to the coupler engine mounts and fuel injection pumps, the transmission was rebuilt, and the engine realigned. In addition, Wayne Daley has attended numerous sea tests when he otherwise would have been attending to his business responsibilities.

While some of the problems have been cured, the extensive vibration in the starboard drive train persists. In fact, the vibrations at certain rpm's have gotten more intense over time. The vibration is so strong that it caused a crack in the rear starboard engine mount just last year. In addition, since work was performed on the yacht last winter, the yacht now lists to starboard.

For nearly four years, the Daleys have patiently suffered through these problems while efforts have been made to identify and cure the problems. It is clear, however, that there is either a fundamental defect with the engines causing the extensive vibration that cannot be fixed, or the engines are structurally incompatible with their yacht. MAN Engines & Components, Inc., Performance Diesel, Inc., Ocean Yachts, Inc. and Twin Disk, Inc. are each jointly and severally responsible for this problem. The Daleys reasonably relied upon the representations, explicit and implicit, that the engines and associated equipment were compatible with their yacht, and that they would function properly. These representations have proved false. The Daleys' investment was substantial and they have not received what they paid for. In addition, promises by representatives of MAN Engines & Components, Inc., Performance Diesel, Inc., Twin Disk, Inc. and Ocean Yachts, Inc. to cure the problems have not been honored. As a result of relying on those false promises, my clients have been further injured.

Please be advised that MAN Engines & Components, Inc., Performance Diesel, Inc., Twin Disk, Inc. and Ocean Yachts, Inc. have 30 days to make a written tender of settlement in response to this demand for relief. If MAN Engines & Components, Inc., Performance Diesel, Inc., Twin Disk, Inc., and Ocean Yachts, Inc. fail to make a reasonable offer of settlement within the allotted time, and the Court subsequently finds in favor of Wayne Daley, Nadine Daley and MDL Fishing LLC, their recovery shall be in the amount of actual damages or $25, whichever is greater or up to three, but not less than two times such amount if the Court finds that the use or employment of the acts or practices complained of were willful and knowing violations of the statute, or that the refusal to grant relief upon demand is made in bad faith with knowledge or reason to know that the act or practice complained of violated Massachusetts General Laws, ch. 93A. Finally, the statute mandates that the Court shall award reasonable attorneys' fees and costs incurred in connection with any legal action brought by my clients MAN Engines & Components, Inc., Performance Diesel, Inc., Twin Disk, Inc. and Ocean Yachts, Inc.

ID # 435181v01/14236-2/ 06.21.2005

CERTIFIED MAIL/RETURN RECEIPT REQUESTED
June 21, 2005
Page 3

Thank you for your attention to this matter. I look forward to hearing from you.

Very truly yours,

Joseph P. Crimmins

JPC:mtb