UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

* * * * * * * * * * * * * * * * * * * * * * * *
                                *
WAYNE DALEY, NADINE DALEY    *
and MDL FISHING LLC,            *
      Plaintiffs,               *
                                *
v.                                *
                                *
TWIN DISK, INC.,             *
MANN ENGINES AND         *
COMPONENTS, INC. and       *
OCEAN YACHTS, INC.,        *
      Defendants.            *
                                *
                                *
* * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT, TWIN DISC, INC.'S,  MOTION FOR SUMMARY JUDGMENT

The defendant, Twin Disc, Inc., moves the Court pursuant to Fed. R. Civ. P. 56 for summary judgment in its favor on the plaintiff's complaint. As grounds for this motion, the defendant states that upon the undisputed facts, the defendant is entitled to judgment as a matter of law because the plaintiffs' claims are barred by the applicable statutes of limitations. The grounds for this motion are more fully set forth in the memorandum of law filed herewith.

The Defendant,
Twin Disc, Inc.,
By its counsel,

/s/ Megan E. Kures

Richard J. Shea BBO #456310
Megan E. Kures BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street - 22nd floor
Boston, MA 02109
(617) 523-6200

Dated: 5/15/06

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                    \*
WAYNE DALEY, NADINE DALEY     \*
and MDL FISHING LLC,            \*
      Plaintiffs,              \*
                                      \*
v.                                   \*
                                      \*
TWIN DISK, INC.,              \*
MANN ENGINES AND         \*
COMPONENTS, INC. and       \*
OCEAN YACHTS, INC.,        \*
      Defendants.          \*
                                      \*
                                      \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT, TWIN DISC, INC.'S, STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

NOW comes the defendant, Twin Disc, Inc., in the above-captioned matter and states that for the purposes of summary judgment only, the following material facts are undisputed:

1.     The plaintiffs, Wayne and Nadine Daley are individuals residing at 27 Thayer Road, Canton, MA 02021.  (See Amended Complaint, attached hereto as Exhibit A, at ¶ 1).

2.     The plaintiff, MDL Fishing LLC, is a Massachusetts Limited Liability Corporation with a principle place of business at 27 Thayer Road, Canton, MA 02021.  (See Exhibit A, at ¶ 2).

3.     The defendant, Twin Disc, Inc., is a Wisconsin corporation engaged in the business of designing and manufacturing transmissions.  (See Affidavit of Timothy Taggart, attached hereto as Exhibit B, at ¶ 3).

4.     In July, 1999, the plaintiffs, Wayne and Nadine Daley, purchased an Ocean 84 Supersport Yacht.  (See Exhibit A, at ¶ 9; see also Oyster Harbors Marine Purchase Agreement, attached hereto as Exhibit C).

5.     The Daleys' yacht was equipped with Twin Disc transmissions that were covered by a

standard warranty provided by Twin Disc. (See Exhibit A, at ¶ 12; see also Twin Disc, Incorporated, Exclusive Limited Warranty Marine Pleasure Craft, attached hereto as Exhibit D).

6.    The relevant warranty provided coverage for defective workmanship or materials for a 36 month period from the shipment date or a 24 month period from the date the transmissions went into service, whichever occurred first. (See Exhibit D).

7.    In the summer of 2000, the Daleys began to experience problems with the vessel. (See Exhibit A, at ¶ 11).

8.    The Daleys were aware that the vessel was covered by various warranties. (See Exhibit A, at ¶ 12).

9.    On or about August 14, 2000, Wayne Daley contacted Tim Taggart at Twin Disc concerning the problems that he was experiencing. (See Wayne Daley's Answers to Interrogatories by the Defendant, Twin Disc, Inc., attached hereto as Exhibit E, at Answer No. 7, Exhibit A).

10.    In October, 2000, Twin Disc performed work on the transmissions pursuant to the terms of the warranty and at no cost to the plaintiffs. (See Exhibit B, at ¶ 6-7; see also Exhibit E, at Answer No. 10, Exhibit A and Answer No. 18; see also Exhibit A, at ¶ 11(a); see also Twin Disc's Answers to Interrogatories to MAN Engines, attached hereto as Exhibit F, at Answer No. 2(c)).

11.    In November, 2000, the plaintiffs returned the vessel to the water only to discover continued problems. (See Exhibit E, at Answer No. 10, Exhibit A).

12.    In the Spring of 2001, the plaintiffs launched the vessel and continued to experience problems. (See Exhibit A, at ¶ 14(a) and (b); see also Exhibit E, at Answer No. 10, Exhibit A).

13.    The vessel subsequently underwent a number of repairs that failed to appease the plaintiffs. (See Exhibit A, at ¶ 14(b); see also Exhibit E, at Answer No. 10, Exhibit A).

14.    In November, 2001, Twin Disc learned that the plaintiffs were still experiencing problems with the vessel. (See Exhibit F, at Answer No. 2(c); see also Exhibit E, at Answer No. 11, Exhibit A).

15.    In December, 2001, Twin Disc representatives went to the plaintiffs' vessel to investigate the reported vibrations. (See Exhibit F, at Answer No. 2(c); see also Exhibit E, at Answer No. 10, Exhibit A).

16.    Twin Disc thereafter prepared a report outlining its findings. (See Twin Disc, Incorporated Product Service Dept. Service Report dated January 21, 2002, attached

hereto as Exhibit G).

17.  In February, 2002, Twin Disc pulled the transmissions and tested them for out of tolerance conditions. (See Twin Disc, Inc.'s Answers to Performance Diesel's Interrogatories, attached hereto as Exhibit H, at Answer No. 4).

18.  Despite finding no out-of-tolerance conditions, Twin Disc agreed to perform additional work on the transmissions. (See Exhibit F, at Answer No. 2(f); see also exhibit E, at Answer No. 11, Exhibit A).

19.  This work was again performed pursuant to the warranty and at no cost to the plaintiffs. (See Exhibit B, at ¶ ).

20.  In April, 2002, the plaintiffs conducted a sea trial of the vessel and again reported excessive vibration. (See Exhibit E, at Answer No. 10, Exhibit A).

21.  On May 30, 2002, Wayne Daley wrote letters to Twin Disc, Ocean Yachts, MAN Engines, Performance Diesel, and Oyster Harbors expressing his dissatisfaction. (See Letter from Wayne V. Daley dated May 30, 2002, attached hereto as Exhibit I).

22.  On June 17, 2002, Timothy Taggart of Twin Disc responded to Mr. Daley's correspondence and stated that nothing further could be done until the source of the problem was identified. Twin Disc offered to participate in the expense of an independent vibration analysis. (See Letter from Timothy Taggart to Wayne Daley dated June 17, 2002, attached hereto as Exhibit J).

23.  Mr. Daley never responded to Twin Disc. (See Exhibit B, at ¶ 16)

24.  The plaintiffs' vessel thereafter underwent a series of repairs that did not involve Twin Disc. (See Exhibit E, at Answer No. 10, Exhibit A).

25.  The plaintiffs have not identified any specific promises that Twin Disc's representatives made to them with respect to repairs performed by Twin Disc. (See Exhibit E, at Answer No. 8, Exhibit A).

26.  The plaintiffs' claims in this case are premised upon allegations that Twin Disc promised to resolve the problems that they were experiencing with the vessel and that it failed to do so. (See Exhibit A, at ¶ 14, 18, 21, 24; see also Exhibit E, at Answer No. 16).

27.  The plaintiffs filed suit in the Norfolk County Superior Court in January, 2005, and the matter was removed to this Court in April, 2005. (See Docket from the Federal District Court for the District of MA, attached hereto as Exhibit K).

The Defendant,
Twin Disc, Inc.,
By its counsel,

/s/ Megan E. Kures

Richard J. Shea BBO #456310
Megan E. Kures BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street - 22nd floor
Boston, MA 02109
(617) 523-6200

Dated: 5/15/06

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                        \*
WAYNE DALEY, NADINE DALEY      \*
and MDL FISHING LLC,             \*
        Plaintiffs,               \*
                                          \*
v.                                      \*
                                          \*
TWIN DISK, INC.,                 \*
MANN ENGINES AND            \*
COMPONENTS, INC. and         \*
OCEAN YACHTS, INC.,          \*
        Defendants.            \*
                                        \*
                                        \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DEFENDANT, TWIN DISC'S, MOTION FOR SUMMARY JUDGMENT

     The defendant, Twin Disc, Inc. ("Twin Disc"), respectfully moves that this Honorable

Court enter summary judgment in its favor as to all claims asserted against it by the plaintiffs

pursuant to Fed. R. Civ. P. 56. The plaintiffs' complaint contains two counts against Twin Disc,

one for Breach of Contract and the other for violation of M.G.L. c. 93A. The plaintiffs' claims

stem from allegations that they had an agreement with Twin Disc whereby Twin Disc promised

to solve certain problems that the plaintiffs were experiencing with their yacht.[1] They plaintiffs

believe that Twin Disc breached this agreement and violated c. 93A by failing to solve these

problems. However, these claims fail as a matter of law because the plaintiffs filed this action

beyond the applicable four year statute of limitations provided by M.G.L. c. 106, §2-725 and

---

[1] A Statement of Undisputed Material Facts is filed herewith.

M.G.L. c. 260, §5A.[2] In addition, the plaintiff's c. 93A claims must fail because there is no evidence of any unfair acts or practices.

## I. Statement of Legal Elements

1.    Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate where the pleadings, discovery and affidavits show that there is no genuine issue as to any material fact and that as a matter of law, the moving party is entitled to judgment.  Fed. R. Civ. P. 56(c). Summary judgment exists "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir.1991) (internal citation omitted).  Once a moving party satisfies its burden and shows that there are no disputed material facts in existence, the non-moving party must then point to specific evidence that merits submitting the matter to a jury.  *See Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995).

2.    "Genuine issues of material fact are not the stuff of an opposing party's dreams.  On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion." *Mesnick*, 950 F.2d at 822.  "This evidence cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." *Id.* (internal citations omitted).  Trialworthiness requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

[2] Twin Disc also believes that the plaintiffs' breach of contract claim fails as a matter of law for lack of evidentiary support.  Twin Disc reserves it right to move for summary judgment on this basis at a later time if necessary.

3.  In general, "promises to repair or to replace are. . .viewed as specifications of a remedy rather than as an independent or separate warranty." *New England Power Co. v. Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 29 (1985). "[W]hen there are a warranty and a promise to repair, the remedy of first resort is the promise to repair. If that promise is not fulfilled, then the cause of action is the underlying breach of warranty." *Id.* A promise to make repairs that is made separate and apart from remedies that are or were available under a warranty can serve as the basis for a contract provided that the promise to repair is supported by consideration. *See Neuhoff v. Marvin Lumber & Cedar Co.*, 370 F.3d 197, 201 (1st Cir.2004).

4.  Claims arising out of contracts for the sale of goods are governed by the Uniform Commercial Code as set forth in M.G.L. c. 106, § 2-101 et seg. *See Bay State-Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103, 104-05 (1989); *see also East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 872-874 (1987). Goods are defined as "all things (including specially manufactured goods) which are moveable at the time of identification to the contract for sale . . .." M.G.L. c. 106, § 2-105. Pursuant to M.G.L. c. 106, § 2-725 a contract-based breach of warranty claim is subject to a four year statute of limitations. *See Bay State Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103, 107-108, 110 (1989); *see also American Glue & Resin v. Air Products & Chemicals, Inc.*, 835 F.Supp. 36, 41-42 (D.Mass.1993). However, the parties may agree to reduce the limitations period so long as it is not less than one year. *See* M.G.L. c. 106, § 2-725. A cause of action for a contract-based breach of warranty accrues when the breach occurs regardless of lack of

3

knowledge and the breach occurs when tender of delivery is made. *See id.*

5.    A defendant's repeated attempts to repair an allegedly defective good will not toll the

running of M.G.L. c. 106, § 2-725. *See New England Power Co.*, 20 Mass. App. Ct. at

31, 34.

6.    Pursuant to M.G.L. c. 260, §5A, actions arising under an alleged violation of M.G.L. c.

93A must be commenced within four years of when the cause of action accrues. *See*

M.G.L. c. 260, §5A. A cause of action under c. 93A generally accrues at the time an

injury results from the allegedly unfair and deceptive act *See Cambridge Plating Co.,*

*Inc. v. Napco, Inc.*, 991 F.2d 21, 25 (1ˢᵗ Cir. 1993).

7.    In determining whether alleged misconduct constitutes an unfair act or deceptive trade

practice under M.G.L. c. 93A, §2, courts look at "the nature of challenged conduct and on

the purpose and effect of that conduct. . .." *See Massachusetts Employers Insurance*

*Exchange v. Propac-Mass, Inc.*, 420 Mass. 39, 42-43 (1995). Mere allegations that a

party breached a contract are not sufficient to establish a violation of c. 93A. *See id.; see*

*also Whitinsville Plaza, Inc. v. Kotseas*, 378 Mass. 85, 100-01 (1979).

## II. ARGUMENT

A.    **The Plaintiffs' Breach Of Warranty Claims Are Barred By The Applicable Statute**
       **Of Limitations**

   1.    **The Plaintiffs' Breach Of Promise To Repair Claims Are Actually Contract-**
          **Based Breach Of Warranty Claims**

The plaintiffs' complaint sets forth a cause of action entitled "Breach of Contract." In

support of this claim, the plaintiffs allege that they had agreements with the defendants whereby

the defendants promised to make repairs that would solve the problems that the plaintiffs were

4

experiencing with their yacht. The plaintiffs claim that these promises to repair form the basis of a contract with Twin Disc and the other parties.

"[P]romises to repair or to replace are generally viewed as specifications of a remedy rather than as an independent or separate warranty." *New England Power Co. v. Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 30 (1985). "When there are a warranty and a promise to repair, the remedy of first resort is the promise to repair. If that promise is not fulfilled then the cause of action is the underlying breach of warranty." *Id.*   Where the promise to repair is not part of a contract or warranty covering a product, the promise can form the basis for an independent contract between the promisee and the promissor. *See Neuhoff v. Marvin Lumber & Cedar Co.*, 370 F.3d 197, 201 (1st Cir.2004). However, the contract must be supported by additional consideration. *See id.*

The plaintiffs' yacht was equipped with Twin Disc transmissions that were covered by an "Exclusive Limited Warranty" in which Twin Disc promised to repair or replace any defective part or product for a limited period of time. (Statement of Facts ("SOF"), at ¶¶ 5-6). Pursuant to this warranty and as acknowledged in the plaintiffs' complaint, Twin Disc promised to and did in fact undertake efforts to rebuild the transmissions when the plaintiffs claimed that they were faulty. (SOF at ¶¶ 9, 10, 15, 16, 17). The plaintiffs allege that Twin Disc breached the promises that it made to them because the repair efforts were unsuccessful and failed to remedy the yachts' problems. (SOF at ¶ 26). In *New England Power*, the plaintiff filed suit alleging breach of warranty and of promises to repair relative to defective boilers provided by the defendant. *New England Power*, 20 Mass. App. Ct. at 26. New England Power argued that the defendant made promises to repair which were breached when the defendant failed to satisfactorily repair the

5

boilers. *See id.*, at 30. The court recognized that the promises to repair were part and parcel of

the warranty provided by the defendant rather than a separate independent contract. *See id.* The

court also recognized that by arguing that a breach did not occur until the defendant failed to

adequately repair the boilers as promised, New England Power was creatively attempting to get

over the statue of limitations hurdle that was squarely in its path on any breach of warranty

claims. *See id.*, at 31.

The plaintiffs' claim in the present action is also an exercise in creative pleading that is

similarly mischaracterized as a breach of a promise to repair. Each of the alleged promises to

repair made by Twin Disc were contractual warranty remedies. (SOF at ¶¶ 10, 19). These

"promises" to repair did not form separate contracts with the plaintiffs. As noted in *New*

*England Power*, if the plaintiffs did not believe that the promises to repair were fulfilled, their

cause of action was for the underlying breach of warranty. *See id.*, at 30. Further, these promises

cannot form separate independent contracts capable of being breached in the manner alleged in

the plaintiffs' complaint. The plaintiffs offered no additional consideration to Twin Disc in

recognition of these alleged promises as all work performed by Twin Disc was performed

without cost to the plaintiffs. (SOF at ¶¶ 10, 19). As noted in *Neuhoff*, in order for an

independent promise to repair to form the basis of an independent breach of contract claim, there

must be an exchange of consideration. *See Neuhoff*, 370 F.3d at 201. Absent consideration there

can be no valid contract. *See id.*, at 206. Consequently, as in *New England Power*, the

plaintiffs' claims should be viewed as breach of warranty claims in the context of a commercial

transaction.

6

**2.     The Plaintiffs Claims Are Barred By M.G.L. c. 106, § 2-725**

By denominating their claim as one for "breach of contract" premised upon the

defendants' alleged failure to make promised repairs, the plaintiffs were undoubtedly attempting

to invoke the six year statue of limitations set forth in M.G.L. c. 260, § 2.  However, the

plaintiffs' contractual warranty claims are not encompassed by M.G.L. c. 260, § 2.  The

underlying transaction in this matter, the plaintiffs' purchase of an Ocean 84 Supersport Yacht

equipped with Twin Disc transmissions, involved the sale of goods, which are defined as "all

things (including specially manufactured goods) which are moveable at the time of identification

to the contract for sale . . .."  M.G.L. c. 106, § 2-105; *see also Bay State Spray & Provincetown*

*Steamship, Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103 (1989) (Uniform Commercial Code

applied to dispute involving defective engines on ship).   Claims arising out of contracts for the

sale of goods are governed by the Uniform Commercial Code as set forth in M.G.L. c. 106, § 2-

101 et seg.  *See Bay State-Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co.*, 404

Mass. 103, 104-05 (1989); *see also East River Steamship Corp. v. Transamerica Delaval, Inc.*,

476 U.S. 858, 872-874 (1987).   The Uniform Commercial Code governs transactions where the

predominant purpose of the contract is to supply goods, despite the fact that labor may be

involved incidentally.  *See Cambridge Plating Co., Inc. v. Napco, Inc.,* 991 F.2d 21, 24 (1st

Cir.1993); *Cianbro Corp v. Curran-Lavoie, Inc.*, 814 F.2d 7, 13-14 (1st Cir.1987).

