UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10720-RWZ

| | |
|---|---|
| WAYNE DALEY, | ) |
| NADINE DALEY and | ) |
| MDL FISHING LLC | ) |
| | ) |
| V. | ) |
| | ) |
| TWIN DISC, INC. | ) |
| MANN ENGINES AND | ) |
| COMPONENTS, INC. | ) |
| OCEAN YACHTS, INC. and | ) |
| PERFORMANCE DIESEL, INC. | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
TWIN DISC INC.'S MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

The plaintiffs, Wayne Daley, Nadine Daley and MDL Fishing LLC (collectively the

"Daley's") hereby oppose the Motion of Twin Disc, Inc. ("Twin Disc") for Summary Judgment.

Twin Disc's motion should be denied on the grounds that it fails to take into account the fact that

the promises to repair numerous defects in the Daley's yacht upon which the Complaint is based

were separate from the warranty issued by Twin Disc and many of the promises were made after

the expiration of that Twin Disc warranty.  As such, this case is governed by the principals set

forth in *Neuhoff v. Marvin Lumber & Cedar Co.*, 370 F.3d 197 (1st Cir. 2004) and not *New

England Power Co., et al v. Riley Stoker Corp.,* 20 Mass.App.Ct. 25 (1985) as argued by Twin

Disc.  Because those promises were made separate from the warranty, the statute of limitations

for breaches of those promises are not governed by the statute of limitations for breach of

warranty and instead form their own enforceable contracts, subject to the six-year statute of limitations. Since the plaintiffs' Complaint was filed in January, 2005, and the promises were made between 2000 and 2004, none of the claims raised therein are barred by the statute of limitations.

## II.    BRIEF FACTUAL BACKGROUND

In July, 1999, the Daley's purchased their Ocean 48 from Oyster Harbor Yachts, a dealer in Osterville, Massachusetts. The Ocean 48 contained transmission and related equipment manufactured by Twin Disc, Inc. Within approximately one year following the purchase, the Daley's experienced problems with their yacht including, but not limited to, black smoke and soot in the transom and interior of the yacht, failure of the torsion couplings, hub notching and wear of aluminum clutch pistons. Beginning in October and November 2000, attempts at repairing the problems began on the Daley's yacht performed by various defendants, including Twin Disc and their agents. Before and during each purported repair, each of the defendants represented to the Daley's that the repair work would solve the problems the Daley's were experiencing.

Importantly, not only did the defendants fail to make the repairs that they promised the Daley's that they would make, their efforts made the problems the Daley's were experiencing worse than they were before the defendants' attempted repairs and created new problems all of which exist presently. As it relates to Twin Disc, between 2000 and 2002, Twin Disc performed work on the transmissions and transmission couplers, each time representing to the plaintiffs that their efforts would solve the vibration problems the Daley's were experiencing. Following this work, not only were the vibration problems not solved, they were worse than before Twin Disc's

purported attempts at repair. The Daley's relied on the promises made by each of the defendants, including Twin Disc, that the defendants would fix the problems, and the Daley's refrained from taking legal action against the defendants in reliance on those promises.

## III.    ARGUMENT

### A.    Plaintiff's Breach Of Contract Claims Are Independent Of The Breach Of Warranty Claims And Are Not Barred By The Statute Of Limitations.

In arguing that the plaintiffs' claims are barred by the statute of limitations, the plaintiffs rely on the case of *New England Power Co. v. Riley Stoker Corp.,* 20 Mass.App.Ct. 25 (1985) for the proposition that "[w]hen there is a warranty and a promise to repair, the remedy of first resort is the promise to repair. If that promise is not fulfilled, then the cause of action is the underlying breach of warranty." *New England Power Co.*, 20 Mass.App.Ct. at 30. Twin Disc goes on to argue that there can be no breach of an oral contract made by Twin Disc to the plaintiffs because the promises to repair the defects constituted a remedy, not a new contract, and the applicable statute of limitations was for breach of warranty, not the new promises.

However, the facts of this case are different from the facts of *New England Power Co.*, and, instead, more closely mirror the facts in *Neuhoff v. Marvin Lumber & Cedar Co.,* 370 F.3d 197 (1st Cir. 2004). In *Neuhoff*, the Court held that where the promises to repair are made outside of the warranty, and not included in the same contract, the applicable statute of limitations is for breach of contract and begins to run from the date of the promises. In those circumstances, the statute of limitations for breaches of warranty do not apply. *Neuhoff v. Marvin Lumber*, 370 F.3d at 201. Here, Twin Disc's warranty covered a period of 24 months from the date of shipment, but not to exceed 12 months of service whichever occurred first. The yacht was purchased in July of 1999. The warranty, by its terms, expired no later than July of

2001. Twin Disc made promises to repair and efforts to repair as late as 2002, well after the warranty expired. As such, the plaintiffs' breach of contract claims based on those promises are not trumped by the Twin Disc warranty, and under the analysis of *Neuhoff,* the plaintiffs have brought this complaint well within the six-year statute of limitations.

