# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10720-RWZ

| | |
|---|---|
| WAYNE DALEY,<br>NADINE DALEY and<br>MDL FISHING LLC<br><br>V.<br><br>TWIN DISC, INC.<br>MANN ENGINES AND<br>  COMPONENTS, INC.<br>OCEAN YACHTS, INC. and<br>PERFORMANCE DIESEL, INC.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' RESPONSE TO DEFENDANT TWIN DISC, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACTS IN DISPUTE

Now come the plaintiffs, Wayne, Daley, Nadine Daley and MDL Fishing, LLC ("the Daley's") in the above-captioned matter and respond to Twin Disc Inc.'s Statement of Undisputed Material Facts.

    1.    Admit.

    2.    Admit.

    3.    Admit.

    4.    Admit.

    5.    Admit.

6.     Deny.  The warranty issued by Twin Disc provides for a 24-month period from the date of shipment or a 12-month period from the date the transmissions went into service, whichever occurs first. (See Exhibit D to Twin Disc's Statement of Undisputed Material Facts.)

7.     Admit.

8.     Admit.

9.     Admit.

10.     The plaintiffs admit only that Twin Disc performed the work on the transmissions in October, 2000, but deny that it was at no cost to the plaintiffs.  (See Affidavit of Wayne Daley attached as Exhibit A.)  Moreover, the work performed by Twin Disc was performed outside of the warranty period.  (See Exhibit D to Twin Disc's Statement of Undisputed Material Facts.)

11.     Admit.

12.     Admit.

13.     The plaintiffs admit only that there were subsequent repairs, but deny the characterization that the repairs failed to appease the plaintiffs.  The repairs failed to cure the defects and problems the Daley's were experiencing, intensified the severity of the defects, and created new problems (Exhibit A).

14.     The plaintiffs admit only that Twin Disc was aware in November 2001 that the plaintiffs were experiencing problems with the vessel and deny the characterization implied in No. 14 that Twin Disc learned for the first time about such problems in November 2001. (Exhibit A)

15.     Admit.

16.     Admit.

17.     Admit.

18.     The plaintiffs admit only that Twin Disc agreed to perform additional work on the transmissions.

19.     Deny.  The terms of the warranty had expired by February 2002.  (See Exhibit D to Twin Disc's Statement of Undisputed Material Facts.)  Furthermore, many of the repairs and all of the sea trials required Wayne Daley's presence, taking him away from his employment or other activities, and the plaintiffs were denied the ability to use their yacht for extensive periods of time as a result of these problems.

20.     Admit.

ID # 475303v01/14236-2/ 06.16.2006

21.    Admit.

22.    Admit.

23.    Deny.

24.    Admit.

25.    Deny. (Exhibit A)

26.    Admit.

27.    Admit.

WAYNE DALEY, NADINE DALEY AND
MDL FISHING, LLC
By their attorneys,


/s/ Joseph P. Crimmins
Joseph P. Crimmins, BBO # 556582
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel:    617-973-6100
Fax:    617-722-4915
jcrimmins@pbl.com

## CERTIFICATE OF SERVICE

I, Joseph P. Crimmins, Posternak Blankstein & Lund LLP, hereby certify that on this 16th day of June, 2006, I caused a copy of the within Response to be mailed, postage prepaid, to:

John Felice, Esq.
Randy J. Spencer, Esq.
Hermes, Netburn, O'Connor & Spearing, P.C.
111 Devonshire Street, 8th Floor
Boston, MA 02109
Tel:    (617) 728-0050
Fax:    (617) 728-0052
jfelice@hnso.org
rspencer@hnso.org

Howard Brown, BBO #
Bartlett Hackett Feinberg, P.C.
10 High Street, Suite 920
Boston, MA 02110
Tel:    (617) 422-0200
Fax:    (617) 422-0383
hmb@bostonbusinesslaw.com

ID # 475303v01/14236-2/ 06.16.2006

Richard J. Shea, BBO #
Megan Kures
Melick Porter & Shea
28 State Street, 22nd Floor
Boston, MA  02108
Tel:    (617) 523-6200
Fax:    (617) 617-523-8130
rshea@melicklaw.com
mkures@melicklaw.com

