UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WAYNE DALEY, NADINE DALEY
and MDL FISHING LLC,
    Plaintiffs,

v.

TWIN DISK, INC.,
MANN ENGINES AND
COMPONENTS, INC. and
OCEAN YACHTS, INC.,
    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT, TWIN DISC, INC.'S, REQUEST FOR LEAVE TO FILE REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to U.S. District Court Local Rule 7.1(B)(6), the defendant, Twin Disc, Inc., respectfully requests leave of this Court to file a brief memorandum in reply to the plaintiffs' opposition to its Motion for Summary Judgment. As grounds for this motion, the defendant states that a reply memorandum is necessary to address several critical issues raised in the plaintiffs' opposition that are incorrect both factually and as a matter of law. In addition, subsequent to the defendant's preparation and filing of its motion, defendant's counsel received a copy of the transcript from the plaintiff, Wayne Daley's deposition. Mr. Daley's own testimony directly refutes the key issues relied upon in the plaintiffs' opposition, namely the existence of any alleged promises made by Twin Disc. A copy of the proposed reply memorandum is

attached hereto for filing in the event that this request is allowed.

                                                The Defendant,
Twin Disc, Inc.,
By its counsel,

/s/ Megan E. Kures

_____
Richard J. Shea BBO #456310
Megan E. Kures BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street - 22nd floor
Boston, MA 02109
(617) 523-6200

Dated: June 23, 2006

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
WAYNE DALEY, NADINE DALEY       \*
and MDL FISHING LLC,            \*
    Plaintiffs,              \*
                             \*
v.                              \*
                             \*
TWIN DISK, INC.,                \*
MANN ENGINES AND                \*
COMPONENTS, INC. and            \*
OCEAN YACHTS, INC.,             \*
    Defendants.              \*
                             \*
                             \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT, TWIN DISC, INC.'S, MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT

On or about May 15, 2006, the defendant, Twin Disc, Inc., filed a motion for summary judgment arguing, *inter alia*, that the plaintiffs' claims are barred by the applicable statute of limitations. The plaintiffs' filed an opposition on or about June 16, 2006, arguing that the claims are not beyond the statute of limitations because "many . . . promises were made after the expiration of that Twin Disc warranty." (See Plaintiffs' Opposition at p. 1). They also argue that these promises form a binding contract because they are supported by consideration in that the plaintiffs refrained from filing suit. They further argue that they are entitled to relief on a theory of promissory estoppel, a theory never before asserted by the plaintiffs. This reply memorandum is filed to address the following problems with the plaintiffs' opposition: 1) the plaintiff testified

at his May 3, 2006, deposition that Twin Disc did not make any such promises, 2) the correspondence cited to by the plaintiffs as evidencing the alleged consideration is not addressed to this defendant nor does it support a conclusion that the plaintiffs forewent filing suit in exchange for any alleged promises, and 3) the plaintiffs' complaint does not seek recovery on the basis of promissory estoppel.

The plaintiffs' entire opposition with respect to the statute limitations issue concerning its breach of contract claim is premised upon the idea that Twin Disc made promises to the plaintiffs beyond the applicable warranty period and that those promises were separate and apart from the warranty provided by Twin Disc. (See Plaintiffs' Opposition at pp. 3, 4, 5). On May 3, 2006, the plaintiff appeared pursuant to a Notice of Deposition and provided testimony under oath.[1] At the deposition, counsel for Twin Disc asked the following question: "Focusing on the fall of 2000 and the work that Twin Disc did on the transmissions, what promises, if any, were made to you in that time period?" (See Deposition of Wayne Daley, attached hereto as Exhibit A, at 212:16-19). The plaintiff answered: "There wasn't any promises at that time." (Exhibit A, at 213:1-2). The plaintiff was further asked about his understanding as to the work performed by Twin Disc, and he responded that he believed said work was done because he had a warranty with Twin Disc. (Exhibit A, at 213:3-8). He was asked the same questions with respect to the work performed in 2002, in response to which he also denied that Twin Disc made any such promises and he stated that he understood that the work was being done at no cost to him and under the warranty he had with Twin Disc. (Exhibit 1, at 230:16-24, 231:1-24, 232:1-3, 242:1-18). The

