UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:05-cv-10720-RWZ

```
* * * * * * * * * * * * * * * * *
                                 *
WAYNE DALEY, NADINE DALEY        *
and MDL FISHING LLC,             *
     Plaintiffs,                 *
                                 *
v.                               *
                                 *
TWIN DISC, INC.,                 *
MANN ENGINES AND                 *
COMPONENTS, INC.                 *
PERFORMANCE DIESEL, INC.,        *
and                              *
OCEAN YACHTS, INC.,              *
     Defendants.                 *
* * * * * * * * * * * * * * * * *
```

## MOTION OF THE DEFENDANT, TWIN DISC, INC., FOR ENTRY OF SEPARATE AND FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

Pursuant to Fed. R. Civ. P. 54(b), the defendant, Twin Disc, Inc. ("Twin Disc"), hereby moves this Honorable Court to Order the entry of separate and final judgment as to all claims against it. As grounds for its motion, Twin Disc states the following:

1. The plaintiffs' claims were removed to this Court from the Norfolk County Superior Court on or about April 15, 2005.

2. The plaintiffs' original Complaint was comprised of one count for Breach of Contract.

3. On or about April 6, 2006, the plaintiffs amended their Complaint and added a second count for Violation of G.L. c. 93A.

4. On or about April 11, 2006, the co-defendant Ocean Yachts, Inc. ("Ocean Yachts"), moved to dismiss Count II of the Amended Complaint.

5. On or about May 15, 2006, Twin Disc moved for summary judgment as to all counts asserted against it.

6. On July 31, 2006, this Court (Zobel, J.) entered judgment allowing Ocean Yachts' Motion to Dismiss Count II of the Amended Complaint, and allowing Twin Disc's Motion for Summary Judgment as to all claims filed against it. The Court dismissed Count II as to all of the defendants, but dismissed Count I only as to Twin Disc.

7. Pursuant to Fed. R. Civ. P. 54(b), the court may enter separate judgment as to some claims and/or some parties where it determines that there is no just reason for delay. In determining whether separate judgment should enter, the court should consider whether the relevant ruling fully disposes of the particular claim in a manner that is final. *See Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42-43 (1st Cir. 1988).

8. Although entry of separate judgment is discouraged where piecemeal appellate review may follow, such disfavor stems from instances where the party moving for entry of separate judgment remains a party to ongoing litigation as to other claims left pending and where the claims disposed of and those left pending are inextricably intertwined. *See*

*Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir. 1996).

9. In the present matter, the Court conclusively disposed of all claims pending as to Twin Disc and articulated multiple reasons as to why the claims could not stand. There is no risk of the piecemeal appellate review that frequently dissuades courts from entering separate and final judgment as there is no risk that the plaintiffs and Twin Disc will find themselves simultaneously before this Court and the Court of Appeals. *See Nichols*, 101 F.3d at 1149.

10. The one claim that remains pending against the other three defendants is independent of the claims dismissed against Twin Disc. The dismissed claims and the remaining claim are not inextricably intertwined. Each of the parties had their own agreements with the plaintiffs, their own warranties, and they made their own representations. The question of liability as to the other parties will be based upon those agreements and those parties' representations. The outcome of those claims is not predicated upon anything attributable to Twin Disc.

11. None of the other parties would be prejudiced by the entry of final judgment as to Twin Disc. However, Twin Disc would be prejudice if final judgment were not to enter in its favor because it would be forced to incur additional fees and costs while the other parties proceeded through trial despite a final finding that it is not liable to the

plaintiff.

12. Unlike *Spiegel*, *supra*, the entry of separate and final judgment is not sought as a means to facilitate an expedited appellate review of the issues decided by this Court.

For the foregoing reasons, Twin Disc states that there is no just cause for delay and final judgment should enter in its favor as to all counts asserted against it in the plaintiffs' Amended Complaint.

>	Twin Disc, Inc.,
>	By its attorneys,
>
>	/s/ Megan E. Kures
>	Richard J. Shea, BBO #456310
>	Megan E. Kures, BBO #652485
>	MELICK, PORTER & SHEA, LLP
>	28 State Street
>	Boston, MA 02109-1775
>	617-523-6200

Dated: August 14, 2006

## CERTIFICATE OF SERVICE

I, Megan E. Kures, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Joseph P. Crimmins, Esq.
POSTERNAK, BLANKSTEIN & LUND
Prudential Tower
800 Boylston Street
Boston, MA 02199-4915

Michel Weisz, Esq.
SEGREDO & WEISZ
9350 South Dixie Highway, Suite 1500
Miami, FL 33156

J. Gary Bennett , Esq.
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

Peter G. Hermes, Esq.
Hermes, Netburn, O'Connor & Spearing
111 Devonshire Street
8th Floor
Boston, MA 02109


/s/ Megan E. Kures
―――――――――――――――――
Megan E. Kures

Date:   8/14/06