UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE DALEY, NADINE DALEY and MDL FISHING, LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>TWIN DISC, INC., MANN ENGINES AND COMPONENTS, INC., OCEAN YACHTS, INC., and PERFORMANCE DIESEL, INC., )<br><br>Defendants. ) | Civil Action No. 05-10720 RWZ |

### DEFENDANT MANN ENGINES AND COMPONENTS, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant MAN Engines & Components, Inc. ("MAN Engines"), incorrectly named as "MANN Engines and Components, Inc.," moves pursuant to Fed. R. Civ. P. 56(c) for summary judgment in its favor as to Count I of Plaintiffs' Complaint, which contains Plaintiffs' sole pending cause of action against MAN Engines.[1]

In July, 1999, Plaintiff MDL Fishing, LLC ("MDL") purchased a 2000 Ocean 48' Super Sport Yacht (the "Yacht"). Wayne Daley and Nadine Daley are co-equal members of MDL, but neither ever owned or held title to the Yacht individually. The Yacht was equipped with two 800 horsepower model number D2848LE403 MAN marine diesel engines (the "Engines"). Performance Diesel, Inc. purchased the Engines from MAN Engines in April, 1999, and

---

[1] In its Memorandum of Decision of July 31, 2006, the Court dismissed Count II of Plaintiff's Complaint, which alleged violations of M.G.L. c. 93A against all Defendants, in its entirety *sua sponte*. At that time, the Court also granted summary judgment with respect to Count I to Twin Disc, Inc. ("Twin Disc"). Plaintiffs' only remaining claim in this matter is breach of contract against Ocean Yachts, Inc. ("Ocean Yachts"), Performance Diesel, inc. ("Performance Diesel") and MAN Engines.

packaged them with transmissions and sold them to Ocean Yachts. The Yacht was commissioned on June 22, 1999, and Plaintiffs took delivery on July 1, 1999. MAN Engines' written Limited Warranty provided coverage for 24 months from the date of delivery to the original retail customer, or the date the engine was first put in use, whichever occurred first. At the expiration of this initial warranty period, the Limited Warranty applied for an additional 36 months with respect to ten (10) specified major components of the engine.

Within one year after purchasing the Yacht, MDL began to experience problems including, black smoke and soot in the transom and interior of the Yacht and excessive vibrations. Beginning in the fall of 2000 and continuing through the summer of 2003, MAN Engines, Twin Disc, Ocean Yachts and Performance Diesel attempted on numerous occasions to repair the yacht. Plaintiffs contend that before and during each purported repair, each of the defendants represented to the Daleys that the work to be done would solve the problems. Plaintiffs contend that the attempted repairs actually made the vibration problem worse. On or about January 11, 2005, Plaintiffs filed suit in state court against Man Engines, Twin Disc, and Ocean Yachts, alleging breach of contract. Specifically, Plaintiffs claimed that each defendant had agreed that each of the repairs that they undertook would solve the problems with the Yacht. The action was removed to federal court, and Plaintiffs amended their complaint to assert a claim for violation of M.G.L. c.93A against each defendant.

Because there are no genuine issues of material fact,[2] MAN Engines is entitled to judgment as a matter of law. Plaintiff MDL's claim for breach of contract is more properly considered a claim for breach of warranty, which is barred by the applicable four (4) year statute

---

[2] The facts contained in MAN Engines and Components, Inc.'s Concise Statement of Material Facts as to which there is no Genuine Issue are submitted for the sole purpose of consideration of MAN Engines' motion for summary judgment, and are not admitted to for any other purpose.

of limitations. Plaintiffs' claim for breach of contract is also unenforceable for lack of consideration. Plaintiffs Wayne and Nadine Daley claims for breach of contract fail because they never owned or held title to the Yacht. Finally, Plaintiffs' claim against MAN Engines fails because Plaintiffs disclosed expert witness, James Dollof, does not opine that a defect in either of the Engines caused any of the claimed problems with the Yacht's performance.

As further grounds for this Motion, MAN Engines relies upon the Memorandum of Law in Support of MAN Engines and Components, Inc.'s Motion for Summary Judgment, MAN Engines and Components, Inc.'s Concise Statement of Material Facts as to Which there is No Genuine Issue, the Affidavit of Peter G. Hermes, and the Affidavit of Clark Bruening, all of which are filed herewith.

**WHEREFORE**, MAN Engines requests that this Court:

(1) grant summary judgment in favor of MAN Engines as to all counts of the Plaintiffs' Complaint;

(2) enter judgment in favor of MAN Engines; and

(3) grant such other and further relief as this Court deems appropriate.

## MAN ENGINES AND COMPONENTS, INC. REQUESTS ORAL ARGUMENT

## RULE 7.1(A)(2) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), counsel certifies that they have attempted in good faith to resolve or narrow the issue presented by this motion.

                                                **MAN ENGINES AND COMPONENTS, INC.**,
                                                By its attorneys,

/s/ Peter G. Hermes
Peter G. Hermes, BBO No. 231840
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

Dated: September 26, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 26, 2006,

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\MAN Engines\Daley 15760\Pleadings\Motion For Summary Judgment.doc