UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE DALEY, NADINE DALEY and MDL FISHING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TWIN DISC, INC., MANN ENGINES AND COMPONENTS, INC., OCEAN YACHTS, INC., and PERFORMANCE DIESEL, INC.,<br><br>Defendants. | Civil Action No. 05-10720 RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT MANN ENGINES AND COMPONENTS, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant MAN Engines & Components, Inc. ("MAN Engines"), incorrectly named as "MANN Engines and Components, Inc.," moves pursuant to Fed. R. Civ. P. 56(c) for summary judgment in its favor as to Count I of Plaintiffs' Complaint, which contains Plaintiffs' sole pending cause of action against MAN Engines.[1]

**ABBREVIATED STATEMENT OF FACTS [2]**

In July, 1999, Plaintiff MDL Fishing, LLC ("MDL") purchased a 2000 Ocean 48' Super Sport Yacht (the "Yacht"). Wayne Daley and Nadine Daley are co-equal members of MDL, but neither ever owned or held title to the Yacht individually. The Yacht was equipped with two 800

---

[1] In its Memorandum of Decision of July 31, 2006, the Court dismissed Count II of Plaintiff's Complaint, which alleged violations of M.G.L. c. 93A against all Defendants, in its entirety *sua sponte*. At that time, the Court also granted summary judgment with respect to Count I to Twin Disc, Inc. ("Twin Disc"). Plaintiffs' only remaining claim in this matter is breach of contract against Ocean Yachts, Inc. ("Ocean Yachts"), Performance Diesel, inc. ("Performance Diesel") and MAN Engines.

[2] A complete statement of relevant facts, including references to the record, is contained in MAN Engines and Components, Inc.'s Concise Statement of Facts as to which there is no Genuine Issue, which is filed herewith.

horsepower model number D2848LE403 MAN marine diesel engines (the "Engines"). Mr. Daley chose the Engines over others manufactured by Detroit and Caterpillar because he wanted extra horsepower. Performance Diesel purchased the Engines from MAN Engines in April, 1999, and positioned the Engines on mounting brackets and installed isolators. MAN Engines did not provide the transmission, couplers or any other parts that were incorporated into Yacht. MAN Engines did not install the Engines, transmission, couplers, or any other parts on the Yacht.

The Yacht was commissioned on June 22, 1999, and Plaintiffs took delivery on or about July 1, 1999. MAN Engines' written Limited Warranty provided coverage for 24 months from the date of delivery to the original retail customer, or the date the engine was first put in use, whichever occurred first. At the expiration of this initial warranty period, the Limited Warranty applied for an additional 36 months with respect to ten (10) specified major components of the engine.

Within one year after purchasing the Yacht, MDL began to experience problems including, black smoke and soot in the transom and interior of the Yacht and excessive vibrations. Beginning in the fall of 2000 and continuing through the summer of 2003, MAN Engines, Twin Disc, Ocean Yachts and Performance Diesel attempted on numerous occasions to repair the yacht. Plaintiffs contend that before and during each purported repair, each of the defendants represented to the Daleys that the work to be done would solve the problems. Plaintiffs contend that the attempted repairs actually made the vibration problem worse.

On or about January 11, 2005, Plaintiffs filed suit in state court against Man Engines, Twin Disc, and Ocean Yachts, alleging breach of contract. The action was removed to federal

court, and Plaintiffs amended their complaint to assert a claim for violation of M.G.L. c.93A against each defendant.

## ARGUMENT

Given the undisputed facts, MAN Engines is entitled to summary judgment as a matter of law. Plaintiff MDL Fishing, LLC's ("MDL") claim for breach of contract is more properly considered a claim for breach of warranty, which is barred by the applicable four (4) year statute of limitations. Plaintiffs' claim for breach of contract is also unenforceable for lack of consideration. Plaintiffs Wayne and Nadine Daley claims fail because they never owned or held title to the Yacht. Finally, Plaintiffs' claims against MAN Engines fails because Plaintiffs disclosed expert witness, James Dollof, does not opine that a defect in either of the Engines caused any of the alleged problems with the Yacht's performance. Rather, Mr. Dollof's opinions implicate the other defendants as the cause of the problems.

**I.      Summary Judgment Standard**

Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 50 (1st Cir. 2000); Celotex Corp. v. Catrett, 477 U.S. 317, 3222, 106 S.Ct. 2548 (1986). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e).

**II.      Plaintiff MDL's Breach of Contract Claim is More Properly Considered a Breach of Warranty Claim, Which is Barred by the Four (4) Year Statute of Limitations.**

In Paragraph 18 of the Amended Complaint, Plaintiffs contend that they, "had agreements, both expressed and implied, in writing and orally with each of the defendants that each of the repairs that they claim (sic) they would undertake would solve the problems that the Daley's were experiencing with their yacht."  Plaintiffs claim that the defendants breached these agreements, "by failing to make the repairs promised, causing further damage to the yacht, and by misrepresenting that future repairs would solve the new problems."  At his deposition, Wayne Daley testified that other than the Limited Warranty, the only agreement between MDL and MAN Engines was "what they told me they would fix that they never fixed."  See MAN Engines and Components, Inc.'s Concise Statement of Material Facts to Which There is No Genuine Issue ("SOF") at ¶ 17.