The statute of limitations for contract-based breach of warranty claims is established by

M.G.L. c. 106, § 2-725, which states in pertinent part that "[a]n action for breach of any contract

for sale must be commenced within four years after the cause of action has accrued. . ..  A breach

of warranty occurs when tender of delivery is made . . .."  M.G.L. c. 106, § 2-725; *Bay State-*

7

*Spray & Provincetown Steamship, Inc.*, 404 Mass. at 106 (statute of limitations period began to run when boat went into service); *New England Power Co.*, 20 Mass. App. Ct. at 27 (statute of limitations period began to run when boilers were delivered to plaintiff despite boilers' defective condition). However, the parties may reduce the limitations period by agreement so long as it is not less than a year. *See id.* A defendant's repeated attempts to repair allegedly defective goods will not toll the running of M.G.L. c. 106, § 2-725. *See New England Power Co.*, 20 Mass. App. Ct. at 31, 34 (honest repair efforts are not sufficient for tolling statute of limitations or applying doctrine of estoppel).

The plaintiffs' claims for breach of warranty for failing to repair the allegedly defective transmissions are governed by the four year statute of limitations appearing in M.G.L. c. 106, § 2-725.[3] The present suit was filed in the Norfolk County Superior Court in January, 2005 and was removed to this Court in April, 2005. (SOF at ¶ 27). Consequently, in order to avoid running afoul of the four year statute of limitations, the plaintiffs must show that the breach occurred no earlier than January, 2001. Under M.G.L. c. 106, § 2-725, the breach occurred when delivery was made. M.G.L. c. 106, § 2-725(2); *see also Wilson v. Hammer Holdings, Inc.*, 850 F.2d 3, 7 (1st Cir.1988) (cause of action for breach of warranty accrued at the time of sale). Here, delivery occurred in 1999, well in advance of the 2001 anchoring date. (SOF at ¶ 4). Even if the Court were inclined to apply a "discovery rule" analysis to the plaintiffs' claims, the plaintiffs admittedly knew of the alleged defects by the summer of 2000. (SOF at ¶ 7). Twin Disc rebuilt

---

[3] The plaintiffs are also likely bound by the limitations provision appearing in the Twin Disc warranty, which under either prong (two years from date the transmissions went into service or three years from date the transmissions were shipped) required the plaintiffs to assert their claims by the summer of 2001. *See* M.G.L. c. 106, §725.

the transmissions in October, 2000 and by November, 2000 the plaintiffs reported continued

problems with the yacht. (SOF at ¶¶ 10, 11). Using either the date of delivery or the date of

discovery as benchmarks, the plaintiffs' claim runs afoul of the four year limitations period. The

fact that Twin Disc attempted to work with the plaintiffs beyond 2001 is of no consequence with

respect to the limitations period because good-faith efforts to make repairs will not toll the

limitations period or support a claim for estoppel. *See New England Power Co.*, 20 Mass. App.

Ct. at 31. Therefore, as a matter of law, the plaintiffs' claim against Twin Disc is barred by

M.G.L. c. 106, § 2-725 and must be dismissed.

**B.    The Plaintiffs' Claim For Violation Of M.G.L. c. 93A Are Barred By The Applicable Statute Of Limitations**

The plaintiffs' remaining cause of action alleges that Twin Disc violated the provision of

the Massachusetts Consumer Protection Act as set for in M.G.L. c. 93A. The plaintiffs' claim

for violation of c. 93A stems from the same allegations as their breach of contract claim; that

Twin Disc failed to make promised repairs to their Yacht. The plaintiffs' contend that this

failure constitutes an unfair or deceptive act. (SOF at ¶ 26).

Pursuant to M.G.L. c. 260, §5A, actions arising out of violations of any law intended to

protect consumers, including M.G.L. c. 93A, must be commenced within four years of the date

that the cause of action accrues. *See* M.G.L. c. 260, §5A. In determining the accrual date of

claim under c. 93A, courts generally apply the same principles as those applicable to the

underlying actions. *See Kozikowski v. Toll Bros, Inc.*, 246 F.Supp.2d 93, 98 (D.Mass. 2003).

Typically, a c. 93A claim accrues at the time the injury results from the allegedly unfair or

deceptive acts. *See Cambridge Plating Co., Inc. v. Napco, Inc.*, 991 F.2d 21, 25 (1st Cir. 1993).

9

As noted above, the plaintiffs did not file suit until January, 2005. In applying the principles applicable to the underlying breach of warranty claims, the c. 93A claim accrued in the summer of 1999 when the plaintiffs realized that the yacht was defective. *See Kozikowski*, 246 F.Supp.2d at 98-99. The plaintiffs did not file suit until nearly six years later and well beyond the four year limitations period applicable under M.G.L. c. 260, §5A. Even if the Court were inclined to use the date of the alleged breach of promise as the triggering date, the claim would still fall beyond the four year limitations period because the plaintiffs knew the repairs were not effective by November, 2000, making it incumbent upon them to file suit by November, 2004. (SOF at ¶ 11). Twin Disc's continued good faith efforts to work with the plaintiffs do not form a basis for tolling the statute. *See id.*, at 100, citing *New England Power Supply Co.*, 20 Mass. App. Ct. at 34. Consequently, the claim must fail.

**C.    Twin Disc's Alleged Breach Of Contract Cannot Form The Basis For Liability Under G.L. c. 93A**

In their Amended Complaint, the plaintiffs allege that the defendants' actions in failing to make promised repairs "constitute unfair or deceptive acts or practices in trade or commerce in violation of Mass. Gen. Laws c. 93A, §2. . . ." (SOF at ¶ 26). In essence, the plaintiffs do not claim that the defendants actually failed to make repairs, but that the repairs the defendants did undertake failed to remedy their complaints.

In evaluating claims brought under G.L. c. 93A, courts look at whether a practice falls within some concept of unfairness, whether it is immoral or oppressive, and whether the practice caused injury. *See PMP Assoc., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975). Courts also focus on "the nature of [the] challenged conduct and on purpose and effect of that

10

conduct. . .." *See Massachusetts Employers Insurance Exchange v. Propac-Mass, Inc.*, 420 Mass. 39, 42-43 (1995). Mere allegations that a party breached a contract are not sufficient to establish a violation of c. 93A. *See id.; see also Whitinsville Plaza, Inc. v. Kotseas*, 378 Mass. 85, 100-01 (1979).

In support of their allegation that the defendants violated c. 93A, the plaintiffs allege only that the defendants promised to repair their yacht and that they failed to do so. (SOF at ¶ 26). As noted in the plaintiffs' Amended Complaint, the defendants did in fact undertake a number of efforts to repair the vessel. (SOF at ¶¶ 10, 15, 16, 17, 19). In response to inquires as to the basis for their allegation that Twin Disc violated c. 93A, the plaintiffs state only that "Twin Disc, Inc. promised to fix the problems with the transmission in my yacht and they broke those promises . . .." (SOF at ¶ 26). It is readily apparent that this case is wholly devoid of any allegations that would support a finding of a c. 93A violation. Twin Disc on at least two occasions attempted in good faith to repair the transmissions. (SOF at ¶¶ 10, 17). Twin Disc representatives examined the plaintiffs' vessel, and when the plaintiffs continued to complain about its operation, they participated in diagnostic testing. (SOF at ¶ 15). Moreover, when the plaintiffs continued to complain and it became clear that there was no evidence that the complaints were linked to the transmissions, Twin Disc offered to assist the plaintiffs with additional diagnostic testing. (SOF at ¶ 22). The plaintiffs never took Twin Disc up on this offer. (SOF at ¶ 23). Twin Disc's extensive efforts to remedy the plaintiffs' complaints do not rise to a level of oppressive or coercive conduct simply because the efforts did not satisfy the plaintiffs. *See Propac-Mass*, 420 Mass. at 43-44. The complained of conduct is not the type of conduct that c. 93A was intended to address. There is no allegation and no support for an

11

allegation that Twin Disc's conduct was intended to infringe upon the plaintiffs' rights or secure

benefits for Twin Disc. *See Anthony's Pier Four, Inc. v. HBC Assoc.*, 411 Mass. 451, 474

(1991).  Absent such allegations, there can be no finding of a c. 93A violation solely on the basis

of a claim for breach of contract. *See Propac-Mass*, 420 Mass. at 43.

### III.  CONCLUSION

For the foregoing reasons, the defendant, Twin Disc, respectfully requests that this

Honorable Court allow this motion and enter summary judgment in its favor as to all claims

asserted against it in the plaintiffs' Amended Complaint.

The Defendant,
Twin Disc, Inc.,
By its counsel,

/s/ Megan E. Kures

Richard J. Shea BBO #456310
Megan E. Kures BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street - 22nd floor
Boston, MA 02109
(617) 523-6200

Dated: May 15, 2005

12

<u>CERTIFICATE OF SERVICE</u>

    I, Megan E. Kures, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

               Joseph P. Crimmins, Esq.
               POSTERNAK, BLANKSTEIN & LUND
               Prudential Tower
               800 Boylston Street
               Boston, MA 02199-4915

               Michel Weisz, Esq.
               SEGREDO & WEISZ
               9350 South Dixie Highway, Suite 1500
               Miami, FL 33156

               J. Gary Bennett , Esq.
               Lynch & Lynch
               45 Bristol Drive
               South Easton, MA 02375

               Peter G. Hermes, Esq.
               Randy J. Spencer, Esq.
               Hermes, Netburn, O'Connor & Spearing
               111 Devonshire Street
               8th Floor
               Boston, MA 02109

               /s/ Megan E. Kures
               _____
               Megan E. Kures

Date:    5/15/06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10720-RWZ

| | |
|---|---|
| WAYNE DALEY, | ) |
| NADINE DALEY and | ) |
| MDL FISHING LLC | ) |
| | ) |
| V. | ) |
| | ) |
| TWIN DISC, INC. | ) |
| MANN ENGINES AND | ) |
| COMPONENTS, INC. | ) |
| OCEAN YACHTS, INC. and | ) |
| PERFORMANCE DIESEL, INC. | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

1.      The plaintiffs, Wayne and Nadine Daley, reside at 27 Trayer Road, Canton,

Massachusetts 02021, County of Norfolk.

2.      The plaintiff, MDL Fishing LLC is a Massachusetts limited liability corporation

with a principal place of business at 27 Trayer Road, Canton, Massachusetts 02021, County of

Norfolk.

3.      The defendant, Performance Diesel, Inc. is a Texas corporation with a principal

place of business at 12707 North Freeway, Suite 590, Houston, Texas 47060.

4.      The defendant, Ocean Yachts, Inc. is a New Jersey corporation with a principal

place of business at Route 563, Egg Harbor, New Jersey 08215.

5.      Twin Disk, Inc. is a Wisconsin corporation with a principal place of business at 1328 Racine Street, Racine, Wisconsin 53403.

6.      MANN Engines and Components, Inc. is a Foreign Profit corporation with a principal place of business at Plaza Centre North at Pompano Business Park, 591 Southwest 13th Terrace, Pompano Beach, Florida 33069.

7.      Venue is proper in this jurisdiction as the plaintiffs are residents of Canton, County of Norfolk, Massachusetts.

8.      This Court has jurisdiction over the defendants under the Massachusetts Long Arm Statute, MGL c. 231. All of the defendants engage in a substantial amount of business in Massachusetts and derive substantial revenue therefrom. In addition, each defendant specifically undertook a direct business relationship with the plaintiffs in Massachusetts and sent employees and agents to Massachusetts to perform the actions described herein.

9.      In or about July, 1999, the Daley's purchased an Ocean 84 Supersport Yacht from Oyster Harbors Yachts, a dealer in Osterville, Massachusetts.

10.     The Daley's chose to equip their yacht with twin MANN 8 cylinder 800 horsepower diesel engines. The Daley's decision was based on information contained in various sales and marketing brochures, as well as specific representations from Ocean Yacht, and the dealer that these were quality engines and that they were compatible with the Ocean 48 yacht.

11.     Within approximately one year following their purchase, the Daley's experienced problems with their yacht including, but not limited to, black smoke and soot in the transom and interior of the yacht, failure of torsion couplings, hub notching and wear of aluminum clutch pistons.

12.    The engines and the transmission were covered by various warranties issued by MANN, Twin Disc and Ocean Yacht.

13.    Beginning in October or November, 2000, attempts at repairing the problems began on the Daley's yacht by MANN, Twin Disk, Ocean Yachts, and Performance Diesel, and their agents. Before and during each purported repair, each of the defendants represented to the Daley's that the work to be done would solve the problems the Daley's were experiencing.

14.    As set forth below, not only did the defendants fail to make the repairs that they promised the Daley's that they would make, their actions made the problems the Daley's were experiencing worse than they were before the defendants' attempted repair, and created new problems, all of which exist presently.

(a)    In October-November, 2000, defendant MANN and Twin Diesel rebuilt the transmission on the Daley's yacht, including adding new couplers to the yacht. The Daley's were told by MANN and Twin Diesel that these repairs would solve the problems. Notwithstanding the representation made by MANN and Twin Diesel that this work would solve the problems, the problems were worse at different RPM's and did not improve at other RPM's, following this work. In addition, new problems, involving extensive and structurally damaging vibrations began after this work was performed.

(b)    In May and June, 2001 Ocean Yachts and MANN installed new injector pumps. Ocean and MANN represented that the new injector pumps would solve the vibration problems. To the contrary, sea trials undertaken following the installation of the new injector pumps revealed that the vibrations were substantially worse than before the repair work.

(c)    In November, 2001, Ocean Yachts performed a new alignment on the transmission, representing that this would solve the problems. As before the representations that

the new alignment would work did not prove true, and the vibrations experience on the yacht continued to become more significant.

(d)     In February, 2002 through March, 2002, additional work was done by MANN including replacing the couplers and other transmission work.     Again, contrary to the representations made by MANN, the vibration problems increased following the work done.

(e)     In the summer of 2003, additional injector pumps were replaced by MANN and Ocean Yachts. Not only did the vibrations get worse, but the amount of smoke that is produced by the engines and enters the interior of the cabin is worse.

(f)     In 2000 and again in 2002, Twin Disc performed work on the transmissions and transmission couplers, representing to the plaintiffs each time that this would solve the vibration problems. Following this work, the vibrations were worse than before this work

15.     The Daly's relied on promises made by each of the defendants at the time each repair was performed, that they would fix the problem with the next repair by not taking legal or other action.

16.     As a result of the defendants' actions, the Daley's have been substantially damaged, including but not limited to, loss use of their yacht, repair costs, loss in value to their yacht, and time away from their businesses.

### COUNT I
### (Breach of Contract Against All Defendants)

17.     The plaintiffs repeat and realleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

Case 1:05-cv-10720-RWZ    Document 37    Filed 04/06/2006    Page 5 of 7

18.    The plaintiffs had agreements, both expressed and implied, in writing and orally with each of the defendants that each of the repairs that they claim they would undertake would solve the problems that the Daley's were experiencing with their yacht.

19.    The Daley's paid valid consideration in exchange for the repairs undertaken by each of the defendants.

20.    The plaintiffs performed all of their obligations under their agreements with the defendants.

21.    The defendants breached their agreements with the plaintiffs by failing to make the repairs promised, causing further damage to the yacht, and by misrepresenting that future repairs would solve the new problems.

22.    As a result of the defendants' breach of their obligations, the plaintiffs have suffered substantial damages.

## COUNT II
### (Violation of Mass.Gen.Laws, c. 93A)

23.    The plaintiffs repeat and realleges the allegations contained in paragraphs 1-22 as if fully set forth herein.

24.    Defendants' actions, as set forth above, constitute unfair or deceptive acts or practices in trade or commerce, in violation of *Mass. Gen. Laws*, c. 93A, § 2, are actionable in accordance with *Mass. Gen. Laws*, c. 93A, §§ 9 and 11, have damaged the plaintiffs, and were engaged in willfully and knowingly, for which the defendants are liable for the plaintiffs' actual damages and multiple damages, costs, and attorneys' fees, in accordance with the statute.

25.    Defendants have been served with a demand letter pursuant to M.G.L. c. 93A and have failed to make a reasonable offer of settlement.

ID # 438375v01/14236-2/ 04.06.2006

-5-

WHEREFORE, the plaintiffs demand that this Court:

1.    Grant the relief sought above;

2.    Determine plaintiffs' damages and award judgment against the defendants in an appropriate amount, plus interest and costs;

3.    Grant such other and further relief as is reasonable and just.

## JURY DEMAND

The plaintiffs hereby demand a trial by jury on all issues so triable.

The Plaintiffs,
WAYNE DALEY, NADINE DALEY AND
MDL FISHING, LLC
By their attorneys,

/s/ Joseph P. Crimmins
Joseph P. Crimmins, BBO # 556582
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA  02199
Tel:    617-973-6100
Fax:    617-722-4915
jcrimmins@pbl.com

## CERTIFICATE OF SERVICE

I, Joseph P. Crimmins hereby certify that on this 6th day of  April, 2006, I caused a copy of the above **Amended Complaint** to be **electronically mailed** to:

Michel O. Weisz
Segredo & Weisz
Suite 1500
9350 South Dixie Highway
Miami, FL  33156
Tel:    (305) 670-3820
Fax:    (305) 670-8230
moweisz@aol.com

Howard Brown, BBO #
Bartlett Hackett Feinberg, P.C.
10 High Street, Suite 920
Boston, MA  02110
Tel:    (617) 422-0200
Fax:    (617) 422-0383
hmb@bostonbusinesslaw.com

ID # 438375v01/14236-2/ 04.06.2006

-6-

Francis J. Lynch, III, BBO #
J. Gary Bennett, BBO #
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
Tel:     (508) 230-2500
Fax:     (508) 230-2510
gbennett@lynchlynch.com

Richard J. Shea, BBO #
Megan Kures
Melick Porter & Shea
28 State Street, 22nd Floor
Boston, MA  02108
Tel:     (617) 523-6200
Fax:     (617) 617-523-8130
rshea@melicklaw.com
mkures@melicklaw.com


/s/ Joseph P. Crimmins
Joseph P. Crimmins

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                   \*

WAYNE DALEY, NADINE DALEY     \*
and MDL FISHING LLC,     \*
    Plaintiffs,     \*
    \*
v.     \*
    \*
TWIN DISK, INC.,     \*
MANN ENGINES AND     \*
COMPONENTS, INC. and     \*
OCEAN YACHTS, INC.,     \*
    Defendants.     \*
    \*
    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF TIMOTHY TAGGART

1.     My name is Timothy Taggart.

2.     I am the Warranty Manager for the Defendant, Twin Disc, Inc.

3.     Twin Disc, Inc. is engaged in the business of designing and manufacturing transmissions.

4.     I have first-hand knowledge of the efforts undertaken by Twin Disc to respond to the complaints raised by Wayne Daley.

5.     The transmissions that were installed on the vessel purchased by Mr. Daley were covered by a standard warranty applicable to problems caused by faulty workmanship or materials.

6.     After Mr. Daley reported problems allegedly implicating his vessel's transmissions, Twin Disc, through its agents, performed work on the transmissions in October, 2000.