In *Neuhoff,* the First Circuit ruled that the District Court's granting of summary judgment, based on *New England Power Co.* was mistaken[1], noting that in *New England Power,* "the promises to repair were viewed as remedies 'rather than as independent or separate warranties' because the warranty and promise to repair were included in the same contract." *Id.* at 201. The First Circuit noted that in *Neuhoff,* the promises to repair occurred after the warranty period and were not part of the original contract or warranty in effect. As independent promises, they could be breached, and the statute of limitations would begin to run from the time of that breach. *Id.* at 201. Finally, unlike the facts in either *Neuhoff* or *New England Power Co,* the alleged repairs by the defendants, including those performed by Twin Disc, caused additional problems with the yacht, and increased the severity of existing problems.

The First Circuit nevertheless affirmed the ultimate decision of the District Court to dismiss the breach of contract claims on the grounds that there was no consideration for the promise to repair. Contrary to Twin Disc's allegation that the same is true here, the decision in *Neuhoff* makes clear that the Daley's have established adequate consideration to enforce the promises to repair.

As noted in *Neuhoff,* "it is well settled that abandonment of a claim believed to be well founded...is the surrender of a thing of value and is sufficient consideration for a contract" citing *Blair v. Cifrino,* 355 Mass. 706, 245 NE 2d 373, 375 (1969). Unlike the case in *Neuhoff,* the

---

[1] As discussed *infra,* the Court ultimately affirmed the granting of summary judgment dismissing the plaintiff's contract claims, but on different grounds.

plaintiffs in the instant case repeatedly expressed "their willingness to forebear suit before or after the promise to replace or repair were made." (See Exhibit A, correspondence between the parties; see also, Plaintiffs' Responses to Twin Disc's Statement of Material Facts, Exhibit A, Affidavit of Wayne Daley.) Additionally, Wayne Daley expended time and labor assisting Twin Disc, and the other defendants, in their efforts to repair the defect by attending several lengthy sea trials, meeting with representatives of the defendants to discuss the defects and proposed repairs, and sustained damages in the form of lost use of the yacht and other expenses. (See Exhibit A, correspondence between the parties.) As the Court noted in *Neuhoff,* "actions can constitute consideration when a promisee gives 'up some-thing which immediately prior thereto the promisee was privileged to retain, or doing or refraining from doing something which he was then privileged not to do or not to refrain from doing." citing *Graphic Arts Finishers, Inc. v. Boston Redevelopment Auth.*, 357 Mass. 40, 255 NE 2d 793, 795 (1970).

**B.    Plaintiffs' Promissory Estoppel Claims Are Not Time Barred.**

While it is clear that the defendants' promises were supported by adequate consideration, the Daley's promissory estoppel claims would survive regardless. In order to establish a claim of promissory estoppel, "a plaintiff must allege that (1) a promior makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise". *Carroll v. Xerox Corp.*, 294 F.3d 231, 242 (1st Cir. 2002) (citing *Loranger Const. Corp. v. E. F. Hauserman Co.,* 6 Mass.App.Ct. 152, 374 NE 2d 306, 308 (App. Ct. 1978)).

In the instant case, the undisputed evidence establishes that Twin Disc, as well as the other defendants, made numerous promises through at least 2004 to repair the defects in the

plaintiffs' Ocean 48. The record also establishes that in reliance on those promises, the plaintiffs refrained from bringing litigation against the defendants for damages arising out of those defects. Finally, if the defendants are not held to their promises, the plaintiffs will have suffered substantial damages without legal recourse. As such, all of the elements of promissory estoppel are present.

### C.    Plaintiffs' C. 93A Claims Are Not Time Barred.

Twin Disc's argument that the plaintiffs' c. 93A claims are time barred is based on the faulty premise that the c. 93A claims are based exclusively on the allegations that the yacht contained defects when it was delivered to the plaintiffs. To the contrary, as set forth in both the Amended Complaint and the plaintiffs' c. 93A demand letter, plaintiffs' c. 93A claims are based on the false promises made by Twin Disc, and the other defendants, that they would repair those defects. In *Neuhoff*, while it dismissed the plaintiffs' c. 93A claims, the Court did so because the plaintiffs never asserted a claim in their c. 93A notification letter regarding deceptive or false promises. *Neuhoff v. Marvin Lumber and Cedar Co.*, 370 F.3d at 205-206. Here, that is precisely what the plaintiffs have alleged, and accordingly, the statute of limitations for their c. 93A claim begins to run from the time of those promises. (See Exhibit B, c. 93A Demand Letter) Accordingly, the four-year statute of limitations for the c. 93A claims had not run by the time the plaintiffs filed the instant Complaint.

## CONCLUSION

For the foregoing reasons, the plaintiffs, Wayne Daley, Nadine Daley and MDL Fishing, LLC respectfully request that this Court deny Twin Disc, Inc.'s Motion for Summary Judgment.