Michel O. Weisz
Segredo & Weisz
Suite 1500
9350 South Dixie Highway
Miami, FL  33156
Tel:    (305) 670-3820
Fax:    (305) 670-8230
moweisz@aol.com

Francis J. Lynch, III, BBO #
J. Gary Bennett, BBO #
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
Tel:    (508) 230-2500
Fax:    (508) 230-2510
gbennett@lynchlynch.com

/s/ Joseph P. Crimmins
Joseph P. Crimmins

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10720-RWZ

|  |  |
|---|---|
| WAYNE DALEY, | ) |
| NADINE DALEY and | ) |
| MDL FISHING LLC | ) |
|  | ) |
| V. | ) |
|  | ) |
| TWIN DISC, INC. | ) |
| MANN ENGINES AND | ) |
| COMPONENTS, INC. | ) |
| OCEAN YACHTS, INC. and | ) |
| PERFORMANCE DIESEL, INC. | ) |
| Defendants. | ) |

## AFFIDAVIT OF WAYNE DALEY

I, Wayne Daley, on my oath do depose and state:

1.     I am the plaintiff in the above-captioned matter.  The Ocean 48 Yacht at issue in this case was purchased in July 1999.

2.     Within approximately one year following the purchase, I experienced problems with the yacht including, but not limited to black smoke and soot in the transom and interior of the yacht, failure of torsion couplings, hub notching, and wear of aluminum clutch pistons.

3.     Beginning in October, 2000, and continuing through 2004, attempts at repairing the problems were performed by the defendants MAN Engines and Components, Inc. ("MAN"), Ocean Yachts, Inc. ("Ocean Yachts") Twin Disc, Inc. ("Twin Disc") and Performance Diesel, Inc. ("Performance Diesel").

4.     Before and during each of these purported repairs, each of the defendants, including Twin Disc, represented to me that the repair work would solve the problems I was experiencing with the yacht.

5.    Following these attempts at repairs, not only did the problems continue to exist, but the severity of the problems increased, and new problems occurred.  By way of example:

(a)    In October-November, 2000, defendant MAN and Twin Disc rebuilt the transmission including adding new couplers to the yacht.  At the time I was told by MAN and Twin Disc that these repairs would solve the problems.  Notwithstanding the representations made by MAN  and Twin Disc that this work would solve the problems, the problems were worse at different RPM's and did not improve at other RPM's, following this work.  In addition, new problems, involving extensive and structurally damaging vibrations began after this work was performed.

(b)    In May and June, 2001 Ocean Yachts and MAN installed new injector pumps.  Ocean and MAN represented that the new injector pumps would solve the vibration problems.  To the contrary, sea trials undertaken following the installation of the new injector pumps revealed that the vibrations were substantially worse than before the repair work.

(c)    In November, 2001, Ocean Yachts performed a new alignment on the transmission, representing that this would solve the problems.   Engine mounts were also replaced.  As before, the representations that the new alignment would work did not prove true, and the vibrations experience on the yacht continued to become more significant.

(d)    In February, 2002 through March, 2002, additional work was done by Twin Disc including replacing the couplers and other transmission work.   Again, contrary to the representations made by Twin Disc, the vibration problems increased following the work done.

(e)    In the summer of 2003, additional injector pumps were replaced by MAN and Ocean Yachts.  Not only did the vibrations get worse, but the amount of smoke that is produced by the engines and enters the interior of the cabin is worse.

(f)    In 2000 and again in 2002, Twin Disc performed work on the transmissions and transmission couplers, representing to me each time that this would solve the vibration problems. Following this work, the vibrations were worse than before this work

6.    On numerous occasions between 2000 and 2004, both in writing and orally, I advised representatives of the defendants that if the problems were not fixed I would be forced to bring litigation against the defendants. In response, each of the defendants promised to repair the defects. In reliance on those promises, I delayed bringing the litigation until January, 2005.

7.    I was present for many of the repairs, and all of the sea trials which occurred between 2000 and 2004. My attendance was required, and I lost time from work. In addition, for substantial periods of time between 2000 and 2004, I was unable to use my yacht as a result of the problems and defendants' attempts at repairs.

Signed under the pains and penalties of perjury this 16th day of June, 2006.

Wayne Daley