---

[1] Twin Disc's Motion for Summary Judgment was already prepared for filing at this time and the transcript of the deposition testimony was not received until after the motion was filed.

plaintiffs' reliance on *Neuhoff v. Marvin Lumber and Cedar Co.*, 370 F.3d 197, 201 (2004), is therefore misplaced as Twin Disc made clear and the plaintiffs understood that the work performed was in fact a warranty remedy. Consequently, the plaintiffs' theory as articulated in their opposition fails based upon the plaintiff's own testimony.

The plaintiffs next claim the alleged promises to repair are contractually binding because they were supported by consideration, namely the plaintiffs' purported forbearance on their legal claims. (See Plaintiffs' Opposition at pp. 4-5). As noted by the plaintiffs, abandonment of a claim *can* constitute valid consideration for a contract. *See Neuhoff*, 370 F.3d at 202. However, as in *Neuhoff*, no promises were made by Twin Disc to induce the plaintiffs to forego filing a claim against it. *See id.* The *Neuhoff* court was very clear that absent a showing that the promise was made to induce the party to forebear, there is no consideration. *See id.* In that vein, the *Neufhoff* decision is directly on point with respect to the facts of this case. The letters attached to the plaintiffs' opposition do not support a finding that the plaintiffs agreed to forego filing suit in exchange for repair work. (See Exhibit A to Plaintiff's Opposition). More importantly, none of the relevant letters raising the specter of litigation are even addressed to Twin Disc. Therefore, there is absolutely no support to the plaintiffs' claim that they agreed to forego filing suit in reliance upon any representations made by Twin Disc. Additionally, the time Mr. Daley spent assisting the defendants with the various repair work also fails to form the basis for consideration because as in *Neuhoff,* Mr. Daley's actions were not taken in reliance upon any of the alleged promises to solve the vibrations. *See id.* Rather, they were actions he would have taken anyway. *See id.*

Finally, the plaintiffs claim that their "promissory estoppel" claims "would survive

3

regardless." (See Plaintiff's Opposition at p. 5). The problem with this argument is two-fold. First, the plaintiffs have not asserted any claims for promissory estoppel nor have they pursued relief under such a theory. (See Exhibit A to Twin Disc's Statement of Undisputed Material Facts). Consequently, they cannot now claim that such claims survive as they never existed in the first place. Second, as discussed above, the evidence refutes the existence of any such promises or any reliance by the plaintiffs on such promises.[2] Therefore, even if the plaintiffs sought recovery under a theory of promissory estoppel, they could not meet the requirements necessary to support such a claim. (See Plaintiffs' Opposition at p. 5).

For the foregoing reasons, and for the reasons set forth in the original memorandum in support of its motion for summary judgment, the defendant, Twin Disc, Inc., respectfully requests that its motion for summary judgment be ALLOWED, and that summary judgment enter in its favor on the plaintiffs' amended complaint.

---

[2] The plaintiffs also mistakenly rely upon correspondence and discussions with the other defendants in responding to Twin Disc's arguments. Such evidence is not binding as to Twin Disc. (See Exhibit A to Plaintiff's Opposition). The plaintiffs mistakenly refer to discussions occurring in 2004. However, the undisputed evidence referred to by the plaintiffs is not relevant to Twin Disc. In fact, prior to the initiation of this lawsuit, discussions with Twin Disc ended in 2002.

                                                          The Defendant,
                                                         Twin Disc, Inc.,
                                                         By its counsel,

/s/ Megan E. Kures

_____
Richard J. Shea BBO #456310
Megan E. Kures BBO #652485
MELICK, PORTER & SHEA, LLP
28 State Street - 22nd floor
Boston, MA 02109
(617) 523-6200

Dated: June 23, 2006