As recognized in the Court's Memorandum of Decision dated July 31, 2006 in the present matter, "promises to repair or to replace are generally viewed as specifications of a remedy rather than as an independent or separate warranty."  New England Power Co. v. Riley Stoker Corp., 477 N.E. 2d 1054, 1058 (Mass. App. Ct. 1985).  "[W]hen there are a warranty and a promise to repair, the remedy of the first resort is the promise to repair.  If that promise is not fulfilled, then the cause of action is the underlying breach of warranty."  Id.

Like the warranty in New England Power Co., MAN Engines' Limited Warranty for the Engines contained a promise to repair.  See Exhibit E to the Bruening Affidavit.  The warranty period was 24 months from the date of delivery to the original retail customer, or the date the engine was first put in use, whichever occurred first.  At the expiration of this initial warranty period, the Limited Warranty applied for an additional 36 months with respect to ten (10)

specified major components of the engine.  Representatives of MAN Engines performed repair work on the starboard Engine on the Yacht on several occasions, all of which was performed pursuant to the terms of the Limited Warranty and without charge to Plaintiffs.  See SOF at ¶ 12.  The first such work occurred in or about September, 1999, when the injection pump was removed and recalibrated.  Id.  Plaintiffs contend that such repair work continued to the summer of 2003.  See SOF at ¶ 14.

Just as the Court ruled with respect to Twin Disc, the alleged promises of MAN Engines to repair were not independent of the Limited Warranty.  Therefore, Plaintiff MDL's cause of action against MAN Engines is for breach of warranty and not breach of contract (*i.e.*, promise to repair).  As provided by Mass. G.L. c. 106, § 2-725(1), a contract-based breach of warranty claim must be brought within four (4) years after the breach.  See Bay State-Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co., 533 N.E.2d 1350, 1353 (Mass. 1989).  A breach of warranty occurs at tender of delivery, or when the breach is or should have been discovered if the warranty explicitly extends to future performance of the goods.  Mass. G.L. c. 106, § 2-752(2).  Plaintiffs claim that they took delivery of the Yacht on or about July 1, 1999.  See SOF at ¶ 9.  Plaintiffs made their first warranty claim regarding the Yacht to MAN Engines on or about September 15, 1999.  See SOF at ¶ 12.  In June, 2000, Plaintiffs noticed an exhaust smell and soot in the cabin and engine room of the Yacht.  See SOF at ¶ 13.  On November 10, 2000, Plaintiffs noticed for the first time vibrations on the starboard side of the Yacht.  See SOF at ¶ 15.  There can be no dispute that Plaintiffs had "discovered" their breach of warranty claim against MAN Engines in November, 2000 at the latest.  Accordingly, Plaintiff MDL's suit filed on or about January 11, 2005 was untimely, and is barred by the four (4) year statute of limitations.

Accordingly, MAN Engines is entitled to summary judgment with respect to Plaintiff MDL's claims contained in Count I of the Amended Complaint.

### III. Plaintiffs' Breach of Contract Claim is Unenforceable for Lack of Consideration.

If the Court were to determine that MAN Engines' alleged promise to repair was independent of the warranty, Plaintiffs' claim for breach of contract would be unenforceable for lack of consideration. As stated in Neuhoff v. Marvin Lumber and Cedar Co., 370 F.3d 197, 201 (1st Cir. 2004), "[a] contract must have consideration to be enforceable and '[i]n order for a contract to have valid consideration, the contract must be a bargained-for exchange in which there is a legal detriment of the promisee or a corresponding benefit to the promisor.'"

At his deposition, Wayne Daley stated that other than the Limited Warranty, the only agreement between MDL and MAN Engines was "what they told me they would fix that they never fixed." See SOF at ¶ 17. There simply was no consideration for this alleged gratuitous promise. It is anticipated that Plaintiffs will argue that the requisite consideration was forebearance of their right to sue and the time and labor expended by Wayne Daley "assisting" the defendants in their efforts to repair the Yacht. As stated in Neuhoff, "mere forebearance to sue a claim, without any promise either in express terms or by fair implication from all of the circumstances, does not form sufficient consideration…" 370 F.3d at 202. The court also stated that actions (*i.e.*, the expenditure of time and labor) can constitute consideration, "when a promisee gives 'up something which immediately prior thereto the promisee was privileged to retain, or doing or refraining from doing something which he was then privileged not to do, or not to refrain from doing.'" Id.

In the present matter, Plaintiffs did not express any willingness to forbear suit before or after MAN Engines' alleged promises to repair. In fact, Plaintiffs first reference to litigation was

contained in a letter from Wayne Daley to MAN Engines dated January 4, 2004, several months after the last repair was made to the Yacht by representatives of MAN Engines.  See Exhibit H to the Bruening Affidavit.  Likewise, the alleged expenditure of time and labor by Wayne Daley to assist in their efforts to repair the Yacht would have been made regardless of the alleged promise to repair.  Plaintiffs did not do anything that they were privileged not to do in relation to the alleged promise to repair.