7.     All work was performed pursuant to the warranty and at no cost to Mr. Daley.

8.     The cost of the work performed by Twin Disc's agents was in excess of $27,000.00.

9.    In November, 2001, Twin Disc was informed that Mr. Daley was again voicing complaints about vibrations that he was experiencing on his vessel.

10.   Twin Disc sent its agents to examine the vessel and transmissions in December, 2001.

11.   In addition to examining the transmissions, Twin Disc's agents ran a number of diagnostic tests, none of which pointed to the transmissions as the source of the vibrations.

12.   However, in an effort to service its customer, Twin Disc agreed to perform further work on the transmissions, which it did in February, 2002.

13.   The work performed in February, 2002, was again done under warranty and at no cost to Mr. Daley.

14.   Twin Disc learned in May, 2002 that Mr. Daley continued to report problems with the vessel.

15.   In June, 2002, Twin Disc offered to share the cost of an independent vibration analysis with Mr. Daley in order to determine the source of the vibrations because of the lack of evidence suggesting that the transmissions were the source of his complaints.

16.   Mr. Daley never responded to this offer and he offered no evidence otherwise suggesting that the transmissions were faulty or otherwise responsible for the vibrations.

17.   Twin Disc heard nothing further from Mr. Daley until he filed suit in 2005.

Signed under the pains and penalties of perjury, this __9th__ day of __May__, 2006.

_____
Timothy Taggart.

*(handwritten top)* Wayne Daley 1083638

**Oyster Harbors Marine Purchase Agreement**

6/21/1999
PURCHASER'S NAME  MDL Fishing LLC
DATE

PURCHASER'S ADDRESS  27 Trayer Road, PO Box 619, Canton, MA  02021

RESIDENCE PHONE  781-828-9591          BUSINESS PHONE  781-828-6461 Fax 781-828-2393

TO BE DELIVERED ON OR ABOUT  June 24          19 99   SALESMAN  J. Benjamin Crago

| | | |
|---|---|---|
| 2000 Ocean 48' Super Sport w/MAN 8 cyl, 800bhp diesels | $682,814.00 | |
| ADDENDUM | | |
| Install name on hull sides | 400.00 | |
| Install additional custom supplied rod holders | 150.00 | |
| Freshwater galley maid head in lieu of std | 392.00 | |
| Aft enclosure U-zip | 200.00 | |
| Icom M-127 VHF installed in bridge | 700.00 | |
| Full fuel | 890.00 | |
| Trolling valves | N/C | |
| Credit for custom pick-up | <4,000> | |
| Custom décor package | 2,000.00 | |
| Install pantry in salon | 900.00 | |
| Additional barrel chair in salon | N/C | |
| Additional wire installed to electronics box | TBD | |
| Eliminate step port side to extend storage area | N/C | |
| Credit for ultra leather sofa (retail $940 adjusted) | <800> | |
| | | |
| Total | $683,646.00 | |
| Trade Value | 275,000.00 | |

*(handwritten)* ✱ per customer request: Ocean Yachts (John Leek + Dave Rush 6/30/99) have authorized Oyster Harbors Marine, Inc. for repairs forward Black heads (a) a later point preferably next 2-3 months. As well as complete any items need at time of delivery from factory which where not completed. Needs to be done at Green Harbor MARINA Green Harbor MA if at all possible. Additional rod holders to wire. & additional rod holders - Engine/vents a sides of hull need clean-up, excess galcoal. - Gelt step to be completed once decide what to do.

| | |
|---|---|
| | $408,646.00 |
| Return for customer investment | 223,000.00 |
| | $631,646.00 |
| Additional deposit | 50,000.00 |
| | $581,646.00 |
| Trade adjustment from owner | 2,000.00 |
| customer to complete | |
| | $583,646.00 |
| deduct rebuild *(circled)* 150.00 | |

Customer to take delivery of boat at Ocean Yachts, Weekstown, NJ

| TRADE DESCRIPTION | | |
|---|---|---|
| *(handwritten)* Additional: customer not satisfied w/ bow in transom door. need repair or replace | SELLING PRICE | |
| | LESS TRADE IN | |
| | NET COST | |
| | MASS SALES TAX | $583,496.00 |
| | TOTAL | |
| | DEPOSIT | WD 00299 |
| | BALANCE | |

**ALL PAYMENTS AT THE TIME OF DELIVERY MUST BE CASH OR CERTIFIED CHECK**

I HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THIS PURCHASE AGREEMENT AND ACCOMPANYING DISCLOSURE STATEMENT

PURCHASER'S SIGNATURE _____     ACCEPTED BY _____     DATE 7/1/99

PURCHASER'S NAME MDL Fishing LLC                     DATE 3/11/99

PURCHASER'S ADDRESS 27 Trayer Road, PO Box 619, Canton, MA  02021

RESIDENCE PHONE 781-828-9591   BUSINESS PHONE 781-828-6461 Fax 781-828-2393

TO BE DELIVERED ON OR ABOUT June 24th completion   19 99   SALESMAN J. Benjamin Crago

| Description | | Price | |
|---|---|---|---|
| 2000 Ocean 48' Super Sport w/MAN 8 cyl, 800bhp diesels | | $782,000 | |
| Soft sound shield for genset | | 1,850 | |
| Insulate engine room door | | 150 | |
| Tinted aft salon door & window | | 400 | |
| Locker in guest stateroom in lieu of upper bunk | delete | 1,925 | after disc <$1,600 > |
| TV/VCR in master stateroom | | 200 | |
| Ultra leather salon in lieu of standard | | 940 | |
| Teak & Holly sole in heads (2) | | 550 | |
| Full salon clear cover | delete | 750 | after disc <$ 630> |
| Steps and companionway runner | | 375 | |
| Teak & Holly sole in galley | | 350 | |
| Bomar hatch in hardtop | | 600 | |
| Mount horns on hardtop | | 190 | |
| EZ2CY 3-sided enclosure | | 2,800 | |
| Glendenning controls w/trolling valves (2 station) | | 6,150 | |
| Gold rocket launchers in lieu of standard | | 400 | |
| Emergency bilge valves | | 815 | |
| Install standard VHF radio in salon | | 125 | |
| Ideal V3A windlass w/chrome capstan | | 2,400 | |
| Rupp riggers w/triple box spreader, Flybridge release | | 6,825 | |
| Rupp center rigger | | 750 | |
| Slip covers (sofa & chairs) | | 970 | |
| Live baitwell | | 1,000 | |
| Hardtop w/radar arch & spreader lights (Boat Show Special) | | N/C | |
| Delivery & Make Ready including fuel fill up | | 4,800 | |
| | Sub Total | 817,315 | |
| | Discount | <132,271> | |
| Additional options & equipment to be at NET prices | | | |
| Boat to be paid in full at time of completion at the factory if customer elected to pick up boat at | | | |
| factory in NJ, otherwise, at time of completion at Oyster Harbors Marine, Inc. | | | |
| See Addendum | | | |

| TRADE DESCRIPTION | | |
|---|---|---|
| 1992 42' Ocean w/671 Detroit Diesels.  All fixed gear & | SELLING PRICE | |
| equipment. Subject to satisfactory completion of survey & | LESS TRADE IN | |
| acceptance of vessel (42' Ocean & 38' Ocean). | NET COST | |
| | MASS SALES TAX | |
| Net trade value of $275,00 to customer.  Monies collected on | TOTAL | WD 00300 |
| trade to be held in interest earning escrow account. | DEPOSIT | |
| | BALANCE | |

ALL PAYMENTS AT THE TIME OF DELIVERY MUST BE CASH OR CERTIFIED CHECK

I HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THIS PURCHASE AGREEMENT AND ACCOMPANYING DISCLOSURE STATEMENT

PURCHASER'S SIGNATURE                     ACCEPTED BY                     DATE

### 6.4 Twin Disc, Incorporated Exclusive Limited Warranty, Marine Transmission

A. Twin Disc, Incorporated warrants all assembled products and parts (except component products or parts on which written warranties issued by the respective manufacturers thereof are furnished to the original customer, as to which Twin Disc, Incorporated makes no warranty and assumes no liability) against defective materials or workmanship for over a period of *twenty-four (24) months from the date of shipment by Twin Disc, Incorporated to original customer, but not to exceed twelve (12) months of service*, whichever occurs first. **This is the only warranty made by Twin Disc, Incorporated and is in lieu of any and all other warranties, express or implied, including the warranties of merchantability or fitness for a particular purpose and no other warranties are implied or intended to be given by Twin Disc, Incorporated.** The original customer does not rely upon any tests or inspections by Twin Disc, Incorporated, or on Twin Disc, Incorporated's application engineering.

B. **The exclusive remedy provided by Twin Disc, Incorporated, whether arising out of warranty within the applicable warranty period as specified, or otherwise (including tort liability), shall at the sole option of Twin Disc, Incorporated by either the repair or replacement of any Twin Disc, Incorporated part or product found by Twin Disc, Incorporated to be defective and the labor to perform that work and to remove and reinstall (or equivalent credit). In this context, labor is defined as the flat rate labor hours established by Twin Disc, Incorporated in the published Twin Disc Flat Rate Schedule, required to remove, disassemble, inspect, repair, reassemble, reinstall and test the Twin Disc, Incorporated product only. Authorized reasonable travel and living expenses will be considered for payment. Under no circumstances, including a failure of the exclusive**

6-15

WD 00320

SECTION 6

Appendix

remedy, shall Twin Disc, Incorporated be liable for economic loss, consequential, incidental or punitive damages. The above warranty and remedy are subject to the following terms and conditions:

1. Complete parts or products upon request must be returned transportation prepaid and also the claims submitted to Twin Disc, Incorporated within sixty (60) days after completion of the in-warranty repair.

2. The warranty is void if, in the opinion of Twin Disc, Incorporated, the failure of the part or product resulted from abuse, neglect, improper maintenance or accident.

3. The warranty is void if any modifications are made to any product or part without the prior written consent of Twin Disc, Incorporated.

4. The warranty is void unless the product or part is properly transported, stored and cared for from the date of shipment to the date placed in service.

5. The warranty is void unless the product or part is properly installed and maintained within the rated capacity of the product or part with installations properly engineered and in accordance with the practices, methods and instructions approved or provided by Twin Disc, Incorporated.

6. The warranty is void unless all required replacement parts or products are of Twin Disc origin or equal, and otherwise identical with components of the original equipment. Replacement parts or products not of Twin Disc origin are not warranted by Twin Disc, Incorporated.

C. As consideration for this warranty, the original customer and subsequent purchaser agree to indemnify and hold Twin Disc, Incorporated harmless from and

against all and any loss, liability, damages or expenses for injury to persons or property, including without limitation, the original customer's and subsequent purchaser's employees and property, due to their acts or omissions or the acts or omissions of their agents, and employees in the installation, transportation, maintenance, use and operation of said equipment.

D. Only a Twin Disc, Incorporated authorized factory representative shall have authority to assume any cost or expense in the service, repair or replacement of any part of product within the warranty period, except when such cost or expense is authorized in advance in writing by Twin Disc, Incorporated.

E. Twin Disc, Incorporated reserves the right to improve the product through changes in design or materials without being obligated to incorporate such changes in products of prior manufacture. The original customer and subsequent purchasers will not use any such changes as evidence of insufficiency or inadequacy of prior designs or materials.

F. If failure occurs within the warranty period, and constitutes a breach of warranty, repair or replacement parts will be furnished on a no-charge basis and these parts will be covered by the remainder of the unexpired warranty, which remains in effect on the complete unit.

July 1, 1997

WD 00321

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10720-RWZ

| | |
|---|---|
| WAYNE DALEY, | ) |
| NADINE DALEY and | ) |
| MDL FISHING LLC | ) |
| | ) |
| V. | ) |
| | ) |
| TWIN DISC, INC. | ) |
| MANN ENGINES AND | ) |
| COMPONENTS, INC. | ) |
| OCEAN YACHTS, INC. and | ) |
| PERFORMANCE DIESEL, INC. | ) |
| Defendants. | ) |

### ANSWERS OF THE PLAINTIFF, WAYNE DALEY TO
### INTERROGATORIES BY THE DEFENDANT
### TWIN DISC, INC.

The plaintiff, Wayne Daley, hereby responds to the Interrogatories by the Defendant,

Twin Disc, Inc., as follows:

### GENERAL OBJECTIONS

1.     The plaintiff objects to each interrogatory which seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other applicable privilege.

2.     The plaintiff objects to the definitions, instructions, and specific interrogatories to the extent they purport to impose discovery obligations beyond those required by the Federal Rules of Civil Procedure.

3.     The plaintiff objects to each interrogatory which seeks the mental impressions and work product of the plaintiff's attorneys on the grounds that such information is privileged, as well as on the grounds that the requests are premature in that discovery is not yet complete.

4.     The plaintiff objects to the interrogatories to the extent they contain legal conclusions which are at issue in the case or are otherwise argumentative.

ID # 441962v01/14236-2/ 10.14.2005

Subject to and specifically incorporating the above-stated Objections, the plaintiff responds to defendant's Interrogatories as follows:

## INTERROGATORIES

1.    Please identify yourself fully, stating your full name, residential address, business address, and occupation.

**ANSWER:**    Wayne Daley; 27 Trayer Road, P.O. Box 619, Canton, MA 02021; Sales; 395 Washington Street, Canton, MA.

2.    Please state in itemized form all expenses or damages suffered by you or incurred by anyone on your behalf as a result of the events alleged in your complaint.

**ANSWER:**    Four and a half years of enduring defects and problems in the enjoyment of the boat and in trying to determine the cause of the vibrations in the yacht by engine couplers, mounts, incorrect engines and faulty transmissions. In addition, I lost time from work, and incurred approximately $20,000 in expenses. Finally, we did not receive fair value for what we paid for in purchasing the boat.

3.    Please state the full name and last known address, giving street, number, city and state of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the happening of the events alleged in your complaint, including, but not limited to eyewitnesses to such events and other persons having knowledge thereof.

**ANSWER:**

a.    Wayne Daley
PO Box 619
Canton, MA 02021

b.    Nadine Daley
PO Box 619
Canton, MA

ID # 441962v01/14236-2/ 10.14.2005

c.  Arno Farber
    MAN Engines & Components, Inc.
    Plaza Center North
    Pompano Business Park
    591 SW 13th Terrace
    Pompano Beach, FL 33069

d.  Dan Macri
    MAN Engines & Components, Inc.
    Plaza Center North
    Pompano Business Park
    591 SW 13th Terrace
    Pompano Beach, FL 33069

e.  Clark Brunning
    MAN Engines & Components, Inc.
    Plaza Center North
    Pompano Business Park
    591 SW 13th Terrace
    Pompano Beach, FL 33069

f.  Hans Schonselder
    MAN Engines & Components, Inc.
    Plaza Center North
    Pompano Business Park
    591 SW 13th Terrace
    Pompano Beach, FL 33069

g.  Herold Snyder
    MAN Engines & Components, Inc.
    Plaza Center North
    Pompano Business Park
    591 SW 13th Terrace
    Pompano Beach, FL 33069

h.  David Hall
    MAN Engines & Components, Inc.
    Plaza Center North
    Pompano Business Park
    591 SW 13th Terrace
    Pompano Beach, FL 33069

ID # 441962v01/14236-2/ 10.14.2005

-3-

i.      Wolf Schonborn
        MAN Engines & Components, Inc.
        Plaza Center North
        Pompano Business Park
        591 SW 13th Terrace
        Pompano Beach, FL 33069

j.      Jerry (TVA Specialist)
        MAN Engines & Components, Inc.
        Plaza Center North
        Pompano Business Park
        591 SW 13th Terrace
        Pompano Beach, FL 33069

k.      Scott Krawiec
        Ocean Yachts
        Rt. 563, Mile Marker 23
        Weekstown, NJ  08215

l.      John Leek
        Ocean Yachts
        Rt. 563, Mile Marker 23
        Weekstown, NJ  08215

m.      Peter Maryott
        Oyster Harbor Marine, Inc.
        157 Pleasant Street
        Hyannis, MA 02601

n.      Ben Crago
        Oyster Harbor Marine, Inc.
        157 Pleasant Street
        Hyannis, MA 02601

o.      Sven von Saalfeld
        MAN Engines & Components, Inc.
        Plaza Center North
        Pompano Business Park
        591 SW 13th Terrace
        Pompano Beach, FL 33069

p.      Brent Wagner
        Performance Diesel, Inc.
        12707 North Freeway, Suite 590
        Houston, TX  47060

ID # 441962v01/14236-2/ 10.14.2005

q.    John Bowen
      Performance Diesel, Inc.
      12707 North Freeway, Suite 590
      Houston, TX  47060

r.    Malcolm Phillips
      Performance Diesel, Inc.
      12707 North Freeway, Suite 590
      Houston, TX  47060

s.    Mike Collins
      Performance Diesel, Inc.
      12707 North Freeway, Suite 590
      Houston, TX  47060

t.    Lloyd Dye
      Performance Diesel, Inc.
      12707 North Freeway, Suite 590
      Houston, TX  47060

u.    Kevin Rantusio
      Rantusio Boat Works
      978 Falmouth Road
      Mashpee, MA  02649

v.    Paul Harrison
      22 Elm Street
      Foxboro, MA  02035

w.    Lenny Croken
      Kraft Power
      1999 Wildwood Avenue
      Woburn, MA  01801

x.    Frank Williams
      1 Pond Road
      Derry, NH  03038

y.    Mike Bray
      219 Neponset Valley Parkway
      Hyde Park, MA  02136

z.    John Leek
      Ocean Yachts
      Rt. 563, Mile Marker 23
      Weekstown, NJ  08215

aa.   Dan Bush
      Ocean Yachts
      Rt. 563, Mile Marker 23
      Weekstown, NJ  08215

bb.   Mike Czapla
      Bayside Diesel
      35 Water Street
      Mystic, CT  06355

cc.   Richard Quandt
      Twin Disc
      1328 Racine Street
      Racine, WI 53403

dd.   Bill Long
      Twin Disc
      1328 Racine Street
      Racine, WI  53403

ee.   James Dolloff
      Coastal Marine
      PO Box 579
      Green Harbor, MA  02041

ff.   Craig Venne
      Twin Disc
      1328 Racine Street
      Racine, WI  53403

gg.   Tim Taggard
      Twin Disc
      1328 Racine Street
      Racine, WI  53403

hh.   Jay Kingsley
      Twin Disc
      1328 Racine Street
      Racine, WI  53403

ID # 441962v01/14236-2/ 10.14.2005

ii.     Lee Gillespie
        No. Atlantic Power
        225 Heritage Avenue
        Portsmouth, NH  03801

jj.     BG Sikes
        Alvamar

kk.     Capt. Joe Walker
        815 Sterling Place
        Brigahtine, NJ  08203

ll.     Anthony Modestino
        141 Wagon Trail Road
        Hanson, MA  02341

mm.     Sherwood Modestino
        141 Wagon Trail Road
        Hanson, MA  02341

nn.     Everett Knowlton
        10 Eric Road
        Mansfield, MA  02048

oo.     John Carlson
        141 Wareham Street
        Middleboro, MA  02346

pp.     Phillip Muirhead
        28 Springfield Circle
        Merrimack, NH  03054

qq.     Larry Crowley
        93 Park Avenue
        East Wareham, MA  02538

4.      If you, your agent, servants, employees or anyone acting on your behalf have ever spoken to any of the alleged witnesses named above in your answer to the previous interrogatory, please state:

a.      the names and addresses of all persons participating in the making of each such conversation or statement, including the names and addresses of all other persons present at the time that each such conversation or statement was made;

b.      the date, time and place that each such conversation or statement was made; and

    c.      the substance of each such conversation or statement and a full description of any documentation of each such conversation or statement, including each and every recording, photograph, drawing and signed or unsigned document which reflects, represents or pertains to same.