WAYNE DALEY, NADINE DALEY AND
MDL FISHING, LLC
By their attorneys,

/s/ Joseph P. Crimmins
Joseph P. Crimmins, BBO # 556582
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel:    617-973-6100
Fax:    617-722-4915
jcrimmins@pbl.com

### CERTIFICATE OF SERVICE

I, Joseph P. Crimmins, Posternak Blankstein & Lund LLP, hereby certify that on this 16th day of June, 2006, I caused a copy of the within Opposition to be mailed, postage prepaid, to:

John Felice, Esq.
Randy J. Spencer, Esq.
Hermes, Netburn, O'Connor & Spearing, P.C.
111 Devonshire Street, 8th Floor
Boston, MA 02109
Tel:    (617) 728-0050
Fax:    (617) 728-0052
jfelice@hnso.org
rspencer@hnso.org

Howard Brown, BBO #
Bartlett Hackett Feinberg, P.C.
10 High Street, Suite 920
Boston, MA 02110
Tel:    (617) 422-0200
Fax:    (617) 422-0383
hmb@bostonbusinesslaw.com

Richard J. Shea, BBO #
Megan Kures
Melick Porter & Shea
28 State Street, 22nd Floor
Boston, MA 02108
Tel:    (617) 523-6200
Fax:    (617) 617-523-8130
rshea@melicklaw.com
mkures@melicklaw.com

ID # 475351v01/14236-2/ 06.16.2006

Michel O. Weisz
Segredo & Weisz
Suite 1500
9350 South Dixie Highway
Miami, FL  33156
Tel:    (305) 670-3820
Fax:    (305) 670-8230
moweisz@aol.com

Francis J. Lynch, III, BBO #
J. Gary Bennett, BBO #
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
Tel:    (508) 230-2500
Fax:    (508) 230-2510
gbennett@lynchlynch.com


/s/ Joseph P. Crimmins_____
Joseph P. Crimmins

# EXHIBIT A

WAYNE V DALEY
PO BOX 619
CANTON, MA 02021

November 19, 2001

OCEAN YACHT'S INC.
PO BOX 312
EGG HARBOR CITY, NJ 08215

Dear SCOTT KROWICK, JOHN LEEK, PETER MARYOTT AND BEN CRAGO:

THIS LETTER IS ABOUT OUR 2000 48 OCEAN #48-139.

AS YOU KNOW OCEAN YACHT'S, OYSTER HARBORS, MAN, TWIN DISC, WA CRAFT, PERFORMANCE DIESEL, NORTH ATLANTIC, AND ALVAMAR HAVE BEEN CHASING A VIBRATION ON THE STARBOARD SIDE. THE COUPLERS, ENGINE MOUNTS AND FUEL INJECTION PUMPS HAVE BEEN REPLACED.THEY HAVE REBUILT THE TRANSMISIONS. THE ENGINE HAS BEEN REALIGHNED. NOBODY CAN FIX THIS VIBRATOIN, IF ANYTHING IT IS WORSE!!! THE STARBOARD TRANSMISION IS FULL OR METAL FROM THIS VIBRATION. B G SYKES FROM ALVAMAR THINKS THE TRANS COLLER IS FULL OF METAL ALSO FROM THE TEMPERATURE READINGS ACROSS IT.

ALONG WITH THE VIBRATION, THERE IS EXHAUST LEEKING INTO THE CABIN FROM THE ENGINE ROOM AND A LIST OF COSMETIC PROBLEMS THAT HAVE NOT BEEN REPAIRED.

I HAVE BEEN WORKING WITH EVERYONE, TAKING DAYS OFF FOR SEA TRIALS (10 TIMES IN 2001). I HAVE SPENT A LOT OF TIME ON THIS PROBLEM. THIS HAS BEEN GOING ON FOR OVER TWO YEARS! THIS IS NOT WHAT MY WIFE AND I BUY A BOAT FOR.

THE BOATS SCHEDULED TO COME OUT OF THE WATER ON 11-28-01 THE BOAT WAS IN THE WATER UNTIL 12-20-00 LAST YEAR CHASING THE SAME VIBRATION. AFTER OCTOBER 15, WHERE CHARGED EXTRA FOR INSURANCE AND THE BOAT SLIP.

WE HAVE BOUGHT THREE NEW OCEANS, THE FIRST TWO WERE PROBLEM FREE. 48-139 IS A PROBLEM CHILD!

I HAVE RUN OUT PATIENCE. IT IS TIME TO COME UP WITH A DIFERRENT SOLUTION.

PLEASE CALL ME AT 781-828-9591 OR 617-842-7797

Sincerely,

WAYNE V DALEY
Enclosures (2)

COSMETICS LETTER DATED 6-28-00

EXHAUST LETTER DATED 7-17-01

CC: OYSTER HARBORS INC.

WD  00139

WAYNE V DALEY
PO BOX 619
CANTON, MA 02021

November 19, 2001

OYSTER HARBORS MARINE INC.
157 PLEASANT ST
HYANNIS, MA 02601

Dear SCOTT KROWICK, JOHN LEEK, PETER MARYOTT AND BEN CRAGO:

THIS LETTER IS ABOUT OUR 2000 48 OCEAN #48-139.

AS YOU KNOW OCEAN YACHT'S, OYSTER HARBORS, MAN, TWIN DISC, WA CRAFT, PERFORMANCE DIESEL, NORTH ATLANTIC, AND ALVAMAR HAVE BEEN CHASING A VIBRATION ON THE STARBOARD SIDE. THE COUPLERS, ENGINE MOUNTS AND FUEL INJECTION PUMPS HAVE BEEN REPLACED.THEY HAVE REBUILT THE TRANSMISIONS. THE ENGINE HAS BEEN REALIGHNED. NOBODY CAN FIX THIS VIBRATOIN; IF ANYTHING IT IS WORSE!!! THE STARBOARD TRANSMISION IS FULL OR METAL FROM THIS VIBRATION. B G SYKES FROM ALVAMAR THINKS THE TRANS COLLER IS FULL OF METAL ALSO FROM THE TEMPERATURE READINGS ACROSS IT.