Accordingly, Plaintiffs' claim for breach of contract would be unenforceable for lack of consideration, and MAN Engines is entitled to summary judgment.

### IV.     Plaintiffs Wayne and Nadine Daley Claims Fail because They Never Owned or Held Title to the Yacht.

As argued above, to the extent that MAN Engines made promises to repair the Yacht to Plaintiffs Wayne Daley or Nadine Daley, their breach of contract claims based upon such promises fail for lack of consideration.  To the extent that such breach of contract claims are considered breach of warranty claims, they are barred by the applicable four (4) year statute of limitations.  Any such breach of warranty claims by Plaintiffs Wayne Daley and Nadine Daley also fail because neither ever owned or held title to the Yacht.

Privity is not required to assert a tort-based breach of warranty claim pursuant to Mass. G.L. c. 106, § 2-318.  See Bay State-Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co., 533 N.E.2d 1350, 1353 (Mass. 1989).  However, under long standing Massachusetts law, "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage."  Aldrich v. ADD, Inc., 770 N.E.2d 447, 454-5 (Mass. 2002).  The damages alleged by Plaintiffs Wayne Daley and Nadine Daley are limited to economic losses, and therefore any potential tort-based breach of warranty claim is barred.

While Massachusetts law has been expanded to allow buyers of consumer goods to assert contract-based breach of warranty claims for economic damages directly against manufacturers in the absence of privity, Plaintiffs Wayne Daley and Nadine Daley never owned or held title to the Yacht and can not assert such claim.  See Jacobs v. Yamaha Motor Corp., U.S.A., 649 N.E.2d 758, 763 (Mass. 1995).

Accordingly, Plaintiffs Wayne Daley and Nadine Daley are barred from asserting their claims for economic losses against MAN Engines, and MAN Engines is entitled to summary judgment.

**V.      Plaintiffs Claims Against MAN Engines Fail because Plaintiffs' Disclosed Expert Witness does not State that a Defect in either of the Engines Caused any of the Alleged Problems With the Yacht's Performance.**

Plaintiffs claim against MAN Engines fails because Plaintiffs disclosed expert witness, James Dollof, does not state that a defect in either of the Engines caused any of the alleged problems with the Yacht's performance.  As stated in Plaintiffs' expert witness disclosure dated June 9, 2006, Mr. Dollof states that, "the problems that the Daley's have experienced with their Ocean 48 Yacht … were caused by the fact that the MAN 8-cylinder 800 HP diesel engines which were put on the Ocean 48 Yacht were incompatible with the Ocean 48 Yacht.  In addition, the extensive vibrations existing on the Ocean 48 Yacht when the engines are running is also likely caused by improper couplers placed on the Ocean 48 Yacht."  See Exhibit 6 to the Hermes Affidavit.

The Engines were purchased from MAN Engines in April, 1999 by distributor Performance Diesel.  See SOF at ¶ 6.  Performance Diesel positioned the Engines on the mounting brackets and installed the isolators.  See SOF at ¶ 7.  MAN Engines did not provide the transmission, couplers or other parts that were incorporated into Yacht purchased by MDL.  Id.

MAN Engines did not install the Engines, transmission, couplers, or any other parts on the Yacht.  Id.

When purchasing the Yacht, MDL was offered a choice of engines manufactured by Detroit, Caterpillar and MAN Engines.  See SOF at ¶ 5.  Mr. Daley opted for the two 800 horsepower MAN marine diesel engines because he wanted extra horsepower.  Id.  MAN Engines did not warrant or otherwise communicate to Plaintiffs that the Engines were compatible with the Yacht.  Id.  Rather, a representative of Ocean Yachts stated that they had been using such engines in different boats and had had good luck with them.  Id.

Accordingly, Plaintiffs claims fail for lack of expert testimony to establish that a defect either of the Engines manufactured by MAN Engines caused any of the alleged problems with the Yacht's performance, and MAN Engines is entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, Defendant MAN Engines and Components, Inc. respectfully requests that this Honorable Court take the following actions:

(1) grant summary judgment in favor of MAN Engines as to all counts of the Plaintiffs' Complaint;

(2) enter judgment in favor of MAN Engines; and

(3) grant such other and further relief as this Court deems appropriate.

|  |  |
|---|---|
|  | **MAN ENGINES AND COMPONENTS, INC.**, By its attorneys, |
|  | /s/ Peter G. Hermes |
|  | Peter G. Hermes, BBO No. 231840 |
|  | Eric C. Hipp, BBO No. 642658 |
|  | HERMES, NETBURN, O'CONNOR |
|  |    & SPEARING, P.C. |
|  | 265 Franklin Street, Seventh Floor |
|  | Boston, MA  02110-3113 |
|  | (617) 728-0050 – Tel. |
| Dated:  September 26, 2006 | (617) 728-0052 – Fax |

**CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 26, 2006.

     /s/ Eric C. Hipp
     Eric C. Hipp

G:\DOCS\ECH\Clients\MAN Engines\Daley 15760\Pleadings\Memo of Law in Support of Motion for Summary Judgment.doc