**ANSWER:**   Please see Exhibit A.

    5.      For each expert witness whom you expect to call at the trial of this action, and whom you have retained or specially employed in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at the trial of this action, please state:

    a.      the name, business address, residential address, educational and employment history;

    b.      the subject matter on which each such expert witness is expected to testify or was retained or employed to consider;

    c.      the substance of the facts and opinions to which each such expert is expected to testify or was retained or employed to consider; and

    d.      a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

**ANSWER:**   Plaintiffs have not yet determined whether they will retain an expert witness. Plaintiffs will supplement this interrogatory answer if they decide to retain an expert witness.

    6.      Please state forth in complete detail the substance and form of the various warranties that you contend Twin Disc made with respect to your Ocean 24 Supersport Yacht as alleged in paragraph 12 of your complaint.

**ANSWER:**   Pursuant to Rule 33(d), copies of the warranties that the plaintiffs have in their possession, custody or control will be produced. In addition, please see Exhibit A.

    7.      Please set forth in complete detail the substance and form of the first notice that you gave to Twin Disc, its employees, agents or representatives concerning the issues alleged in your complaint including in your answer to whom such notice was given and the date said notice was given.

**ANSWER:**   Pursuant to Rule 33(d), copies of the documents that the plaintiffs have in their possession, custody or control will be produced. Further answering, please see Exhibit A.

ID # 441962v01/14236-2/ 10.14.2005

8.    Please identify and describe in complete detail the substance of each and every conversation that you or your agents, representatives or employees had with any agent, representative or employee of Twin Disc wherein that individual informed you that its work would solve the problems you experienced as alleged in paragraph 13 of your complaint.

**ANSWER:**    Please see Exhibit A.

9.    Please set forth in complete detail each and every repair that you allege that Twin Disc failed to make as alleged in paragraph 14 of your complaint.

**ANSWER:**    Please see Exhibit A.

10.    Please set forth in complete detail all repair work that has been performed on your Ocean 84 Supersport Yacht from the time you purchased said yacht until the present, including in your answer the date said work was performed and who performed said work.

**ANSWER:**    Pursuant to Rule 33(d), copies of the documents that the plaintiffs have in their possession, custody or control will be produced. Further answering, please see Exhibit A.

11.    Please set forth in complete detail the substance of each and every conversation that you had with any representative, employee or agent of Twin Disc concerning the problems that you were experiencing with your yacht as alleged in your complaint, including in your answer the name of each individual involved in such conversations and the approximate date of such conversations.

**ANSWER:**    Please see Exhibit A.

12.    Please set forth in complete detail the nature of the business operated by MDL Fishing, LLC, including how MDL Fishing uses the yacht at issue in this matter in its business.

**ANSWER:**    The yacht is used for both pleasure and charter.

13.    Please set forth in complete detail a description of each and every action taken by you, your agents, representatives, or employees to determine the cause of the problems that you have experienced with the yacht at issue in this matter including in your answer the name and address of any individual who has examined said yacht on your behalf.

**ANSWER:**    Please see Exhibit A.

14.    Please identify each and every contract that you allege that you entered into with Twin Disc, its agents, representatives or employees that you alleged Twin Disc breached as set forth in Count I of your complaint.

**ANSWER:**    Please see Exhibit A.

ID # 441962v01/14236-2/ 10.14.2005

15.    Please set forth in complete detail the substance of any conversation that you have had with any individual or entity wherein you were informed that the twin Disc transmissions were the cause of the problems that you experienced with your yacht as alleged in your complaint.

**ANSWER:**    I had conversations with Twin Disc representatives or employees between June, 2000 through August, 2004 in which I informed said representatives that I believe that Twin Disc transmissions were at least in part the cause of the problems that I experienced with my yacht. Further answering, please see Exhibit A.

16.    Please set forth in complete detail each and every fact that supports your contention that Twin Disc, Inc. engaged in unfair and deceptive trade practices in violation of M.G.L. c. 93A.

**ANSWER:**    Twin Disc, Inc. promised to fix the problems with the transmission in my yacht and they broke those premises, as set forth in detain in Exhibit A.

17.    Please set forth in complete detail the results of any test(s) and/or investigation(s)S conducted by you, your agents, representatives o employees or on your behalf that identified any possible cause of problems you experienced with your yacht as alleged in your complaint.

**ANSWER:**    Pursuant to Rule 33(d), copies of tests and investigations that the plaintiffs have in their possession, custody or control will be produced.

18.    Please set forth in complete detail all amounts that you allege to have paid to Twin Disc in connection with repairs performed by Twin Disc as alleged in paragraph 19 of your complaint.

**ANSWER:**    I do not believe any amounts have been paid to Twin Disc in connection with the repairs performed by Twin Disc.

19.    Please set forth in complete detail each and every conversation that you, your employees, representatives or agents had with the following entities, their employees, representatives or agents concerning the problems that you experienced with your yacht:

a.    MAN Engines;

b.    Ocean Yachts; and

c.    Performance Diesel, Inc.

**ANSWER:**    Please see Exhibit A.

ID # 441962v01/14236-2/ 10.14.2005

20.    Please state whether your yacht is presently operable and if the answer is in the negative, please state the date that said yacht was last operable.

**ANSWER:**    The yacht is presently operable, but as alleged in my complaint, has numerous defects and has lost a substantial amount of its value.

Signed under the penalties of perjury this ___*14*___ day of ___*Oct*___, 2005.

_____
Wayne Daley

AS TO OBJECTIONS:

WAYNE DALEY, NADINE DALEY AND
MDL FISHING, LLC
By their attorneys,

_____
Joseph P. Crimmins, BBO # 556582
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel:    617-973-6100
Fax:    617-722-4915
jcrimmins@pbl.com

## CERTIFICATE OF SERVICE

I, Joseph P. Crimmins, hereby certify that on this ___*14*___ day of ___*October*___, 2005, I caused a copy of the above **Plaintiffs' Answers to Interrogatories** by the **Defendant, Performance Diesel, Inc.** to be **mailed first-class, postage repaid,** to:

Michel O. Weisz
Segredo & Weisz
Suite 1500
9350 South Dixie Highway
Miami, FL 33156
Tel:    (305) 670-3820
Fax:    (305) 670-8230
moweisz@aol.com

Howard Brown, BBO #
Bartlett Hackett Feinberg, P.C.
10 High Street, Suite 920
Boston, MA 02110
Tel:    (617) 422-0200
Fax:    (617) 422-0383
hmb@bostonbusinesslaw.com

ID # 441942v01/14236-2/ 10.13.2005

-11-

Francis J. Lynch, III, BBO #
J. Gary Bennett, BBO #
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
Tel:    (508) 230-2500
Fax:    (508) 230-2510
gbennett@lynchlynch.com

Richard J. Shea, BBO #
Megan Kures
Melick Porter & Shea
28 State Street, 22nd Floor
Boston, MA  02108
Tel:    (617) 523-6200
Fax:    (617) 617-523-8130
rshea@melicklaw.com
mkures@melicklaw.com

John Felice, Esq.
Randy J. Spencer, Esq.
Hermes, Netburn, O'Connor & Spearing, P.C.
111 Devonshire Street, 8th Floor
Boston, MA  02109
Tel:    (617) 728-0050
Fax:    (617) 728-0052
jfelice@hnso.org
rspencer@hnso.org

Joseph P. Crimmins

| DATE | |
|---|---|
| 6/1/12000 | BOAT LAID UP FROM 11/99 TO 5/00 |
| 6/1/12000 | BOAT 11 MONTHS OLD<br>NOTICE EXHAUST SMELL AND SOOT IN CABIN AND ENGINE ROOM<br>CALLED RED FROM AMERICAN DIESEL MAN DEALER |
| 6-20-00 | RED CALLED BACK TOLD ME HE WAS GOING OUT OF BUT POSSIBLY HAD A NEW DEAL IN THE WORKS WITH MAN AND<br>ANOTHER COMPANY<br>AFTER CALLS TO OCEAN AND OYSTER HARBORS I WAS TOLD TO CALL THE NEXT CLOSEST MAN DEALER BAYSIDE<br>DIESEL IN CONN 860-536-2038 |
| 8/14/2000 | MICHAEL CZAPLA FROM BAYSIDE CAME AND TOLD ME THE PARTICLES IN THE ENGINE ROOM<br>ARE FROM THE ENGINE VIBRATION COUPLER BETWEEN THE TRANSMISSION AND THE ENGINE THAT IS BREAKING<br>APART<br>MIKE TOLD ME TO CALL TWIN DISC THE TRANS MANUFACTURE<br>WITHOUT KNOWING IT WAS A MAJOR PROBLEM I CALLED TWIN DISC, MAN, OCEAN, AND OYSTER<br>HARBORS EVERYBODY WAS TELLING ME IT WOULD BE TAKEN CARE OF |
| 8/14/2000 | LEFT MESSAGE FOR TIM TAGARD FROM TWIN DISC 800-558-3208<br>TIM CALLED BACK AND TOLD ME TO CALL KRAFT THE T-DISC DEALER IN MY AREA 781-938-9100<br>I SPOKE TO JAY KINGSLEY AT KRAFT AFTER FAXING ALL THE ENGINE AND TRANS ID NUMBERS<br>AND BILL OF SALES HE PUT ME IN TOUCH WITH LEN CROKEN AT KRAFT TO HAVE A TECH LOOK<br>AT THE BOAT<br>AROUND THIS DATE KRAFT ALSO BECAME THE MAN DEALER IN THE AREA AND RED WAS NOW<br>WORKING FOR THEM |
| 8/22/2000 | SPOKE WITH LEN CROKEN AND HE HAD ME CALL RED 617-719-6854 AND HAVE HIM LOOK AT<br>BOAT HE TOLD ME THE BOAT HAD TO COME OUT OF THE WATER TO REMOVE THE TRANSMISSIONS     TO<br>REPLACE THE COUPLERS<br>HE TOLD ME KRAFT WOULD DO THE JOB UNDER WARRANTY BUT NEEDED THE OK FROM T-DISC<br>THE NEXT TWO WEEKS MAN, TWIN-DISC AND OCEAN WERE ARGUING WHO WAS GOING TO PAY<br>FOR WHAT |
| 9/1/2000 | WAS TOLD BY RED THAT MAN SAID NOT TO RUN THE BOAT BECAUSE IT COULD BREAK THE<br>ENGINE CRANKSHAFT |

# EXHIBIT A

ID # 446781 v01/14236-2/ 10.13.2005

| Date | Description |
|---|---|
| 10/14/2000 | BOAT IS HAULED I HAVE TO TAKE INTERIOR APART SO THEY CAN PULL THE FLOOR HATCHES AFTER TRANSMISSIONS WERE REMOVED KRAFT TELLS ME THAT THEY HAVE TO BE REBUILT BECAUSE THE COUPLES WERE NOT THE RIGHT ONES SO THE VIBRATION THEY WERE THERE TO STOP EAT UP ALL THE GEARS IN THE TRANSMISSIONS MAN AND TWIN DISC DECIDED TO PUT A DIFFERENT STYLE COUPLER INSTEAD OF THE ONE THEY USED AT FIRST |
| 11/10/2000 | BOAT PUT BACK IN THE WATER WITH REBUILT TRANSMISSIONS AND NEW STYLE COUPLERS SEA TRIAL WITH RED, EVERETT AND MYSELF TRANSMISSIONS OK BUT BAD VIBRATION ON STARBOARD SIDE WHOLE BOAT SHOOK AT IDLE RED CHECKED SHAFT ALIGNMENT AND SAID STARBOARD INJECTION PUMP IS BAD |
| Dec-00 | RED REMOVED PUMP AND HAD IT CALIBRATED AFTER HE INSTALLED THE PUMP RED, EVERETT AND MYSELF HADE ANOTHER SEA TRIAL IT WAS BETTER AT IDLE BUT HAD A WOBBLE AND SHAKE FROM 900 RPM TO 1600 RPM BY THIS TIME IT WAS SO LATE IN THE YEAR THE HARBOR WAS FREEZING AND THE MARINA WAS FORCING US OUT OF THE WATER THE BOAT WAS CONTRACTED TO BE OUT OF THE WATER BY OCT 15TH |
| 12/18/2000 | BOAT HAULED RED TOLD ME WE WOULD GET TO THE VIBRATION IN THE SPRING |
| 12/29/2000 | STEVE FROM LONGPOINT MARINE ON BOAT TO RECALIBRATE GLENDENNING SYSTEM BECAUSE INJECTION PUMP WAS NOT SET PROPERLY. |
| 2001 | |
| 20-Apr | LAUNCH |
| 1-May | AFTER SEA TRIAL TOLD BY RED STARBOARD INJECTION PUMP BAD AGAIN I CALLED OCEAN & MAN AND WAS TOLD TO TALK TO MIKE AT PERFORMANCE DIESEL 281-474-2667 THIS WOULD BE THE THIRD TIME THE STARBOARD INJECTION PUMP HAD TO BE CALIBRATED 1ST TIME AT OCEAN BEFORE DELIVERY. 2ND BY WA KRAFT 12/2000 |
| 28-May | I TOLD MIKE I WANTED A NEW PUMP AFTER SEVERAL CALLS TO MAN THEY AGREED ON 5/28/2001 TO SEND A NEW PUMP |
| 7-Jun | RED PUT NEW PUMP ON BOAT WOULD NOT IDLE KEPT HUNTING NEW PUMP WAS NO GOOD NEW PUMP REMOVED AND SENT TO FLA TO BE CALIBRATED BOAT OUT OF COMMISSION |
| 14-Jun | PUMP PUT BACK ON |
| 26-Jul | SPOKE WITH JAY KINGSLEY WHO CAME FROM KRAFT, I TOLD HIM WHAT I THOUGHT ABOUT THE DIFFERENT COUPLERS HE WAS GOING TO SEND SOMEONE TO LOOK AT THE BOAT |

-2-

ID # 446781 v01/14236-2/ 10.13.2005

| Date | Notes |
|---|---|
| 2-Aug | ANOTHER SEA TRIAL WITH LEE GILLESPIE 603-396-1071 FROM NO. ATLANTIC HE WANTED TO KNOW THE COLOR OF THE COUPLERS HE THINKS IT IS THE ENGINE MOUNTS CAUSING THE VIBRATION<br>HE ALSO SAID THE TRANSMISSIONS HAD METAL IN THE OIL HE PULLED THE SCREENS AND SAID THE TRANSMISSIONS HAD TO BE REBUILT AGAIN. HE TOLD ME THE TRANS COOLERS SHOULD HAVE BEEN REPLACED THE FIRST TIME THE TRANSMISSIONS WERE REBUILT WHEN THE COUPLERS WERE REPLACED<br>2:15PM SPOKE WITH LOID ABOUT ENGINE MOUNTS<br>I CALLED PAM AT KRAFT TO GET COPIES OF RO'S WHEN TRANSMISSION WERE REBUILT<br>LEFT MESSAGE FOR FRANK FROM KRAFT TO SEE IF HE REMEMBERED COLORS OF COUPLERS |
| 5-Aug | COLLECTED STYROFOAM CUPS COVERED IN SOOT (20-30 HOURS) |
| 8-Aug | CALLED KINGSLEY ( HE QUIT ON 8/3/2001) SPOKE TO LEE HE CHECKING TO SEE IF THE WRIGHT MOUNTS WERE USED<br>CALLED RED TO CHECK EXHAUST LEAK<br>NEVER HEARD FROM OCEAN JOHN LEEK SIGNED FOR CERTIFIED LETTER ON 7/12/2001 |
| 22-Aug | SPOKE LOID AND MALCOLM THEY TOLD ME THEY WERE GOING TO SEND SOMEONE TO PUT A NEW INJECTION PUMP<br>ON THE STARBOARD ENGINE ON THE WEEK OF 9/9/2001 |
| 23-Aug | LEE CALLED TO FIND OUT WHAT COUPLERS WERE PUT IN. I FAXED HIM THE RO'S FROM KRAFT<br>LOID CALLED MAN IS SENDING A NEW MAN DEALER FROM CAPE COD |
| 18-Sep | BG SIKES FROM AVLAMAR THE NEW MAN DEALER 888-404-5663 CELL 508-360-3900 CALLS TO MAKE AN APPOINTMENT TO SEA TRIAL AND FEEL VIBRATION |
| 20-Sep | ANOTHER SEA TRIAL BG THINKS IT IS ENGINE MOUNTS AND ALIGNMENT WILL ORDER MOUNTS |
| 24-Sep | SPOKE WITH BG HE IS WAITING TO HEAR FROM MAN<br>SPOKE WITH CLARK BRUNNING FROM MAN WAITING TO HEAR FROM WOLF<br>LEFT MESSAGE FOR SCOTT AT OCEAN 609-965-4616<br>SPOKE WITH MALCOLM PHILLIPS HE SAID HE WOULD MAKE SURE EVERYTHING WAS TAKEN CARE OF |
| 25-Sep | SPOKE WITH BEN CRAGO FROM OYSTER HARBORS TOLD HIM ABOUT VIBRATION AND EXHAUST LEAKS |
| 5-Oct | BG SIKES FROM AVLAMAR PUT A NEW MOUNT ON THE STARBOARD INSIDE BY THE TRANSMISSION SAID HE WOULD BE BACK THE WEEK OF THE 10/15/2001 TO REALIGN THE SHAFT ON THE STARBOARD SIDE |
| 19-Oct | BG CALLED AND TOLD ME MAN REFUSED TO PAY WARRANTY CLAIM. I TOLD HIM I WILL PAY JUST COME FINISH JOB HE SAID HE WOULD BE ON THE BOAT 10/23/2001 |