ALONG WITH THE VIBRATION, THERE IS EXHAUST LEEKING INTO THE CABIN FROM THE ENGINE ROOM AND A LIST OF COSMETIC PROBLEMS THAT HAVE NOT BEEN REPAIRED.

I HAVE BEEN WORKING WITH EVERYONE, TAKING DAYS OFF FOR SEA TRIALS (10 TIMES IN 2001). I HAVE SPENT A LOT OF TIME ON THIS PROBLEM. THIS HAS BEEN GOING ON FOR OVER TWO YEARS! THIS IS NOT WHAT MY WIFE AND I BUY A BOAT FOR.

THE BOATS SCHEDULED TO COME OUT OF THE WATER ON 11-28-01 THE BOAT WAS IN THE WATER UNTIL 12-20-00 LAST YEAR CHASING THE SAME VIBRATION. AFTER OCTOBER 15, WHERE CHARGED EXTRA FOR INSURANCE AND THE BOAT SLIP.

WE HAVE BOUGHT THREE NEW OCEANS, THE FIRST TWO WERE PROBLEM FREE. 48-139 IS A PROBLEM CHILD!

I HAVE RUN OUT PATIENCE. IT IS TIME TO COME UP WITH A DIFERRENT SOLUTION.

PLEASE CALL ME AT 781-828-9591 OR 617-842-7797

Sincerely,

WAYNE V DALEY
Enclosures (2)

COSMETICS LETTER DATED 6-28-00

EXHAUST LETTER DATED 7-17-01

CC: OCEAN YACHTS INC.

WD 00140

# WAYNE V. DALEY

MAY 30, 2002

PETER MARYOTT & BEN CRAGO

THIS LETTER CONCERNS MY 2000 48 OCEAN # 48-139. OCEAN
YACHTS, TWIN DISC, MAN ENGINES HAVE FAILED TO ELIMINATE
THE VIBRATION IN THE STARBOARD DRIVE TRAIN , IF ANYTHING
IT IS WORSE FROM 900-1600 RPM WITH THE NEW ENGINE MOUNTS.

I HAVE SPOKEN TO SCOTT KROWICK AT OCEAN SEVERAL TIMES. I
HAVE LEFT MESSAGES FOR LOID DIE AND MALCOLM PHILLIPS
FROM PERFORMANCE DIESEL AND HAD NO RESPONSE SINCE
4-30-02.

I'VE BEEN VERY PATIENT , BUT THAT IS OVER !!

I WANT A WRITTEN RESPONSE TO THIS LETTER FROM EVERYBODY
INVOLVED WITH IN 7 DAYS  ABOUT SOLVING THIS HEAD ACHE !!!

THANK YOU

WAYNE V. DALEY

CC:  OCEAN YACHTS
     OYSTER HARBORS
     TWIN DISC
     MAN ENGINES
     PERFORMANCE DIESEL

WD  00148

# WAYNE V. DALEY

*MAY 30, 2002*

*CLARK BRUNNING & MALCOLM PHILLIPS*

*THIS LETTER CONCERNS MY 2000 48 OCEAN # 48-139. OCEAN YACHTS, TWIN DISC, MAN ENGINES HAVE FAILED TO ELIMINATE THE VIBRATION IN THE STARBOARD DRIVE TRAIN , IF ANYTHING IT IS WORSE FROM 900-1600 RPM WITH THE NEW ENGINE MOUNTS.*

*I HAVE SPOKEN TO SCOTT KROWICK AT OCEAN SEVERAL TIMES. I HAVE LEFT MESSAGES FOR LOID DIE AND MALCOLM PHILLIPS FROM PERFORMANCE DIESEL AND HAD NO RESPONSE SINCE 4-30-02.*

*I'VE BEEN VERY PATIENT , BUT THAT IS OVER !!*

*I WANT A WRITTEN RESPONSE TO THIS LETTER FROM EVERYBODY INVOLVED WITH IN 7 DAYS  ABOUT SOLVING THIS HEAD ACHE !!!*

*THANK YOU*

*WAYNE V. DALEY*

*CC:  OCEAN YACHTS*
*OYSTER HARBORS*
*TWIN DISC*
*MAN ENGINES*
*PERFORMANCE DIESEL*

WD 00149

# WAYNE V. DALEY

MAY 30, 2002

TIM TAGGART & CRAIG VENNEY

THIS LETTER CONCERNS MY 2000 48 OCEAN # 48-139. OCEAN
YACHTS, TWIN DISC, MAN ENGINES HAVE FAILED TO ELIMINATE
THE VIBRATION IN THE STARBOARD DRIVE TRAIN , IF ANYTHING
IT IS WORSE FROM 900-1600 RPM WITH THE NEW ENGINE MOUNTS.

I HAVE SPOKEN TO SCOTT KROWICK AT OCEAN SEVERAL TIMES. I
HAVE LEFT MESSAGES FOR LOID DIE AND MALCOLM PHILLIPS
FROM PERFORMANCE DIESEL AND HAD NO RESPONSE SINCE
4-30-02.

I'VE BEEN VERY PATIENT , BUT THAT IS OVER !!

I WANT A WRITTEN RESPONSE TO THIS LETTER FROM EVERYBODY
INVOLVED WITH IN 7 DAYS  ABOUT SOLVING THIS HEAD ACHE !!!