-3-

ID # 446781v01/14236-2/ 10.13.2005

| Date | Description |
|---|---|
| 23-Oct | CALLED BG HE WAS AT FORT LAUDERDALE BOAT SHOW |
| 24-Oct | CALLED LOID HE TOLD ME MALCOLM AND HE WERE DISCUSSING MY PROBLEM WITH MAN AT THE BOAT SHOW |
| 29-Oct | LEFT MESSAGE FOR SCOTT, LOID AND BG |
| 1-Nov | "            "            "            "            " |
| | NO RETURN PHONE CALLS |
| 4-Nov | LEFT MESSAGE FOR BEN CRAGO |
| 5-Nov | LEFT MESSAGE FOR BG AND LOID |
| | BG CALLED LOID TOLD HIM PERFORMANCE WOULD PAY FOR ALIGNMENT AND HE WILL BE AT THE BOAT ON 11/7/2001 |
| 7-Nov | BG DID ALIGNMENT BUT IT WAS BLOWING TOO HARD WE COULD NOT GO FOR A SEA TRIAL |
| 15-Nov | ANOTHER SEA TRIAL VIBRATION WORSE THAN EVER |
| | LEFT MESSAGE FOR LOID AND BG |
| | TALKED TO BEN HE SAID HE WOULD TALK TO SCOTT |
| | NOW ALL THIS TIME THE BOAT SHOULD BE OUT OF THE WATER BY 10/15 |
| | I HAD TO EXTEND MY INSURANCE AND MY SLIP |
| 16-Nov | BG CALLED AND WILL TALK TO MAN ABOUT CHECKING FUEL SYSTEM |
| 19-Nov | SENT CERTIFIED LETTERS |
| 20-Nov | SCOTT CALLED AND TOLD ME HE WAS GOING TO HAVE A CONFERENCE CALL WITH TWIN DISC AND LOID FROM PERFORMANCE |
| 26-Nov | SCOTT CALLED CONFERENCE AT 11AM |
| 27-Nov | CRAIG VENNE FROM TWIN DISC CALLED AND I HAD TO TELL HIM THE WHOLE STORY 410-337-5977 |
| | LEE FROM TWIN DISC CALLED AND I HAD TO TELL HIM THE WHOLE STORY |
| | HE ASKED ME TO TAKE THE SCREEN OUT OF THE STARBOARD TRANSMISSION TO SEE IF IT WAS FULL OF METAL AGAIN |
| 28-Nov | BOAT WAS TO BE PULLED OUT OF THE WATER, I CALLED AND ASKED TO LEAVE IN |
| 29-Nov | CALLED LEE HE DID NOT GET OK FROM TIM TAGGARD TO DO ANYMORE WARRANTY WORK |
| | CALLED LOID AND CRAIG VENNE HE SAID HE WOULD LEE THE OK |
| 30-Nov | LEE CALLED AND TOLD ME HE RECEIVED A EMAIL FROM TWIN DISC AND THEY WANT TO DO A TORSIONAL VIBRATION ANALYSIS |
| | LOID CALLED AND WANTS OCEAN AND MAN ON BOARD FOR TVA |
| 3-Dec | LEFT MESSAGE FOR SCOTT ABOUT BEING ON THE BOAT FOR TVA |
| | TALKED TO SCOTT AND BEN ABOUT BEING ON BOARD SCOTT HIRES KEVIN RANTUSIO TO BE ON THE BOAT FOR OCEAN |
| 12-Dec | SCOTT GAVE ME HIS CELL PHONE TO TELL HIM WHAT WAS GOING ON 609-226-2567 |
| 13-Dec | NA ONE WHOLE DAY OF SEA TRIALS FROM 9AM TO 10PM RICH QUANDT, BILL LONG AND CRAIG VEGNE FROM TWIN DISC. BEN CRAGO FROM OYSTER HARBORS. KEVIN RANTUSIO FOR OCEAN |

-4-

ID # 446781v01/14236-2/10.13.2005

| | |
|---|---|
| | MAN DID NOT SHOW UP. KEVIN TOLD ME AND BEN THAT THE BOAT VIBRATED SO MUCH HE WOULD BE AFRAID TO USE IT. |
| 14-Dec | WOLF FROM MAN CALLED ME AND ASKED WHY 7.5 MOUNTS WERE ON THE ENGINES. I TOLD HIM THEY WERE ALL THE ORIGINAL ONES EXCEPT THE ONE BG SIKES CHANGED. |
| 16-Dec | RAN BOAT AND PORT TRANSMISSION WAS LEAKING OIL |
| 17-Dec | SPOKE WITH CRAIG ABOUT LEAK HE SAID THEY WOULD FIX IT |
| 20-Dec | BOAT TAKEN OUT OF WATER |
| | |
| 2002 | |
| 2-Jan | LEFT MESSAGE FOR LOID, SPOKE TO CRAIG WAITING FOR REPORT |
| 3-Jan | BEN CALLED AND GAVE ME KEVIN'S PHONE NUMBER |
| 4-Jan | SPOKE WITH KEVIN HE BELIEVES THERE ARE MANY THINGS THAT ARE CAUSING THE VIBRATION AND CANNOT BELIEVE SOMETHING DIDN'T COME APART 508-648-3470 |
| 10-Jan | LEFT MESSAGE FOR SCOTT HAVE NOT HEARD ANYTHING |
| 15-Jan | LEFT MESSAGE FOR BEN HAVE NOT HEARD ANYTHING |
| 16-Jan | BEN CALLED AND ASKED IF I WENT TO MY ATTORNEY LOID ASKED IF I WOULD WAIT TILL 1/17/2002 |
| 17-Jan | SCOTT AND BEN CALLED TWIN DISC, MAN AND OCEAN TO HAVE A MEETING AT OCEAN ABOUT MY PROBLEM ON 12/21/2002 |
| 18-Jan | BEN CALLED HE IS FAXING ME THE REPORT FROM TWIN DISC |
| 21-Jan | SCOTT CALLED HE RECEIVED REPORT FROM TD |
| 24-Jan | SCOTT WANTS KEVIN TO HAVE PROPS BALANCED |
| 4-Feb | SCOTT MEETING CANCELED TO 2/05/2002 |
| 5-Feb | MEETING TD TO PULL TRANSMISSIONS AND REBUILD OR REPLACE OCEAN TO HELP WITH LABOR MAN TO DO INJECTION PUMPS AND ENGINE MOUNTS AND TVA I TOLD THEM I WANT LETTERS ON WHO WAS DOING WHAT |
| 2/14 & 15 | KEVIN RANTUSIO ON BOAT PULLED EXHAUST, PROPS AND SHAFTS |
| 18-FEB | SPOKE WITH KEVIN HE SAID SHAFT LOG BEARINGS NOT CENTERED, STRUTS NOT CENTERED, STARBOARD ENGINE OFF STARBOARDLEE FROM NO ATLANTIC DROVE DOWN 2 HOURS TO REMOVE TRANSMISSIONS WITH NOTHING TO LIFT THE ENGINES ARRIVED AT 12PM |
| 27-Feb | LOID WAITING FOR TVA FROM TD LEE SAID HE SENT TVA |
| 11-Mar | LEE PORT TRANS ON THE STAND THINKS METAL FROM 1ST REBUILD NOT REPLACING OIL COOLERS |

-5-

ID # 446781-v01/14236-2/ 10.13.2005

| Date | Notes |
|---|---|
| 14-Mar | SPOKE WITH CRAIG ABOUT CHANGING COUPLERS CELL 717-880-9987 |
| 19-Mar | MAN TO SUPPLY 8 NEW 5.5 MOUNTS |
| 20-Mar | SPOKE WITH BRENT WAGNER FROM PDI TO MAKE SURE THEY USE THE RIGHT COUPLERS; THE FIRST COUPLERS WERE CENTENALS THE SECOND ARE VULKINS MAN HAD VIBRATION PROBLEMS AND OR COMPLAINTS SO MAN TRIED THESE NEW CENTENAL COUPLERS AND THEY WORKED IN MY BOAT THERE WAS NO VIBRATION THE FIRST 16 MONTHS BUT THE COUPLERS WOULD NOT STAY TOGETHER SO WHEN THE TRANSMISSIONS WERE REMOVED IN OCT 2000 THE VULKIN COUPLERS WERE INSTALLED AND THAT IS WHEN THE VIBRATIONS STARTED |
| 21-Mar | BRETT CALLED BACK AND SAID THEY ARE THE COUPLERS VULKIN RECOMMENDS |
| 22-Mar | TALKED SCOTT AND CRAIG INTO PUTTING NEW COUPLERS IN THEY USED VULKINS AGAIN |
| 1-Apr | TRANS TO BE INSTALLED WITH 8 NEW REAR ENGINE MOUNTS |
| 3-Apr | TRANS INSTALLED, KEVIN 2 NEW CENTER BEARINGS, STRAIGHTEN RIGHT STRUT, REPOSITION RIGHT CENTER STRUT, REFACE SHAFT COUPLERS, BALANCE PROPS AND STRAIGHTEN SHAFTS |
| 7-Apr | PORT TRANS WILL NOT SHIFT CALLED RICK PANISH FROM GLENDENNING HE TOLD ME THAT THEY BENT THE SHIFT CABLE AND HE WAS WRIGHT |
| 11-Apr | SEA TRIAL STILL VIBRATING STARBOARD SIDE 400 HOUR SERVICE NEW WATER PUMP STARBOARD SIDE VALVE ADJUSTMENT |
| 13-Apr | SEA TRIAL WITH JOHN BOWEN FROM PDI STARBOARD STILL WALKING SIDE TO SIDE |
| 15-Apr | SPOKE WITH DAVE HALL ABOUT WATER PUMP MAN WANT ME TO PAY FOR IT I TOLD DAVID THEY ARE LUCKY THAT'S THE ONLY THING THAT'S GONE ON THAT STARBOARD ENGINE THE WAY IT SHAKES |
| 16-Apr | DAVID SAID HE WOULD GET INTO IT FURTHER |
| 17-Apr | KEVIN RANTUSIO ON BOAT NEW FRONT ENGINE MOUNTS AND ALIGNMENT |
| 19-Apr | KEVIN NEW EXHAUST HUMP HOSES AND REALIGN SEA TRIAL |
| 20 Apr | RAN BOAT STILL SHAKING |

ID # 446781v01/14236-2/ 10.13.2005

| | |
|---|---|
| 22-Apr | CALLED SCOTT, LOID, JOHN BOWEN AND MIKE FROM PDI TOLD THEM BOAT STILL SHAKING |
| 29 Apr | SCOTT CALLED DID NOT HEAR FROM MALCOLM LEFT MESSAGE FOR LOID<br>I CALLED LEE ASKED FOR FULL REPORT ON TRANSMISSIONS |
| 2-May | LEFT MESSAGE FOR MALCOLM AND LOID |
| 8-May | "        "        SCOTT, CALLED LEE ABOUT TRANS OIL CHANGE |
| 20-May | LEFT MESSAGE FOR SCOTT HAVE NOT HERD ANYTHING |
| 30-May | SENT CERTIFIED LETTERS |
| 10-Jun | SCOTT CALLED WILL TALK TO MALCOLM |
| 11-Jun | BEN CALLED TOLD ME SCOTT CALLED HIM MAN GOING TO PUT NEW INJECTION PUMP ON |
| 12-Jun | TALKED TO SCOTT AND MALCOLM ABOUT SHAKING 281-464-2345 CELL 281-924-0123 |
| | OCEAN AND MAN WILL COME AND SEA TRIAL BOAT |
| 24-Jun | SEA TRIAL WITH SCOTT AND LOID BOTH ACKNOWLEDGE THE PROBLEM LOID TALKS ABOUT PUMPS, INJECTORS,<br>MOUNTS AND ALIGHMENTS AGAIN |
| 2-Jul | SPOKE WITH LOID WHAT'S GOING ON?<br>HE SAID HE HAS BEEN TALKING TO MAN |
| 17-Jul | LOID CALLED HE TALKED TO DAVID HALL AT MAN THEY WANT TO RECALIBRATE THIS PUMP AND I WANT IT<br>REPLACED WITH A NEW ONE 609-980-3701 |
| | I TALKED TO DAVID HALL 800-626-2842 HE TOLD ME IT WOULD TAKE 6-8 WEEKS TO GET A NEW<br>PUMP FROM GERMANY I TOLD HIM TO DO IT, I KNOW HE DID NOT |
| 18-Jul | I LEFT MESSAGE FOR DAVID HALL AND LOID DYE |
| 23-Jul | TALKED TO DAVID HALL HE SAID THEY WERE LOOKING FOR A PUMP |
| 1-Aug | TALKED TO LOID HE HAS NOT HERD FROM MAN HE SAID HE WOULD CALL CLARK BRUNNING AT |
| | MAN |
| 7-Aug | BEN CALLED TO SEE IF WE WERE GETTING ANYWHERE |
| 12-Aug | LEFT MESSAGE FOR SCOTT HAVE NOT HERD FROM ANYONE I HAVE TO TAKE FURTHER STEPS |
| | SCOTT CALLED ASKED ME TO HOLD OFF HE WOULD HAVE JOHN LEEK CALL MALCOLM |
| | LEEK TALKED TO MALCOLM, MALCOLM CALLED OWNER OF MAN |
| 13 Aug | DAVID HALL CALLED HE IS SENDING A NEW INJECTION PUMP TO PDI IN NEW JERSEY |
| | AFTER A FEW MORE THREATS THE WHEEL IS TURNING AGAIN SCOTT CALLED TO CHECK UP ON DAVID HALL |
| 22-Aug | CALLED LOID WHERE IS THE PUMP, HE WOULD CALL ME BACK |
| | HE CALLED AND TOIL ME TO CALL FRED AT PDI IN NJ |
| 27 Aug | LEFT MESSAGE FOR DAVID HALL AND FRED IN NJ |
| | FRED CALLED BACK HE DOESN'T KNOW ANYTHING ABOUT IT AND HIS MECHANIC WAS GOING TO |
| | INSTALL THE PUMP IN GREEN HARBOR |
| 28-Aug | CALLED SCOTT GUESS WHAT SCOTT MORE STORIES FROM MAN, HE SAID HE WOULD CALL MAN |

-7-

ID # 446781 v01/14236-2/ 10.13.2005

| | |
|---|---|
| 3-Sep | DAVID HALL CALLED NOW THE PUMP IS GOING KRAFT SO THEY CAN INSTALL |
| 9-Sep | RED CALLED PUMP SHOWED UP, HE WILL REPLACE NEXT WEEK |
| 9-Sep | SEA TRIAL STILL THE SAME! |
| 10-Sep | PAID DIVER TO CHECK ZINCS FOUND STARBOARD PROP NUTS BACKED OFF TO COTTER PIN |
| | THIS HAPPENED THE YEAR BEFORE BECAUSE OF THE VIBRATION |
| | THE DIVER TIGHTEN THE NUTS WITH A WRENCH AND A 4 FOOT BAR |
| 12-Sep | CALLED KEVIN RANTUSIO HE SAID A CASTLE NUT WOULD SOLVE THE PROBLEM |
| 16-Sep | CALLED RED AWAY FOR A WEEK |
| 24-Sep | RED CALLED HE TOLD MAN THE ENGINES NEED NEW INJECTORS TO STOP THE EXCESSIVE SMOKE |
| | AND SOOT IT MAY HELP VIBRATION |
| 26-Sep | RED CALLED HE SPOKE WITH DAVID HALL, NEW INJECTOR COMING FROM GERMANY |
| 30-Sep | CALLED HALL INJECTORS WILL BE HERE IN NOVEMBER |
| 5-Nov | CALLED HALL INJECTORS WILL BE HERE IN DECEMBER |
| 9-Dec | LEFT MESSAGE FOR HALL, TALKED TO SCOTT ABOUT CASTLE NUTS HE AGREED TO PAY FOR |
| | THEM (PROP NUTS BACKING OFF FROM VIBRATION) |
| 3/3/2003 | FAXED SCOTT RO FROM GREEN HARBOR MARINA FOR NEW PROP CASTLE NUTS |
| | CALLED DAVID HALL ABOUT INJECTORS |
| 5/1/2003 | RED CALLED INJECTORS CAME IN |
| 5/15/2003 | FRANK FROM KRAFT ON BOAT WE HAD TO SEA TRIAL AGAIN BEFORE THE INJECTORS WERE |
| | INSTALLED SO MAN HAD BEFORE AND AFTER RESULTS |
| 5/16/2003 | INJECTORS INSTALLED ANOTHER SEA TRIAL BOAT STILL HAD VIBRATION FRANK TOLD ME THE |
| | INSIDE STARBOARD REAR ENGINE MOUNT BRACKET WAS CRACKED WITH NEW INJECTORS |
| | STARBOARD SMOKED WORSE THAN PORT ENGINE BOAT STILL FILLING WITH EXHAUST SMOKE |
| | FRANK SAID HE OR LENNY WOULD SEND CONDITION REPORT TO MAN |
| | CALLED SCOTT TOLD HIM ABOUT CRACKED MOUNT |
| | TOOK PHOTO'S OF CRACK |
| 5/19/2003 | CALLED LOID AND SCOTT ABOUT MOUNT, SMOKE AND VIBRATION |
| 5/20/2003 | CALLED LOID AND HE TOLD ME MAN WOULD NOT PAY TO REPLACE MOUNT (THIS IS A STEEL |
| | MOUNTING BRACKET THAT CRACKED FROM THE VIBRATION) |
| 5/22/2003 | TOOK ANOTHER DAY OFF AND HAD THE MOUNT WELDED AT THE TOWN PIER |
| 5/30/2003 | FRANK REPLACED THE EXHAUST GASKETS THEY WERE THE WRONG GASKETS, REPLACED TURBO |
| | GASKETS AND LISTENED TO NOISE IN THE STARBOARD ENGINE |
| 5/31/2003 | SEA TRIAL STILL THE SAME VIBRATION STARBOARD ENGINE STILL SMOKES MORE THAN PORT |
| | STAR WOULD NOT TURN UP TO 2300 RPM PORT WOULD ONLY TURN 2250 RPM |
| 6/2/2003 | CALLED FRANK HE SAID HE OR LENNY WOULD TALK TO MAN 617-908-0155 |