THANK YOU

WAYNE V. DALEY

CC:  OCEAN YACHTS
     OYSTER HARBORS
     TWIN DISC
     MAN ENGINES
     PERFORMANCE DIESEL

WD  00150

# WAYNE V. DALEY

MAY 30, 2002

JOHN LEEK & SCOTT KROWICK

THIS LETTER CONCERNS MY 2000 48 OCEAN # 48-139. OCEAN
YACHTS, TWIN DISC, MAN ENGINES HAVE FAILED TO ELIMINATE
THE VIBRATION IN THE STARBOARD DRIVE TRAIN , IF ANYTHING
IT IS WORSE FROM 900-1600 RPM WITH THE NEW ENGINE MOUNTS.

I HAVE SPOKEN TO SCOTT KROWICK AT OCEAN SEVERAL TIMES. I
HAVE LEFT MESSAGES FOR LOID DIE AND MALCOLM PHILLIPS
FROM PERFORMANCE DIESEL AND HAD NO RESPONSE SINCE
4-30-02.

I'VE BEEN VERY PATIENT , BUT THAT IS OVER !!

I WANT A WRITTEN RESPONSE TO THIS LETTER FROM EVERYBODY
INVOLVED WITH IN 7 DAYS  ABOUT SOLVING THIS HEAD ACHE !!!

THANK YOU

WAYNE V. DALEY

CC:  OCEAN YACHTS
      OYSTER HARBORS
      TWIN DISC
      MAN ENGINES
      PERFORMANCE DIESEL

WD 00151

# *Ocean Yachts*                 ## *Service Department*

Phone: (609) 965-4616                        PO Box 312, Egg Harbor City, NJ  08215
Fax: (609) 965-4914                          RTE 563, Mile Marker 23, Weekstown, NJ 08215

June 13, 2002

Mr. Wayne Daley
27 Trayer Rd.
Canton, MA  02021

Dear Mr. Daley,

As per our conversation, I would like the opportunity to sea trial your vessel with all
appropriate parties in attendance. I have contacted Lloyd Dye of MAN and tentatively
scheduled our visit on Monday, June 24. Please check your schedule and confirm that this
date is acceptable.

Hope all is well! Talk to you soon.

Sincerely,

Scott Krawiec
Customer Service Manager
Ocean Yachts Inc.

WD  00158



June 17, 2002

Mr. Wayne Daley
27 Trailer Road
P.O. Box 619
Canton, MA  02021

Subject: <u>MG5114A 1.75:1, BOM S11174, S/N 5FP707, 5FR848, M/V - MYDEELITE</u>

In response to your letter received on June 10, 2002, and after a review of the record of the incidents involving your Ocean Yacht, I would agree that you have been exceedingly patient. But I also think that you would agree that Twin Disc and our Distributor, North Atlantic Power Products have been very supportive of you and your problems. When the initial damage was discovered in October, 2000, Twin Disc honored all claims and supported the replacement of the Centa Input Couplings with the Vulkan VKE4011S. When you reported in November, 2001 that your vibration problems continued, North Atlantic Power collect the torsional data and sent it to our Service Department for analysis. This resulted in Bill Smith's visit to your vessel in February 2002 and the subsequent action by Twin Disc to have both transmissions removed for inspection again. No out-of-tolerance conditions were found to be present in either transmission. Both units thoroughly inspected and tested before reinstallation into your vessel at no cost to you. Twin Disc bore all of the expenses for the abovementioned vibrations analysis, service call and unit inspection.

At this point, it is our position that the source of these vibrations must be identified before further damage is incurred on your vessel. We strongly suggest the use of an independent vibration analysis company to locate the source of the vibration. An <u>In-Hull Torsional Vibration Analysis</u> generally runs about $1,000 to $1,200. Twin Disc is willing to participate in this expense, and will cover a third (1/3) of this expense, up to $400. We suggest that the balance be worked out between MAN Engine and Ocean Yachts. A suggested independent TVA company that we have worked with in the past (and offered only as a suggestion) in Jim Smullin of Sound Down, CO., Marblehead, Massachusetts.

If I can offer any additional assistance or information on this, please feel free to contact me.

Regards.

Timothy Taggart
Warranty Manager
TWIN DISC, INC.
4600 – 21st Street
Racine, WI  53402

C:  Bill Smith, Craig Venne, Dennis Muesegades  / Twin Disc, Inc.

WD 00162



November 19, 2003

Kevin Ramuccio
978 Falmouth Rd., Rte 28
Mashpee, MA 02649

Ref: Wayne Dailey 48-139

Dear Kevin,

Early this week I made a visit to Wayne Dailey's vessel. Upon inspection, I was surprised to find the forward motor mounts have not been changed per MAN recommendation of a softer durometer. Also, I am extremely displeased with the fact that Ocean Yachts was invoiced and paid $1,350 to install all new motor mounts on the front of both engines. Understanding not only were we billed for services not rendered in the amount of $1,350.00, but you jeopardized an unstable situation with a customer close to filling a law suit relating to a problem associated with the mounting system of this vessel. For over a year the forward mounts were thought to have been changed and future decisions on repairs were based on that fact. The time lost due to this situation and the frustrations of an owner prolonged, because of this cannot even possible be measured and the fact that Oyster Harbors and all parties involved have a possibility of a lawsuit and losing a customer in this situation makes every move we make extremely important.