-8-

ID # 44678\v01//14236-2/ 10.13.2005

| Date | Notes |
|---|---|
| 6/12/2003 | SEA TRAIL WITH FRANK TALKED ABOUT NEW INJECTOR PUMP (STAR SMOKE AND VIBRATION) |
| 6/23/2003 | CALLED MAN ASKED FOR DAVID HALL AND WAS TOLD HE WAS NO LONGER WITH MAN I SPOKE WITH DAN MCREE HE WOULD TALK TO ARNO, ARNO FARBOR HE IS THE NEW PERSON IN CHARGE OF WARRANTIES HE WAS NOT THERE 954-946-9062 I LEFT MESSAGE |
| 6/25/2003 | SPOKE WITH LEN NY AT KRAFT HE KNOWS THERE IS A PROBLEM AND WILL FAX REPORTS AND REPAIR ORDERS TO DAN AND ARNO AT MAN |
| 6/30/2003 | LEFT MESSAGE WITH LENNY AND DAN LENNY CALLED BACK AND SAID HE DID FAX THE REPORTS |
| 7/1/2003 | LEFT MESSAGE FOR DAN CELL # 954-242-0603<br>5:35 P.M. DAN CALLED AND SAID HE COULD NOT HELP I HAD TO TALK TO ARNO |
| 7/2/2003 | 8:17 PAM CALLED MAN SPOKE WITH A WOMAN NAMED PAT SHE WOULD NOT CONNECT ME TO ANYONE BUT DAN MCREE! 800-626-2842 LEFT ANOTHER MESSAGE |
| 7/7/2003 | 8:50 AM CALLED DAN AGAIN AND HE TOLD ME TO CALL EXTENSION 119 CELL 954-383-0068<br>CALLED LENNY, RED AND FRANK ABOUT TURBO AND INJECTOR LEAKS;<br>5:30 PM ARNO CALLED ME AND SAID HE DID NOT KNOW ABOUT THE PROBLEM TO FAX HIM THE REPORT |
| 7/8/2003 | FAXED REPORT AND LETTER ABOUT PROBLEMS TO MAN |
| 7/10/2003 | SPOKE WITH ARNO TOLD HIM THE WHOLE STORY FROM THE BEGINNING FIRST ABOUT THE COUPLERS BRAKING APART, THE DIFFERENT COUPLERS THEY INSTALLED, THE VIBRATION, THE FOUR OR FIVE INJECTION PUMPS, THE NEW INJECTORS, THE NEW ENGINE MOUNTS, THE EXCESSIVE SMOKE, THE CRACKED MOUNT, THE REBUILT TRANSMISSIONS, THE PROP NUTS BACKING OFF.<br>HE TOLD ME HE WAS GOING TO GERMANY AND TO CALL HANZ AT 800-626-2842 EXT 1201<br>I CALLED AND LEFT A MESSAGE<br>HANZ CALLED BACK AND I HAD TO TELL HIM THE WHOLE STORY OVER AGAIN.  HE TOLD ME HE HAD TO TALK TO CLARK BRUNNING AND HE WOULD CALL ME BACK ON MONDAY |
| 7/14/2003 | HANZ LEFT ME A MESSAGE |
| 7/15/2003 | 8:00 AM TALKED TO HANZ, HE TOLD ME I HAD TO WRITE A LETTER TO THE PRESIDENT OF MAN SVEN V. SAALFELD TO GET ANYTHING REPAIRED<br>TALKED TO RED AND HE SAID THE INJECTORS WERE BAD AND THEY COULD BLOW PISTONS<br>10:30 AM CALLED CLARK BRUNNING AND LEFT MESSAGE<br>CALLED HANZ AND TOLD HIM WHAT RED SAID ABOUT PISTONS AND SOME ONE BETTER MAKE A DECISION NOW<br>RED CALLED AND SAID MAN AGREED TO RE-DO THE INJECTORS |
| 7/21/2003 | KRAFT PULLED INJECTORS AND SENT TO BOSTON |
| 7/23/2003 | INJECTORS REINSTALLED SEA TRIAL STILL VIBRATING AND SMOKING |

ID # 446781 v01/44236-2/ 10.13.2005

| Date | Description |
|------|-------------|
| 8/4/2003 | CALLED FRANK TURBO STILL LEAKING |
| 9/23/2003 | SENT CERTIFIED LETTERS TO OCEAN, MAN AND OYSTER HARBORS |
| | CALLED SVEN LEFT MESSAGE WITH REBECCA |
| 10/2/2003 | 4:30 PM ARNO CALLED SAID HE WAS SORRY IT TOOK SO LONG HE WAS IN GERMANY AND NOW SVEN IS IN GERMANY THEY WANT TO DO A VIBRATION ANALYSIS ON 10/132003 HE WILL FAX ME A LETTER |
| 10/3/2003 | REC FAX FROM ARNO |
| 10/8/2003 | 9:05 AM LEFT MESSAGE FOR ARNO TO CONFIRM |
| | REC TEST NOTICE |
| 10/9/2003 | 12:05 AM SENT LETTER |
| | DAN MCREE CALLED ABOUT VA 954-242-0603 |
| 10/14/2003 | SEA TRIAL DAN MCREE AND JERRY 7 AM TO 11 AM (VIBRATION ANALYSIS) |
| | THEY TOLD ME THAT THE VIBRATION IS FROM THE WAY THE ENGINE MOUNTS ARE MOUNTED ON THE BOATS STRINGERS. |
| 10/15/2003 | SPOKE TO SCOTT TOLD ABOUT STRINGERS HE SAID HE WOULD CALL MAN AND PDI |
| 10/23/2003 | 8:45 AM BRETT FROM PDI CALLED AND SAID HE WOULD SEND SOMEONE TO RE-ADJUST MOUNTS WITHIN TWO WEEKS |
| 10/28/2003 | BRETT CALLED AND SAID LOID IS COMING TO RE-ALIGN |
| 11/4/2003 | LOID CALLED COMING 11/5 609-980-3701 HE TOLD ME HE WAS GOING TO TAKE LOAD OFF THE MOUNTS AND RE-ADJUST OR REBALANCE |
| 11/5/2003 | WHEN LOID ARRIVED HE TOLD ME HE HAD NO REPORT FROM MAN AND DID NOT KNOW WHAT TO DO. HE ALSO TOLD ME THAT HE WAS NOT A MECHANIC. HE DID NOT HAVE TOOLS TO DO THE RE-ADJUSTMENTS |
| | LEFT MESSAGE FOR SCOTT |
| 11/17/2003 | SEA TRIAL WITH SCOTT FROM OCEAN AND LOID FROM PDI |
| | THEY BOTH FELT THE VIBRATIONS |
| | THEY TALKED ABOUT MOUNTS, STRINGERS, INJECTORS AND INJECTOR PUMPS ALSO ABOUT MOVING THE STARBOARD OIL FILTER MOUNT |
| | LOID TALKED ABOUT TRANSITION FROM 4 TO 8 CYL ADJUSTING INJECTOR PUMP AND FUEL SUPPLY |
| 11/21/2003 | LOID CALLED AND TOLD ME TRANSITION STOPS AT 825 RPM AND THERE ARE OTHER ADJUSTMENTS TO PUMP AND FUEL SUPPLY BUT STRINGERS AND MOUNTS HAVE TO BE LEVEL FIRST |
| 11/25/2003 | KEVIN RANTUSIO CALLED AND ASKED WHAT WAS GOING ON HE RECEIVED A THREATENING LETTER FROM OCEAN |
| 12/1/2003 | REC LETTER FROM PDI |
| 2004 | 2004 |
| 1/15/2004 | SENT CERTIFIED LETTERS TO OCEAN,MAN AND PDI |

-10-

ID # 44678 1v01/14236-2/ 10.13.2005

| | |
|---|---|
| Feb-04 | MEETING AT MIAMI BOAT SHOW ABOUT FIXING THE VIBRATION ONCE AND FOR ALL WITH BEN CRAGO, PETER MARRIOTT, SCOTT KROWIC AND JOHN LEEK<br>THEY DECIDED TO BRING THE BOAT BACK TO THE OCEAN PLANT IN NEW JERSEY FIX THE STRINGERS AND CHANGE THE MOUNTS IF NEEDED, REPLACE INJECTORS AND TO DO BOTH INJECTOR PUMPS |
| 3/3/2004 | FAXED LIST TO BE COMPLETED AT FACTORY<br>GREEN HARBOR REPLACED CENTER CUTLASS BEARING ON THE PORT SHAFT<br><br>RAY FROM GREEN HARBOR CALLED ME AND TOLD ME THEY HAD TO USE A PORTER-POWER TO JACK THE SHAFT BACK IN PLACE BECAUSE THE ALIGNMENT WAS SO FAR OFF |
| 3/11/2004 | SPOKE TO SCOTT AND TOLD HIM SOMETHING WAS NOT RIGHT |
| 3/15/2004 | LEFT MESSAGE FOR SCOTT AND TOLD HIM TO CALL RAY ABOUT PROBLEM |
| 3/25/2004 | ARNO FROM MAN CALLED AND SAID PDI AND MAN ARE WORKING ON THE VIBRATION AND SMOKE PROBLEMS |
| 3/29/2004 | ARNO CALLED LEFT ME A MESSAGE ASKING IF I HAD ANY PAPER WORK OR DATES OF WHEN THE INJECTOR PUMPS WE DONE BECAUSE THE DID NOT HAVE ANY RECORDS OF THEM BEING REPLACED<br>I CALLED HIM BACK AND GAVE HIM ROUND DATES<br>I TOLD HIM THAT I WAS SURE THAT ALL HIS DEALERS PDI, WA KRAFT AND ALVAMAR THAT HAVE WORKED ON THIS BOAT MUST HAVE SENT IN WARRANTY CLAIMS. I WAS SURE THEY DID NOT WORK ON MY BOAT FOR NOTHING!!! |
| 4/6/2004 | LEFT MESSAGE FOR SCOTT BOAT WAS READY TO GO TO NEW JERSEY |
| 4/7/2004 | SCOTT CALLED AND SAID THEY WOULD DO THE FIBERGLASS REPAIRS, REPAIR THE STRINGERS AND MOUNTS. MAN AND OR PDI WOULD DO THE ALIGNMENT AND THE PUMPS |
| 4/12/2004 | SCOTT CALLED AND SAID THE CAPTAIN WOULD BE THERE ON MONDAY |
| 4/15/2004 | I PICKED UP THE CAPTAIN AND MATES AT NOWOOD AIRPORT THEN BROUGHT THEM TO THE BOAT |
| 4/17/2004 | CAPT JOE WALKER CALLED THEY ARRIVED IN AC AT 7:30 PM 609-841-0211<br>HE TOLD ME HE COULD FEEL THE VIBRATION |
| 4/16/2004 | LEFT MESSAGE FOR ARNO WHAT IS BEING DONE? |
| 4/2004 | SCOTT CALLED ME AND SAID THAT THE STARBOARD CUTLASS WAS BLOWN OUT THAT HAPPENED ON THE WAY TO AC |
| 5/4/2004 | I CALLED MAN ARNO FARBOR NO LONGER WORKS THERE DAN MCREE WAS NOW IN CHARGE OF WARRANTIES LEFT HIM A MESSAGE<br>SCOTT TOLD ME MAN OR PDI RAN THE BOAT ON 5/3/2004 |

-11-

| | |
|---|---|
| 5/6/2004 | SCOTT TOLD ME MAN AND PDI ARE NOT GOING TO DO ANYTHING THEY ARE OUT CALLED DAN MCREE AND HE SAID HE WAS WAITING TO HEAR SCOTT'S MOTHER WAS SICK I COULD NOT GET ANY ANSWERS BOAT WAS BROUGHT BACK TO TRUMP MARINA IN AC OCEAN AND MAN WOULD NOT DO ANYTHING ELSE |
| 5/26/2004 | WENT TO AC |
| 5/28/2004 | CAPT JOE WALKER AT BOAT FILLED WITH FUEL BOAT LISTING TO STARBOARD SIDE CHECKED FOR WATER OR GEAR EVERYTHING OK BOAT WAS A PIG PEN |
| 5/30/2004 | BOAT ARRIVED GREEN HARBOR |
| 6/7/2004 | LEFT MESSAGE SCOTT |
| 6/15/2004 | SPOKE WITH SCOTT ABOUT VIBRATION AND LIST I ASKED SCOTT TO TALK TO JOHN LEEK OR EVEN HAVE A THREE WAY CONVERSATION I WANT OCEAN TO TAKE THIS BOAT BACK. I TOLD HIM I WOULD BUY ANOTHER BOAT IF OCEAN WOULD STAND UP TO THE PLATE |
| 6/21/2004 | CALLED SCOTT HE TOLD ME OCEAN WAS NOT DOING ANYMORE I TOLD HIM TO SEND ME A LETTER OF REFUSAL |
| 6/22/2004 | TOLD BEN ABOUT OCEAN HE SAID HE WOULD SEE WHAT PETER MARRIOTT COULD DO |
| 6/23/2004 | PETER CALLED HE WAS GOING AWAY AND TRY TO TALK TO SOMEONE AT OCEAN |
| 6/28/2004 | LEFT MESSAGE SCOTT, TWICE |
| 6/29/2004 | MESSAGE FROM SCOTT, PETER AND BEN ABOUT TRYING TO SELL THE BOAT |
| 7/1/2004 | REC LETTER FROM OCEAN |
| 7/6/20004 | BEN AND PETER CALLED WANT TO LOOK AT LIST AND RUN THE BOAT ON 7/13/ |
| 7/12/2004 | BEN CALLED ME AT BOAT 10AM 7/13 |
| 7/13/2004 | SEA TRIAL BEN AND PETER FELT VIBRATION AND NOTICED THE STARBOARD LIST BEN TOOK PHOTOS PETER SAID HE THINKS THE VIBRATION SHOULD BE ADDRESSED!!! THEY TALKED ABOUT HAVING KEVIN RANTOSIO RE-ALIGN THE MOTORS |
| Aug-04 | I CALLED COASTAL MARINE TO CHECK THE VIBRATION JAMES DOLLIPH CHECKED ENGINE ALIGNMENT AND FOUND BOTH ENGINES OUT OF ALIGHMENT THE STARBOARD HE ALIGNED THE PORT COULD NOT BE ALIGNED ONE OF THE PORT STRUTS HAD TO BE OUT OF ALIGNMENT AND THAT COULD NOT BE DONE IN THE WATER. |
| 9/12/2005 | STARBOARD SHAFT SEAL ALWAYS LEAKED BECAUSE OF SHAKE  AT 45 HOURS IT WAS ALMOST EMPTY, AT 99 HOURS ALMOST EMPTY! |

-12-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
WAYNE DALEY, NADINE DALEY and   \*
MDL FISHING, LLC,   \*
  \*
    Plaintiffs,   \*
  \*
v.   \*
  \*
TWIN DISC, INC., MANN ENGINES   \*
AND COMPONENTS, INC.,   \*
OCEAN YACHTS, INC., and   \*
PERFORMANCE DIESEL, INC.   \*
  \*
    Defendants,   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## TWIN DISCS, INC., ANSWERS TO MANN ENGINES AND COMPONENTS, INC.'S, FIRST SET OF INTERROGATORIES

### Interrogatory No. 1

Please state the name(s), date of birth, residential and business address, employer, and title of each individual who provided information and/or contributed to the answering of these interrogatories.

### Answer No. 1

Objection. The defendant objects to the interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation. Without waiving said objection, the defendant states the following:

Timothy Taggart, Warranty Manager, Twin Disc, Inc., 4600 21st Street, Racine, WI 53405-3698.

### Interrogatory No. 2

Please identify, in full and complete detail, the alleged problems(s) and/or issue(s) surrounding the yacht and/or its component parts, and as for each state:

a.  the nature of the problem(s) and/or issue(s);
b.  the date(s) this Defendant first learned of the alleged problem(s) and/or issue(s);
c.  the date(s) on which this Defendant undertook to inspect, investigate, report, and/or analyze the alleged problem(s) and/or issue(s);
d.  the identity, residential business address, and title of the individual(s) who made any determination, inspection, investigation, report and/or analysis of the alleged problem(s) and/or issue(s);
e.  the findings, if any, of any inspection, investigation, report and/or analysis;
f.  the date(s), if any, on which any attempts and/or repairs were made; and
g.  whether the problem(s) and/or issue(s) were resolved.

**Answer No. 2**

(a-g)

Objection. The defendant objects to the interrogatory on the grounds that it is vague, ambiguous and not susceptible of a full, fair and accurate response as phrased. Without waiving said objection, the defendant states that:

a.  It is Twin Disc's understanding that the plaintiffs claim that their yacht has experienced excessive vibration, excessive smoke and soot, torsional coupling failure, hub notching and wearing on the aluminum clutch pistons.

b.  Twin Disc first became aware that the plaintiffs were experiencing difficulties with their yacht in the summer of 2000.

c.  In early October, 2000, Twin Disc representatives reviewed and analyzed data provided by W.A. Kraft Corp. ("Kraft") which had representatives working on the Daleys' vessel. Twin Disc concluded at that time that the source of the problems was likely a torsionally active drive train system. Ultimately, the couplings were replaced with Twin Disc's support. In November, 2001, the plaintiffs again complained that the engines and transmission were vibrating badly. On or about December 13, 2001, Bill Smith and Craig Venne viewed the vessel and took tape recordings of the torsional vibrations. The recordings supported the conclusion that the vibrations were the result of a torsionally active drive train system. On February 5, 2002, Twin Disc representatives met with representatives of Ocean Yachts, Performance Diesel and MANN Engines to review the torsional vibration measurements and develop a plan of action for addressing the plaintiffs' problems. Analyzation of the plaintiffs' alleged complaints was on-going and Twin Disc cannot provide specific dates.

d.  Tim Taggart, Craig Venne, Bill Smith, Bruce Colby, and Dennis Muesegades of Twin Disc, 4600 21st Street Racine, WI 53405-3698. Bob Clark, former Twin Disc employee, address presently unknown. Upon information and belief, the following individuals also inspected the vessel and/or investigated the plaintiffs' complaints: Lloyd Dye, MANN Engines/Performance Diesel, address presently unknown; Jay Kingsley, W.A Kraft Corp., address presently unknown; Scott Krawiec, Ocean Yachts, address presently unknown.

e.      After reviewing data in October, 2000, Twin Disc concluded that the plaintiffs' problems were likely the result of a torsionally active drive train system. This conclusion was supported by findings made by Craig Venne in December, 2001, following his viewing of the vessel.

f.      In October, 2000, the couplings were replaced. In February/March 2002, the transmissions were removed, rebuilt and reinstalled. Twin Disc believes that other parties also performed repairs on the vessel.

g.      Twin Disc is currently without knowledge as to the vessel's present condition.

## Interrogatory No. 3

Please identify by name, residential and business address, any person having discoverable knowledge of the facts and/or circumstances relating to the Plaintiffs' allegations in this matter, and as to each person, please state:

a.      each allegation the person has discoverable knowledge of; and
b.      the basis for each person's knowledge.