Once you have been able to organize all your facts and paperwork on this vessel, please contact me so we can discuss the following. I am going to expect a full refund of the funds paid by Ocean Yachts to R&R the forward motor mounts. Also, please provide the mounts supplied by Performance Diesel, so the job can be completed. Thank you, in advance, for your cooperation in this matter.

Sincerely,

Scott Krawiec
Customer Service Manager
Ocean Yachts Inc.

Cc: Peter Marriott; Oyster Harbors
    Hull File 48-139

**WD 00181**

Ocean Yachts, Inc., P.O. Box 312, Egg Harbor City, New Jersey 08215
609-965-4616 • Fax 609-965-4914 • www.oceanyachtsinc.com

Signature

**WAYNE V DALEY**
PO BOX 619
27 Trayer Rd.
Canton, MA 02021
781-828-9591
FAX 781-828-2393

JAN 4, 2004

OCEAN YACHTS INC
PO BOX 312
EGG HARBOR, NJ 08215

RE: OCEAN YACHTS #48-139

TO JOHN LEEK AND SCOTT KRAWIEC,

JOHN ENCLOSED IS A COPY OF TWO LETTERS, THE FIRST SENT TO ME
FROM PERFORMANCE DIESEL IN DECEMBER 2003. THE LETTER STATES
SOME OF THE PROBLEMS FOUND BY PDI. SOME OF THEM I AGREE WITH
MOST I DO NOT. THE SECOND IS FROM ME, TO PDI, MAN AND YOU. WHEN
YOU READ THE SECOND YOU WILL UNDERSTAND MY FRUSTRATIONS.


THE SECOND LETTER IS MY RESPONSE TO THEIR LETTER. SINCE
NOVEMBER 2000, OCEAN, MAN AND TWIN DISC HAVE ATTEMPTED TO
SOLVE THIS VIBRATION.

TWIN DISC HAS REPLACED THE COUPLERS AND REBUILT THE
TRANSMISSIONS TWICE.

 OCEAN HAS REPLACED ENGINE MOUNTS ON MAN'S REQUEST, THEY ALSO
REBALANCED PROPS AND SHAFTS, CENTER BEARINGS AND STRUTS,
REFACED SHAFT COUPLERS, AND REPLACED HUMP HOSES.

MAN HAS REBUILT OR REPLACED THE STARBOARD INJECTION PUMP **FIVE
TIMES** AND REPLACED 16 INJECTORS ALL BUT THE INJECTORS HAVE
CHANGED THE RPM RANGE OF THE VIBRATION. FIRST THE VIBRATION
WAS FROM 800 TO 1600 RPM. NOW IT IS FROM 800 TO 1300-RPM ALL IN THE
STARBOARD ENGINE. YOU CAN WATCH IT SHAKE!!!
THE NEW INJECTORS STARTED A NEW PROBLEM THE STARBOARD SIDE
SMOKES EXTREMELY MORE AT IDLE AND ON AND OFF THROTTLE UNDER
LOAD THAN THE PORT.

WD 00198

JOHN AS YOU CAN SEE IN THE LETTER FROM PDI THEY WANT OCEAN TO REDO STRINGERS TO STRAITEN OUT ISOLATORS. SCOTT AND I DO NOT THINK THIS WILL SOLVE THE VIBRATION.

JOHN MY WIFE AND I HAVE BOUGHT THREE NEW BOATS FROM OCEAN THE FIRST TWO HAD SO FEW PROBLEMS I DO NOT REMEMBER ANY OF THEM. 48-139 HAS BEEN A PROBLEM SINCE DAY ONE. WE LOVE BOATING BUT, THIS BOAT HAS BURNT US OUT.

JOHN I HAVE NEVER SUED ANYONE BEFORE AND I DO NOT WANT TO START, BUT I CAN NOT TAKE THIS AGGRAVATION OR TORTURE ANYMORE. I AM ASKING YOU TO TAKE THIS BOAT BACK AND OR GET US IN A NEW BOAT. I AM A BIG MAN, I WILL BE REALISTIC IF YOU ARE. I HAVE NOT SENT ANY OF THESE LAST LETTERS TO OYSTER HARBORS I WILL WAIT TO HEAR FROM YOU.

PLEASE RESPOND BY 2/01/04

Sincerely,

WD 00199

MAN Engines & Components Inc.

## F A X  COPY

| | |
|---|---|
| **DATE:** | 01.20.2004 |
| **TO:** | Mr. Wayne Daley, Fax No. 781-828-2393 |
| **FROM:** | Amo Farber |
| **COPY:** | Brent Wagner, PDI |
| **SUBJECT:** | Vibration Problems on your engines, Ocean Yacht #48-139 |

Dear Mr. Daley

This is to acknowledge that I am in receipt of your letter of January 4, 2004, which I received today.

Please allow me to discuss the whole issue and possible further actions with PDI before we answer your letter in detail and I personally will take care of it. But since I am leaving to Germany on Thursday this week and since I don't come back before January 31, it might be difficult to respond with a "plan of attack" until 02/01/2004 as requested by you.

We definitely take your problem very seriously and we will do whatever is necessary to get rid of your vibration issue.