## Answer No. 3

(a-b)

Objection. The defendant objects to the interrogatory on the grounds that it is vague, ambiguous and not susceptible of a full, fair and accurate answer as phrased. Without waiving said objection, the defendant states that, in addition to the plaintiffs, the following individuals may have knowledge relevant to the matters set forth in the plaintiffs' complaint:

a.      Timothy A. Taggart
Twin Disc, Inc.
4600 21st Street
Racine, WI 53405-3698

Mr. Taggart has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel and Twin Disc's investigation and response to those complaints.

b.      Craig Venne
Twin Disc, Inc.
4600 21st Street
Racine, WI 53405-3698

Mr. Venne has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel and Twin Disc's investigation and response to those complaints.

c.    Bill Smith
      Twin Disc, Inc.
      4600 21st Street
      Racine, WI 53405-3698

    Mr. Smith has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel and Twin Disc's investigation and response to those complaints.

d.    Robert Clark
      Present Address Unknown
      Former Employee of Twin Disc, Inc.

    Mr. Clark has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel and Twin Disc's investigation and response to those complaints.

e.    Bruce Colby
      Twin Disc, Inc.
      4600 21st Street
      Racine, WI 53405-3698

    Mr. Colby has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel and Twin Disc's investigation and response to those complaints.

f.    Dennis Muesegades
      Twin Disc, Inc.
      4600 21st Street
      Racine, WI 53405-3698

    Mr. Muesegades has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel and Twin Disc's investigation and response to those complaints.

g.    Lloyd Dye
      MANN Engines/Performance Diesel
      Present Address Unknown

    Upon information and belief, Mr. Dye has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel.

h.    Jay Kingsley
      W.A Kraft Corp.
      Present Address Unknown

    Upon information and belief, Mr. Kingsley has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel.

i.    Scott Krawiec
      Ocean Yachts
      Present Address Unknown

Upon information and belief, Mr. Krawiec has knowledge of the plaintiffs' complaints with respect to the alleged problems with their vessel.

## Interrogatory No. 4

Please identify each and every expert witness who is expected to be called on your behalf at the time of trial of this action; and as to each, please state:

a.    the subject matter on which each expert is expected to testify;
b.    the contents of all opinions to which each expert is expected to testify; and
c.    a detailed summary of the grounds for each opinion listed in subsection (b) and the substance of all facts upon which such opinion is based.

## Answer No. 4

I am informed that no decision has been made with respect to the issue of expert witnesses. Twin Disc understands its obligation to supplement its answer in the event a decision is made and Twin Disc will certainly comply with any Pre-Trial Order on the issue of expert witnesses.

## Interrogatory No. 5

Please identify, in as much detail as possible, your belief, contention and/or understanding of what the problem(s) and/or issue(s) are, if any, which caused and/or contributed to said problem(s) and/or issue(s) with the Plaintiffs' yacht and/or its component parts.

## Answer No. 5

Objection. The defendant objects to the interrogatory on the grounds that it is beyond the scope of permissible discovery in that it seeks materials prepared in anticipation of litigation or protected by the work product doctrine or attorney-client privilege and which are exempted from discovery under Rule 26(b)(3) of the Federal Rules of Civil Procedure. Without waiving said objection, the defendant states that: I am advised by counsel that discovery relative to this issue is ongoing. Twin Disc denies that the plaintiffs' complaints were caused by any defect in Twin Disc's product or workmanship. Twin Disc reserves its right to supplement its answer

## Interrogatory No. 6

Please state all facts upon which you intend to rely to establish and/or prove that the Defendant, MANN Engines and Components, Inc., is liable or responsible for the Plaintiffs' alleged damages.

**Answer No. 6**

Objection. The defendant objects to the interrogatory on the grounds that it is beyond the scope of permissible discovery in that it seeks materials prepared in anticipation of litigation or protected by the work product doctrine or attorney-client privilege and which are exempted from discovery under Rule 26(b)(3) of the Federal Rules of Civil Procedure.   The defendant further objects to the interrogatory on the grounds that it impermissibly seeks defense counsels' trial strategy and mental impressions. Without waiving said objections, the defendant states that: I am advised by counsel that discovery relative to this issue is ongoing. Twin Disc reserves its right to supplement its answer.

Timothy Taggart, deposes and says that he is the Warranty Manager at Twin Disc, Inc., one of the defendants in the above matter, and that he signs Twin Disc, Inc.'s Answers to Interrogatories of MANN Engines and Components, Inc. for and on behalf of said defendant and is duly authorized to do so; that the matters stated in the foregoing Answers are not all within the personal knowledge of the deponent; that such facts as are stated in said Answers which are not within the personal knowledge of the deponent have been assembled by authorized employees and counsel of said defendant; and that the deponent is informed and believes that the facts stated in these Answers are true and so states under the pains and penalties of perjury on the date indicated below.

_____
Timothy A. Taggart
Twin Disc, Inc.

Dated: 10/31/05

As to objections,

_____
Richard J. Shea BBO #456310
Megan E. Kures BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street - 22nd floor
Boston, MA 02109
(617) 523-6200

## CERTIFICATE OF SERVICE

I, Megan E. Kures, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Joseph P. Crimmins, Esq.
POSTERNAK, BLANKSTEIN & LUND
Prudential Tower
800 Boylston Street
Boston, MA 02199-4915

Harold M. Brown, Esq.
BARTLETT, HACKETT, FEINBERG, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Michel Weisz, Esq.
SEGREDO & WEISZ
9350 South Dixie Highway, Suite 1500
Miami, FL 33156

J. Gary Bennett , Esq.
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

Peter G. Hermes, Esq.
Randy J. Spencer, Esq.
Hermes, Netburn, O'Connor & Spearing
111 Devonshire Street
8th Floor
Boston, MA 02109

Megan E. Kures

Date:    11/2/05

TWIN DISC, INCORPORATED
PRODUCT SERVICE DEPT.
SERVICE REPORT



SR 10250

**CUSTOMER:** GLP, and Ocean Yachts, Owner is Wayne Daly
**LOCATION:**
**JOB LOCATION:**

| | | | |
|---|---|---|---|
| **MODEL:** | MG5114A, 1.75:1 | **BOM:** | S11174 |
| **S/N:** | 5FP707 Port, 5FR848 Stb | **DWG:** | |
| **HOURS:** | 405 | **APPL:** | 48 ft Ocean Yachts Sport Fish |
| **OIL:** | | **VESSEL:** | MYDEELITE |
| **ENGINE:** | MAN D2848LE403 | **HP:** | 800 HP @ 2300 RPM |

**DATE OF CALL:** Dec 13,2001 by Rich Quandt of GLP,
**REPORT DATE:** Jan 21,2002 by W.D. Smith, Twin Disc

**DISTRIBUTE TO:**

P. Pelligrino, D. Muesegades, J. Feiertag, J. Batten, G. Coleman, JC Paquet,
P. Coomans, J. Kearney, T. Schoepel, G Matranga, T. Wampler, A. Clark, T. Taggart,
K. Meyersieck, R. Lund, D. Babu, C. Venne, B. Colby, R. Quandt

**PURPOSE:** Analyze torsional vibration data it a effort to understand cause for repeated
marine transmission failures. Failures include torsional couplings, hub notching, wear of
aluminum clutch pistons.

**CONCLUSIONS:**

Based on what can be seen from the captured data, low idle to 900 RPM has torsional
vibrations that are seen inside the marine gear. The amplitudes will most likely cause gear
rattle and parts to wear.

At engine speeds above 1800 RPM the prop excitation on the stb side is very
bad and will cause component failure. It seems that something must be very
different between the stb and port prop.

Also at higher engine speeds the engine 3rd and 4th order vibrations at the flywheel are very
high and will cause distress to the transmission is not filtered out.

**ACTION:**

1. Consult with engine manufacture as to causes for such torsional activity.

2. Ask the engine manufacture for recommended system changes to eliminate the torsional
vibration. Changes are most likely to involve a different selection of input coupling.

3. Review the prop design and inspect the condition of both props.

## DISCUSSION:

Rich Quandt (GLP) and Craig Venne (Twin Disc) boarded the vessel Dec 13, 2001 to record torsional vibrations. A cassette tape recorder was used to record frequencies from a magnetic speed sensor. One signal was from the engine flywheel ( assumed 165 teeth) and the other from a 60 tooth wheel attached to the normal transmission PTO mounting pad. For the most part the PTO signal was not useful.

A brief summary follows:

A. Stb side

1. Speeds below 900 RPM showed a 1/2 order and 2nd order torsional at the engine flywheel. I only managed to see one good run from the PTO speed wheel signal (Fig. 4 that shows this 1/2 order torsional that does not get isolated by the coupling. These vibrations do get into the marine gear and could cause gear rattle and premature wear on parts. My opinion is that the engine runs on 4 cylinders from low idle up to 900 RPM at which point the other 4 cylinders kick in.

2. The engine 4th order is seen throughout the entire speed range. At the flywheel this is to be expected. The one good run on the PTO speed signal (Fig. 4) shows that at speeds below 900 RPM this 4th order vibration does not get isolated by the input coupling. At low idle the torsional amplitudes in the marine gear are very high and could create gear and premature parts wear.

3. At 1800 RPM there is a torsional vibration that begins to grow and reaches amplitudes 10 times higher than I recall ever seeing (1200 deg/sec, 0-pk). Refer to Fig. 10,18, and 20. The frequency matches that of the prop assuming there is a 4 blade prop in use. This observation was at the flywheel only since the PTO speed data was not usable. But if the prop is the source of excitation, it must be passing through the marine gear.

4. At speeds of 2000 RPM and up the engine 3rd order begins to increase in amplitude.

B. Port Side:

1. No PTO speed wheel data was useful.

2. The 1/2 and 2nd order vibration at the flywheel was present from low idle to 900 RPM, much the same as the stb side.

3. There was some prop excitation at higher speeds but very much less than the stb side ( only about 50 deg/sec). But the 3rd order at 2061 RPM was very high as seen in Fig. 22 (361 deg/sec). 4th order is quite high at high engine speed but without data from the PTO wheel there is no way of knowing if the coupling is filtering out these higher frequencies.

Summary of Figures:

Fig. A, B, C, and D are real time plots of flywheel speed on the stb side. These illustrate the degree of speed fluctuation due to torsional vibration.

Fig. E and F are mathematical reproductions of data from Figures 11 and 16 using a Lotus spread sheet. These two figures give an idea of the extreme variations that are taking place in the engine flywheel speed.

Fig. 1,2 are frequency plots (FFT) of the PTO speed signal on the stb side. The multitude of harmonics are not related to the engine but are from the speed pickup. There is a problem with this speed wheel that must be investigated.

Fig. 3 - 8 are from Stb side PTO wheel. This ½ and 4th order data is realistic data. Fig 3 is a typical speed run-up plot and Fig. 4 is a typical waterfall plot for Fig. 3.

Fig. 9 - 20 are various plots for the stb side engine flywheel.

Fig. 21 - 29 are various plots for the port side flywheel.

Figures 1 - 29 are on file with this report as hard copies only and are distributed as necessary.

**Scroll down to next pages to see Figures A-F.**


Reported By _____

                    W.D. Smith



Fig. A, Speed trace stb side engine flywheel.  Shows unsteady speed due to torsional activity.



Fig. B, Speed trace as in Fig. B but amplified to show only the variation in speed about the nominal of 645 RPM.



Fig. C, Speed trace from Stb side flywheel at 2220 RPM.



Fig. D, Speed trace as in Fig C but amplified to show variation around
nominal speed of 2220RPM



Fig. E, Mathematical reproduction of data from Fig. 11. Shows +/- 25 RPM around nominal which is similar to actual speed trace in Fig. B



Fig. F, Matematical reproduction of data from Fig. 16. Shows 260 RPM above and 200 RPM below nominal which is similar to actual speed trace in Fig. D

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

*******************************
                               *
WAYNE DALEY, NADINE DALEY      *
and MDL FISHING LLC,           *
      Plaintiffs,              *
                               *
                               *
v.                             *
                               *
                               *
TWIN DISC, INC.,               *
MANN ENGINES AND               *
COMPONENTS, INC.,              *
OCEAN YACHTS, INC., and        *
PERFORMANCE DIESEL, INC.,      *
      Defendants.              *
                               *
                               *
*******************************

## DEFENDANT, TWIN DISC, INC.'S, ANSWERS TO THE FIRST SET OF INTERROGATORIES OF THE DEFENDANT, PERFORMANCE DIESEL, INC.

Interrogatory No. 1

State your name, age, address, occupation and business address.

Answer No. 1

Objection.  The defendant objects to the interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation.  Without waiving said objection, the defendant states the follow:

Timothy Taggart, Warranty Manager, Twin Disc, Inc., 4600 21st Street, Racine, WI 53405-3698.

Interrogatory No. 2

Please identify each and every expert witness who is expected to be called on your behalf at the time of trial of this action:

(a)   Please describe in detail the subject matter on which
      each expert is expected to testify.

(b)   Please state in detail the contents of all opinions to
      which each expert is expected to testify.

(c)   Please state in detail a summary of the grounds for
      each opinion listed in answer to subsection (b) and the
      substance of all facts upon which any such opinion is
      based.

Answer No. 2

I am informed that no decision has been made with respect to the
issue of expert witnesses.  Twin Disc understands its obligation
to supplement its answer in the event a decision is made and Twin
Disc will certainly comply with any Pre-Trial Order on the issue
of expert witnesses.

Interrogatory No. 3

Please state the identity and location of any person having
knowledge of discoverable facts pertinent to the allegations
contained within the plaintiff's complaint.

Answer No. 3

Objection.  The defendant objects to the interrogatory on the
grounds that it is vague, ambiguous and not susceptible to a
full, fair and accurate response as phrased.  Without waiving
said objection, the defendant states the following: Upon
information and belief, aside from the plaintiffs themselves, the
following list of individuals may have information that is
relevant to the Daleys' allegations:

a.    Timothy A. Taggart
      Twin Disc, Inc.
      4600 21st Street
      Racine, WI 53405-3698

b.    Craig Venne
      Twin Disc, Inc.
      4600 21st Street
      Racine, WI 53405-3698

c.   Bill Smith
     Twin Disc, Inc.
     4600 21st Street
     Racine, WI 53405-3698

d.   Robert Clark
     Present Address Unknown
     Former Employee of Twin Disc, Inc.

e.   Bruce Colby
     Twin Disc, Inc.
     4600 21st Street
     Racine, WI 53405-3698

f.   Dennis Muesegades
     Twin Disc, Inc.
     4600 21st Street
     Racine, WI 53405-3698

g.   Lloyd Dye
     MANN Engines/Performance Diesel
     Present Address Unknown

h.   Jay Kingsley
     W.A Kraft Corp.
     Present Address Unknown

i.   Scott Krawiec
     Ocean Yachts
     Present Address Unknown

Interrogatory No. 4

Describe fully how the incidents alleged in the plaintiff's
complaint occurred, stating what happened and what was done by
you in the order in which the events took place.

Answer No. 4

Twin Disc is presently not aware of the full details of how the
incidents alleged in the plaintiffs' complaint occurred.  Upon
information and belief, discovery relevant to this issue is on-
going.  Twin Disc was informed that the plaintiffs were

experiencing problems with their vessel in late 2000.  Between
2000 and 2002, Twin Disc's representatives worked with the
plaintiffs and representatives of W.A. Kraft Corp., MANN Engines,
Ocean Yachts and others in an effort to support various repairs
that were made to the plaintiffs' vessel and in an effort to
determine the cause of their problems.  In February, 2002, Twin
Disc removed the transmissions from the plaintiffs' vessel and
fully tested them for out-of-tolerance conditions.  The tests
failed to reveal any problems with the transmissions.  Twin Disc
thereafter suggested that the plaintiffs retain someone to
perform an independent vibration analysis to identify the source
of the problems alleged by the plaintiffs.  Upon information and
belief, the plaintiffs have not engaged anyone to perform such
testing on their behalf.

Interrogatory No. 5

Please describe in complete detail the defect or condition which
caused or contributed to the happening of the incidents in
question.

Answer No. 5

Objection.  The defendant objects to the interrogatory on the
grounds that it is beyond the scope of permissible discovery in
that it seeks materials prepared in anticipation of litigation or
protected by the work product doctrine or attorney-client
privilege and which are exempted from discovery under Rule
26(b)(3) of the Federal Rules of Civil Procedure.  The defendant
further objects to the interrogatory on the grounds that its
seeks a legal conclusion.  Without waiving said objections, the
defendant states that: Twin Disc is presently not aware of what
caused the problems the plaintiffs allegedly experienced with
their vessel.  Twin Disc is advised by counsel that discovery
relevant to this issue is on-going.

Interrogatory No. 6

Please state all facts upon which you intend to rely to prove the
Defendant, Performance Diesel, Inc. is liable or responsible for
the plaintiff's alleged damages.

## Answer No. 6

Objection.  The defendant objects to the interrogatory on the grounds that it impermissibly seeks defense counsel's mental impressions and trial strategy.  Without waiving said objection, the defendant states that: Twin Disc does not believe that it is liable or responsible for the plaintiffs' alleged damages.  Twin Disc is advised by counsel that discovery relevant to the issue of causation is on-going.

## Interrogatory No. 7

Please identify any insurer for the defendant which may satisfy part or all of any judgment for the plaintiff, including the uninsured policy number and policy limits.

## Answer No. 7

Twin Disc is insured under policy number 90022640801 issued by Sentry Insurance.  Sentry has disclaimed coverage with respect to the claims filed by the plaintiffs.

Timothy Taggart, deposes and says that he is the Warranty Manager at Twin Disc, Inc., one of the defendants in the above matter, and that he signs Twin Disc, Inc.'s Answers to Interrogatories of Performance Diesel, Inc. for and on behalf of said defendant and is duly authorized to do so; that the matters stated in the foregoing Answers are not all within the personal knowledge of the deponent; that such facts as are stated in said Answers which are not within the personal knowledge of the deponent have been assembled by authorized employees and counsel of said defendant; and that the deponent is informed and believes that the facts stated in these Answers are true and so states under the pains and penalties of perjury on the date indicated below.

Timothy A. Taggart
Twin Disc, Inc.