Very truly yours

Amo Farber
Director of Service
Engine Division

WD 00200

**WAYNE V DALEY**
PO BOX 619
27 Trayer Rd.
Canton, MA 02021
781-828-9591
FAX 781-828-2393

*Received*
*01/20/04*

JAN 4, 2004

MAN ENGINE & COMPONENTS
595 13TH TERRACE
POMPANO BEACH, FL 33069

RE: OCEAN YACHTS #48-139    *Sven, I only φ this letter for you,*

TO SVEN SAALFELD & ARNO FARBER,    *let me take care of it and I in- for*

SVEN ENCLOSED IS A COPY OF TWO LETTERS. THE FIRST SENT TO ME FROM PERFORMANCE    *you if*
DIESEL IN DECEMBER 2003. THE LETTER STATES SOME OF THE PROBLEMS FOUND BY PDI.    *necessory*
SOME OF THEM I AGREE WITH MOST I DO NOT. THE SECOND IS FROM ME, TO PDI AND
YOU. WHEN YOU READ THE SECOND YOU WILL UNDERSTAND MY FRUSTRATIONS.    *A.*

THE SECOND LETTER IS MY RESPONSE TO THEIR LETTER. SINCE NOVEMBER 2000, OCEAN,    *(see my Kypru*
MAN AND TWIN DISC HAVE ATTEMPTED TO SOLVE THIS VIBRATION.

TWIN DISC HAS REPLACED THE COUPLERS AND REBUILT THE TRANSMISSIONS TWICE.

OCEAN HAS REPLACED ENGINE MOUNTS ON YOUR REQUEST, THEY ALSO REBALANCED
PROPS AND SHAFTS, CENTER BEARINGS AND STRUTS, REFACED SHAFT COUPLERS, AND
REPLACED HUMP HOSES.

MAN HAS REBUILT OR REPLACED THE STARBOARD INJECTION PUMP **FIVE TIMES** AND
REPLACED 16 INJECTORS ALL BUT THE INJECTORS HAVE CHANGED THE RPM RANGE OF
THE VIBRATION. FIRST THE VIBRATION WAS FROM 800 TO 1600 RPM. NOW IT IS FROM 800
TO 1300-RPM ALL IN THE STARBOARD ENGINE. YOU CAN WATCH IT SHAKE!!!
THE NEW INJECTORS STARTED A NEW PROBLEM THE STARBOARD SIDE SMOKES
EXTREMELY MORE AT IDLE AND ON AND OFF THROTTLE UNDER LOAD THAN THE PORT.

I AM ALSO ENCLOSING THE DAMAGE REPORT SENT TO YOU 6/25/03 FROM WA CRAFT. A
REPORT THAT MAN IGNORED!!!

I WANT TO INFORM MAN THIS IS THE LAST LETTER I WILL WRITE TO MAN. THE NEXT
LETTERS WILL BE FROM ATTORNEY'S, I HAVE NEVER SUED ANYONE BEFORE BUT YOU
ARE NOT SOLVING THESE PROBLEMS OR LEAVING ME A CHOICE.

I WILL ALLOW MAN UNTIL 4/01/04 TO SOLVE THESE PROBLEMS.
I ALSO WANT IN WRITING BY 2/01/04, A RESPONSE AND OR PLAN OF ATTACK FROM MAN.

Sincerely,

**WD 00201**



January 29, 2004

Mr. Wayne Daley
P.O. Box 619
Canton, MA 02021

Dear Wayne,

I received your letter of January 4, 2004. Wayne, we do understand your concerns and frustrations regarding the engine vibration problems with your 48. As we have discussed, Ocean's position is to continue supporting you, in every way possible, to resolve these remaining engine issues as soon as possible. It is MAN'S responsibility to stand-up to their warranty obligations regarding your engines.

We know that MAN has made an issue of the motor mount positioning on your boat. Ocean will re-inspect and, if necessary, re-position any mounts that need to be moved to precise centers. It is our stated position, however, that the mount isolator absorption status will not change.

As I stated aboard your boat during my visit, I feel your 48 currently operates within the parameters of vibration that is consistent with the characteristics associated with the MAN low rpm cylinder cut-out. All of the other MAN boats I have personally operated, have the same MAN design feature vibration. We certainly understand this is not an engine feature owner's enjoy, however, the vibration created is consistent across the board. No other engine package we offered in the 48 SS created this situation.

Wayne, we do appreciate the fact that the 48 is your third Ocean. Loyal family members are important to us. At this point, I recommend that you speak with Oyster Harbors regarding the possible purchase of a replacement boat. If you feel this is a direction you want to pursue, our sales department would be willing to consider any proposal from the dealership. We typically try to do what is necessary, within reason, to maintain our Ocean family members.

Please feel free to contact me if you have any questions or concerns regarding the mount work noted above. I will be happy to discuss any of this with you at your convenience.

Sincerely,

Scott Krawiec
Customer Service Manager
Ocean Yachts Inc.

Cc: John Leek, Ocean Yachts Inc.
    Doug Finney, Ocean Yachts Inc.

**WD  00202**

Ocean Yachts, Inc., P.O. Box 312, Egg Harbor City, New Jersey 08215
609-965-4616 • Fax 609-965-4914 • www.oceanyachtsinc.com



June 24, 2004

Wayne Daley
P.O. Box 619
Canton, MA 02021

Dear Wayne,

Ocean has and will continue to support you as it does every other loyal Ocean Owner. Presently, your boat operates within the parameters of normal operation of a 48 Super Sport powered with 800hp MAN engines. While I understand that you feel differently, we believe that MAN has accomplished everything possible to confirm your engines are running as efficiently as possible. Wayne, based upon the final sea trial conducted at our facility, your vessel is operating properly regarding all performance aspects underway, therefore no additional warranty service will be authorized for this issue.