Dated: 9/13/05

As to objections,

Richard J. Shea BBO #456310
Megan E. Kures BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street - 22nd floor
Boston, MA 02109
(617) 523-6200

CERTIFICATE OF SERVICE

I, Megan E. Kures, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Joseph P. Crimmins
Jennifer L. Finger
POSTERNAK, BLANKSTEIN & LUND
Prudential Tower
800 Boylston Street
Boston, MA 02199-4915

Harold M. Brown
BARTLETT, HACKETT, FEINBERG, P.C.
10 High Street, Suite 920
Boston, MA 02110

J. Gary Bennett
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

Peter G. Hermes
Hermes, Netburn, O'Connor & Spearing
111 Devonshire Street
8th Floor
Boston, MA 02109

Megan E. Kures

Date: 9/14/05

**WAYNE V. DALEY**



*MAY 30, 2002*

*TIM TAGGART & CRAIG VENNEY*

*THIS LETTER CONCERNS MY 2000 48 OCEAN # 48-139. OCEAN
YACHTS, TWIN DISC, MAN ENGINES HAVE FAILED TO ELIMINATE
THE VIBRATION IN THE STARBOARD DRIVE TRAIN , IF ANYTHING
IT IS WORSE FROM 900-1600 RPM WITH THE NEW ENGINE MOUNTS.*

*I HAVE SPOKEN TO SCOTT KROWICK AT OCEAN SEVERAL TIMES. I
HAVE LEFT MESSAGES FOR LOID DIE AND MALCOLM PHILLIPS
FROM PERFORMANCE DIESEL AND HAD NO RESPONSE SINCE
4-30-02.*

*I'VE BEEN VERY PATIENT , BUT THAT IS OVER !!*

*I WANT A WRITTEN RESPONSE TO THIS LETTER FROM EVERYBODY
INVOLVED WITH IN 7 DAYS  ABOUT SOLVING THIS HEAD ACHE !!!*

*THANK YOU*

*WAYNE V. DALEY*

*CC:  OCEAN YACHTS
       OYSTER HARBORS
       TWIN DISC
       MAN ENGINES
       PERFORMANCE DIESEL*

COPY



June 17, 2002

Mr. Wayne Daley
27 Trailer Road
P.O. Box 619
Canton, MA  02021

Subject:  MG5114A 1.75:1, BOM S11174, S/N 5FP707, 5FR848, M/V - MYDEELITE

In response to your letter received on June 10, 2002, and after a review of the record of the incidents
involving your Ocean Yacht, I would agree that you have been exceedingly patient.  But I also think that
you would agree that Twin Disc and our Distributor, North Atlantic Power Products have been very
supportive of you and your problems.  When the initial damage was discovered in October, 2000, Twin
Disc honored all claims and supported the replacement of the Centa Input Couplings with the Vulkan
VKE4011S.  When you reported in November, 2001 that your vibration problems continued, North
Atlantic Power collect the torsional data and sent it to our Service Department for analysis.  This resulted
in Bill Smith's visit to your vessel in February 2002 and the subsequent action by Twin Disc to have both
transmissions removed for inspection again.  No out-of-tolerance conditions were found to be present in
either transmission.  Both units thoroughly inspected and tested before reinstallation into your vessel at no
cost to you.  Twin Disc bore all of the expenses for the abovementioned vibrations analysis, service call
and unit inspection.

At this point, it is our position that the source of these vibrations must be identified before further damage
is incurred on your vessel.  We strongly suggest the use of an independent vibration analysis company to
locate the source of the vibration.  An In-Hull Torsional Vibration Analysis generally runs about $1,000
to $1,200.  Twin Disc is willing to participate in this expense, and will cover a third (1/3) of this expense,
up to $400.  We suggest that the balance be worked out between MAN Engine and Ocean Yachts.  A
suggested independent TVA company that we have worked with in the past (and offered only as a
suggestion) in Jim Smullin of Sound Down, CO., Marblehead, Massachusetts.

If I can offer any additional assistance or information on this, please feel free to contact me.

Regards.


Timothy Taggart
Warranty Manager
TWIN DISC, INC.
4600 – 21st Street
Racine, WI  53402

C:  Bill Smith, Craig Venne, Dennis Muesegades  / Twin Disc, Inc.

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:05-cv-10720-RWZ

Daley et al v. Twin Disc, Inc. et al
Assigned to: Judge Rya W. Zobel
Demand: $850,000
Case in other court: Norfolk Superior Court, 05-00044
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 04/12/2005
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Wayne Daley**

represented by **Joseph P. Crimmins**
Posternak, Blankstein & Lund
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
617-973-6273
Fax: 617-722-4915
Email: jcrimmins@pbl.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Finger**
Posternak Blankstein & Lund LLP
100 Charles River Plaza
Boston, MA 02114
617-973-6223
Fax: 617-722-4930
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nadine Daley**

represented by **Joseph P. Crimmins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Finger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MDL Fishing LLC**

represented by **Joseph P. Crimmins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Finger**
(See above for address)

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Twin Disc, Inc.**                          represented by   **Richard J. Shea**
                                                              Melick, Porter & Shea, LLP
                                                              28 State Street
                                                              Boston, MA 02108-1775
                                                              617-523-6200
                                                              Fax: 617-523-8130
                                                              Email: rshea@melicklaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Megan E. Kures**
                                                              Melick, Porter & Shea, LLP
                                                              28 State Street
                                                              Boston, MA 02109
                                                              617-523-6200
                                                              Fax: 617-523-8130
                                                              Email: mkures@melicklaw.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Mann Engines and Components, inc.**        represented by   **John R. Felice**
                                                              Hermes, Netburn, O'Connor & Spearing

                                                              265 Franklin Street
                                                              Seventh Floor
                                                              Boston, MA 02110-3113
                                                              617-728-0050
                                                              Fax: 617-728-0052
                                                              Email: jfelice@hnso.org
                                                              *TERMINATED: 08/30/2005*
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Peter G. Hermes**
                                                              Hermes, Netburn, O'Connor & Spearing

                                                              265 Franklin Street
                                                              7th Floor
                                                              Boston, MA 02110
                                                              617-728-0050
                                                              Fax: 617-728-0052
                                                              Email: phermes@hnso.org
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Randy J. Spencer**
Hermes, Netburn, O'Connor & Spearing

265 Franklin Street
7th Floor
Boston, MA 02110
617-723-9800
Fax: 617-523-8359
Email: rspencer@hnso.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ocean Yachts, Inc.**                   represented by   **Howard M. Brown**
Bartlett Hackett Feinberg P.C.
155 Federal Street
9th floor
Boston, MA 02110
617-422-0200
Fax: 617-896-6263
Email: hmb@bostonbusinesslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Weisz**
Segredo & Weisz
9350 S. Dixie Highway
Suite 1500
Miami, FL 33156-2944
US
305-670-3820
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Performance Diesel, Inc.**              represented by   **Francis J. Lynch, III**
Lynch & Lynch
45 Bristol Drive
Third Floor
South Easton, MA 02375
508-230-2500
Fax: 508-230-2510
Email: jlynch@lynchlynch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Gary Bennett**
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

508-230-2500
Fax: 508-230-2510
Email: gbennett@lynchlynch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2005 | 1 | NOTICE OF REMOVAL by Ocean Yachts, Inc. from Norfolk Superior Court, case number 05-00044. $ 250, receipt number 63446, filed by Ocean Yachts, Inc.. (Attachments: # 1 Exhibit # 2 Civil Cover Sheet) (Johnson, Jay) (Entered: 04/13/2005) |
| 04/12/2005 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Alexander. (Johnson, Jay) (Entered: 04/13/2005) |
| 04/14/2005 | 2 | Assented to MOTION for Extension of Time to April 22, 2005 to File Answer by Ocean Yachts, Inc..(Brown, Howard) (Entered: 04/14/2005) |
| 04/15/2005 | | Judge Rya W. Zobel : Electronic ORDER entered granting 2 Motion for Extension of Time to Answer Ocean Yachts, Inc. answer due 4/22/2005. (Johnson, Jay) (Entered: 04/15/2005) |
| 04/15/2005 | 3 | MOTION extend time to obtain consents to removal by Ocean Yachts, Inc..(Brown, Howard) (Entered: 04/15/2005) |
| 04/20/2005 | | Judge Rya W. Zobel : endorsedORDER entered granting 3 Motion to enlarge time to obtain consent removal (Urso, Lisa) (Entered: 04/20/2005) |
| 04/21/2005 | 4 | ANSWER to Complaint by Ocean Yachts, Inc..(Brown, Howard) (Entered: 04/21/2005) |
| 04/27/2005 | 5 | NOTICE of Scheduling Conference Scheduling Conference set for 5/25/2005 02:30 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) (Entered: 04/27/2005) |
| 05/10/2005 | 6 | NOTICE of Assent by Performance Diesel, Inc. re 1 Notice of Removal (Johnson, Jay) (Entered: 05/11/2005) |
| 05/11/2005 | | Notice of correction to docket made by Court staff. Correction: #6 Notice of Removal corrected because: 1. Document not signed by the attorney who filed the document. 2, The Notice of Removal event should not have been used by counsel (as this is a case opening event). 3, After opening the pleading it is acually an assent to the notice of removal. The clerk will fix this filing, However, in the future the filer should call the clerk for suggestions on events that can be used and any other questions on e-filing they may have. (Johnson, Jay) (Entered: 05/11/2005) |
| 05/13/2005 | 7 | ANSWER to Complaint with Jury Demand by Performance Diesel, Inc.. (Whitney, Benjamin) (Entered: 05/13/2005) |

| 05/17/2005 | 8 | Assented to MOTION for Extension of Time to 05/27/2005 to Respond to Complaint by Twin Disc, Inc..(Shea, Richard) (Entered: 05/17/2005) |
|---|---|---|
| 05/18/2005 |  | Judge Rya W. Zobel : Electronic ORDER entered granting 8 Motion for Extension of Time. Answer due 5/27/05. (Urso, Lisa) (Entered: 05/18/2005) |
| 05/18/2005 | 9 | NOTICE of Appearance by Jennifer L. Finger on behalf of all plaintiffs (Finger, Jennifer) (Entered: 05/18/2005) |
| 05/18/2005 | 10 | JOINT STATEMENT of counsel *Pursuant to Local Rule 16.1.* (Finger, Jennifer) (Entered: 05/18/2005) |
| 05/19/2005 | 11 | CERTIFICATE OF CONSULTATION *; Rule 16 Certification* by Jennifer L. Finger on behalf of all plaintiffs. (Finger, Jennifer) (Entered: 05/19/2005) |
| 05/20/2005 | 12 | NOTICE of Appearance by Megan E. Kures on behalf of Twin Disc, Inc. (Kures, Megan) (Entered: 05/20/2005) |
| 05/20/2005 | 13 | CORPORATE DISCLOSURE STATEMENT by Twin Disc, Inc.. (Kures, Megan) (Entered: 05/20/2005) |
| 05/20/2005 | 14 | First CERTIFICATION pursuant to Local Rule 16.1 *(D)(3)* by Twin Disc, Inc..(Kures, Megan) (Entered: 05/20/2005) |
| 05/20/2005 | 15 | NOTICE of Appearance by Richard J. Shea on behalf of Twin Disc, Inc. (Shea, Richard) (Entered: 05/20/2005) |
| 05/23/2005 | 16 | NOTICE of Appearance by John R. Felice on behalf of Mann Engines and Components, inc. (Johnson, Jay) (Entered: 05/24/2005) |
| 05/23/2005 | 17 | NOTICE of Appearance by Peter G. Hermes on behalf of Mann Engines and Components, inc. (Johnson, Jay) (Entered: 05/24/2005) |
| 05/24/2005 | 18 | MOTION for Leave to Appear Pro Hac Vice by Michel Weisz by Ocean Yachts, Inc..(Brown, Howard) (Entered: 05/24/2005) |
| 05/24/2005 | 19 | CORPORATE DISCLOSURE STATEMENT by Ocean Yachts, Inc.. (Brown, Howard) (Entered: 05/24/2005) |
| 05/24/2005 | 20 | CERTIFICATE OF CONSULTATION *pursuant to Local Rule 16.1(d) (3)* by Howard M. Brown on behalf of Ocean Yachts, Inc.. (Brown, Howard) (Entered: 05/24/2005) |
| 05/25/2005 | 21 | ANSWER to Complaint with Jury Demand by Twin Disc, Inc..(Shea, Richard) (Entered: 05/25/2005) |
| 05/25/2005 | 22 | ANSWER to Complaint (Notice of Removal) by Mann Engines and Components, inc., Mann Engines and Components, inc.. (Johnson, Jay) (Entered: 05/26/2005) |
| 05/25/2005 | 23 | CORPORATE DISCLOSURE STATEMENT by Mann Engines and Components, inc.. (Johnson, Jay) (Entered: 05/26/2005) |
| 05/25/2005 | 24 | NOTICE of Consent by Mann Engines and Components, inc. re 1 Notice |

| | | of Removal (Johnson, Jay) (Entered: 05/26/2005) |
|---|---|---|
| 05/25/2005 | 25 | CERTIFICATION pursuant to Local Rule 16.1 by Mann Engines and Components, inc..(Johnson, Jay) (Entered: 05/26/2005) |
| 05/25/2005 | | Electronic Clerk's Notes for proceedings held before Judge Rya W. Zobel : Scheduling Conference held on 5/25/2005. Fact Discovery due by 11/30/2005; expert discovery 2/28/06; Status Report due by 6/15/2005. Further Scheduling Conference set for 3/7/2006 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) (Entered: 05/26/2005) |
| 05/25/2005 | 26 | CERTIFICATE OF CONSULTATION by J. Gary Bennett on behalf of Performance Diesel, Inc.. (Urso, Lisa) (Entered: 05/26/2005) |
| 05/26/2005 | | Filing fee: $ 50, receipt number 64493 regarding motion for pro hac vice (Johnson, Jay) (Entered: 05/26/2005) |
| 07/08/2005 | 27 | Document disclosure by Twin Disc, Inc..(Kures, Megan) (Entered: 07/08/2005) |
| 07/11/2005 | 28 | Document disclosure by Wayne Daley, Nadine Daley, MDL Fishing LLC.(Finger, Jennifer) (Entered: 07/11/2005) |
| 07/22/2005 | 29 | MOTION to Amend *Complaint* by Wayne Daley, Nadine Daley, MDL Fishing LLC. (Attachments: # 1 Exhibit Amended Complaint)(Finger, Jennifer) (Entered: 07/22/2005) |
| 07/22/2005 | 30 | MEMORANDUM in Support re 29 MOTION to Amend *Complaint* filed by Wayne Daley, Nadine Daley, MDL Fishing LLC. (Finger, Jennifer) (Entered: 07/22/2005) |
| 08/30/2005 | 31 | NOTICE of Withdrawal of Appearance Attorney John R. Felice terminated. (Johnson, Jay) (Entered: 08/31/2005) |
| 09/20/2005 | 32 | NOTICE of Change of Address by Howard M. Brown (Brown, Howard) (Entered: 09/20/2005) |
| 09/21/2005 | 33 | NOTICE of Appearance by Randy J. Spencer on behalf of Mann Engines and Components, inc. (Johnson, Jay) (Entered: 09/22/2005) |
| 11/21/2005 | | Judge Rya W. Zobel : Electronic ORDER entered granting 18 Motion for Leave to Appear Pro Hac Vice Added Michael Weisz for Ocean Yachts, Inc. (Urso, Lisa) (Entered: 11/21/2005) |
| 02/16/2006 | | NOTICE OF RESCHEDULINGFurther Scheduling Conference reset for 3/8/2006 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) (Entered: 02/16/2006) |
| 03/07/2006 | 34 | Disclosure pursuant to Rule 26 by Performance Diesel, Inc.. (Attachments: # 1)(Bennett, J.) (Entered: 03/07/2006) |
| 03/07/2006 | 35 | NOTICE of Appearance by Joseph W. Corrigan on behalf of Wayne Daley, Nadine Daley (Corrigan, Joseph) (Entered: 03/07/2006) |
| 03/07/2006 | 36 | Recommendations for Scheduling Order *to be Considered at the Further* |

| | | |
|---|---|---|
| | | *Scheduling Conference of March 8, 2006 Submitted by Plaintiffs and Defendants, Ocean Yachts, Inc., Man Engines and Components, Inc., and Performance Diesel, Inc.* (Corrigan, Joseph) (Entered: 03/07/2006) |
| 03/08/2006 | | Notice of correction to docket made by Court staff. Correction: #34 Rule 26 disclosure corrected because: Unsigned Document. E-mail sent desribing the fix. (Johnson, Jay) (Entered: 03/08/2006) |
| 03/08/2006 | | Notice of correction to docket made by Court staff. Correction: #36 Recommendation corrected because: Pleading is a joint statement regarding scheduling conference. FYI (Johnson, Jay) (Entered: 03/08/2006) |
| 03/08/2006 | | ElectronicClerk's Notes for proceedings held before Judge Rya W. Zobel : Further Scheduling Conference held on 3/8/2006; Judge adopts joint schedule; Discovery to be completed by 5/31/2006. Pretrial Conference set for 10/18/2006 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. 4-5 days for trial; (Urso, Lisa) (Entered: 03/21/2006) |
| 03/08/2006 | | Judge Rya W. Zobel : Electronic ORDER entered granting 29 Motion to Amend complaint. (Urso, Lisa) (Entered: 03/21/2006) |
| 04/06/2006 | 37 | AMENDED COMPLAINT against all defendants, filed by Wayne Daley, Nadine Daley, MDL Fishing LLC.(Crimmins, Joseph) (Entered: 04/06/2006) |
| 04/07/2006 | 38 | ANSWER to Amended Complaint by Performance Diesel, Inc..(Bennett, J.) (Entered: 04/07/2006) |
| 04/11/2006 | 39 | MOTION to Dismiss *Amended Complaint* by Ocean Yachts, Inc.. (Brown, Howard) (Entered: 04/11/2006) |
| 04/11/2006 | 40 | MEMORANDUM in Support re 39 MOTION to Dismiss *Amended Complaint* filed by Ocean Yachts, Inc.. (Brown, Howard) (Entered: 04/11/2006) |
| 04/18/2006 | 41 | ANSWER to Amended Complaint *of Plaintiffs* by Mann Engines and Components, inc..(Spencer, Randy) (Entered: 04/18/2006) |
| 04/19/2006 | 42 | ANSWER to Amended Complaint by Twin Disc, Inc..(Kures, Megan) (Entered: 04/19/2006) |
| 04/20/2006 | | Notice of correction to docket made by Court staff. Correction: #42 Answer to amended complaint corrected because: Attorney who filed the document must SIGN the document. E-mail has been sent describing the fix. (Johnson, Jay) (Entered: 04/20/2006) |
| 04/26/2006 | | Notice of correction to docket made by Court staff. Correction: #39 and 40 motion and memorandum corrected because: Attorney who files the document must sign the document. E-mail has been sent describing the fix. (Johnson, Jay) (Entered: 04/26/2006) |
| 05/03/2006 | 43 | Opposition re 39 MOTION to Dismiss *Amended Complaint* filed by Wayne Daley, Nadine Daley, MDL Fishing LLC. (Attachments: # 1 |

| | | Exhibit)(Crimmins, Joseph) (Entered: 05/03/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/15/2006 13:50:59 | | |
| **PACER Login:** mp0366 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:05-cv-10720-RWZ |
| **Billable Pages:** 4 | **Cost:** | 0.32 |