Please submit, at your convenience, the invoices regarding the cleanup of the excessive overspray and the repair of the head mirror that Ocean has approved. Per your request, I have sent you awlgrip to be used for detailing your engine room and the latches for your cockpit floor hatches. At this point I feel we are up to date on all remaining warranty issues.

I understand Peter Maryott has contacted you regarding the possible purchase of a new boat. As I stated in the past, we do appreciate the fact that the 48 is your third Ocean and loyal family members are important to us. Wayne, we do appreciate your loyalty and we try to do what is necessary to satisfy our Ocean Family Owners. If you feel purchasing a new vessel is the direction you want to pursue, please contact Oyster Harbors regarding the possible purchase of a new boat.

Please feel free to contact me if you have any questions or concerns regarding the remaining warranty work noted above.

Sincerely,

Scott Krawiec
Customer Service Manager
Ocean Yachts Inc.

Cc: Peter Maryott, Oyster Harbors Marine

**WD 00217**

# EXHIBIT B

ID # 475351v01/14236-2/ 06.16.2006



# Posternak
POSTERNAK BLANKSTEIN & LUND LLP



EXHIBIT NO. 8
5-3-06

September 3, 2004

Joseph P. Crimmins
617-973-6273
617-722-4915 FAX
jcrimmins@pbl.com

## CERTIFIED MAIL/RETURN RECEIPT REQUESTED

Sven Saalfeld
Arno Farber
MAN Engine & Components
595 13th Terrace
Pompano Beach, FL 33069

Benjamin Grajo
Oyster Harbors Marine, Inc.
157 Pleasant Street
Hyannis, MA 02601

Craig Venney
Twin Disc, Inc.
100 West Road, Suite 346
Towson, MD 21204

Malcolm Phillips
Brent Wagner
Performance Diesel
12130 Galveston Road, Building 3
Webster TX 77598

John Leek
Scott Krawiec
Ocean Yachts, Inc.
P.O. Box 312
Egg Harbor, NJ 08215

      RE:   Wayne and Nadine Daley
             OCEAN YACHTS #48-139

Gentlemen:

      Be advised that this firm now represents Wayne and Nadine Daley in connection with the problems they are experiencing with their Ocean 48 Super Sport and the subsequent failures of MAN Engine & Components, Performance Diesel, Oyster Harbors Marine, Inc., Twin Disc, Inc. and Ocean Yachts to remedy those defects. All future communications from you or your attorneys on this matter should be directed to me.

      The Daleys purchased their Ocean 48 in July 1999 for $704,205. The Daleys chose to equip their yacht with Twin MAN 8 cyl. 800 BHP diesel engines based on information contained in various sales and marketing brochures, as well as specific representations that these were quality engines, compatible with the Ocean 48. In light of the numerous problems over the last four years, it is clear that these engines and/or associated equipment are either not compatible with their yacht, or are defective. Accordingly, the Daleys demand that MAN, Performance Diesel, Oyster Harbors Marine, Inc., Twin Disc, Inc. and Ocean Yachts purchase back their yacht.

Sven Saalfeld, et al
September 3, 2004
Page 2

As you are each aware, within a year following their purchase, the Daleys experienced significant problems with the yacht including, but not limited to, excessive amounts of black smoke and soot on the transom and in the interior of the yacht; excessive vibration; failures of torsion couplings; hub notching; and wear of aluminum clutch pistons. The Daleys have endured extended periods where they could not use their yacht while extensive repairs were made to the coupler engine mounts and fuel injection pumps, the transmission was rebuilt, and the engine realigned. In addition, Wayne Daley has attended numerous sea tests when he otherwise would have been attending to his business responsibilities.

While some of the problems have been cured, the extensive vibration in the starboard drive train persists. In fact, the vibrations at certain rpm's have gotten more intense over time. The vibration is so strong that it caused a crack in the rear starboard engine mount just last year. In addition, since work was performed on the yacht last winter, the yacht now lists to starboard.

For nearly four years, the Daleys have patiently suffered through these problems while efforts have been made to identify and cure the problems. It is clear, however, that there is either a fundamental defect with the engines causing the extensive vibration that cannot be fixed, or the engines are structurally incompatible with their yacht. MAN, Performance Diesel, Oyster Harbors Marine, Twin Disc, Inc. and Ocean Yachts are each jointly and severally responsible for this problem. The Daleys reasonably relied upon the representations, explicit and implicit, that the engines and associated equipment were compatible with their yacht, and that they would function properly. These representations have proved false. The Daleys' investment was substantial and they have not received what they paid for. The Daleys are loyal Ocean Yacht customers. This is the only one of three Ocean Yachts that has been a problem.

The Daleys would prefer to resolve this matter without filing formal litigation. However, if this matter is not resolved to their satisfaction by September 15, 2004, suit will be filed. I look forward to hearing from each of you, or your attorneys, in the very near future.

Very truly yours,

Joseph P. Crimmins

JPC:mtb

CC:    Mr. Wayne Daley
       David M. Saltiel, Esq.

ID # 404872v01/14236-2/ 09.03.2004