UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-CV-10720-RWZ

_____
WAYNE DALEY, NADINE DALEY, )
and MDL FISHING LLC, )
     Plaintiffs, )
 )
v. )
 )
TWIN DISC, INC., MANN ENGINES )
AND COMPONENTS, INC., OCEAN )
YACHTS, INC., and PERFORMANCE )
DIESEL, INC., )
     Defendants. )
_____ )

## OCEAN YACHTS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant Ocean Yachts, Inc. requests that this Court enter an order compelling the Plaintiffs to produce certain documents pursuant to Fed.R.Civ.P. 37 and as grounds states:

1. On or about May 30, 2006, Defendant Ocean Yachts, Inc., pursuant to Fed.R.Civ.P. 34 served its second request for production of documents, a copy of which is attached hereto as Exhibit "A."

2. Pursuant to Fed.R.Civ.P. 34(b) Plaintiffs were required to file a response within thirty days.

3. In a good faith attempt to resolve this matter without court intervention, the undersigned corresponded with opposing counsel on July 6, 2006 in an effort to determine when the document request would be responded to. A copy of the letter and fax transmission sheet is attached as Exhibit "B."

4.  As of the date of the filing of this motion, Plaintiffs still have not filed a response to the request for production, nor has counsel for Plaintiffs responded to undersigned's July 6, 2006 correspondence.

5.  On October 4, 2006 counsel delivered the letter attached as exhibit "C" to opposing counsel.

6.  On October 9, 2006 counsel spoke and Plaintiffs' counsel agreed to provide a response by October 10, 2006 as to whether the requested documents would be produced. Plaintiffs' counsel did not provide such a response and has not provided any further information.

7.  This matter is set for a final pretrial conference on October 18, 2006.

8.  Fed.R.Civ.P. 37(a)(2)(B) provides in pertinent part that "if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit an inspection as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request."

WHEREFORE, Defendant requests this Court enter an order compelling the Plaintiffs to produced the requested documents.

SEGREDO & WEISZ, P.A.
9350 South Dixie Highway-Suite
1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305)670-8230 Facsimile


By: /s/Michel Weisz
Michel Ociacovski Weisz, Esq.
Fla.Bar.No.: 336939
Attorney for Defendant Ocean
Yachts


## CERTIFICATION PURSUANT TO RULE 37.1

I hereby certify as follows: A phone conference was held between counsel on October 9, 2006.  Plaintiffs' counsel agreed to provide a response by October 10, 2006 as to whether documents would be produced.  No response was provided on October 10, 2006.  On October 11, 2006, the undersigned counsel placed a call to Plaintiffs' counsel to determine if documents would produced.  A voice mail message was left.  Plaintiffs' counsel did not return the call or otherwise respond to the voice mail.


/s/ Michel Weisz
Michel Ociacovski Weisz
Admitted Pro Hac Vice

# Exhibit "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

civil action no.: 05-CV-10720-R

| | |
|---|---|
| WAYNE DALEY, NADINE DALEY, and MDL FISHING LLC,<br>     Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>)<br>) |
| TWIN DISC, INC., MANN ENGINES AND COMPONENTS, INC., OCEAN YACHTS, INC., and PERFORMANCE DIESEL, INC.,<br>     Defendants. | )<br>)<br>)<br>)<br>) |

## DEFENDANT OCEAN YACHTS, INC.'S SECOND REQUEST FOR PRODUCTION TO THE PLAINTIFF MDL FISHING LLC

Defendant Ocean Yachts, Inc. ("Ocean"), pursuant to Rule 34 Fed.R.Civ.P., hereupon requests the Plaintiff, MDL Fishing LLC ("Plaintiff") produce the following documents within the time directed by the Federal Rules of Civil Procedure.

### REQUESTS

1. Any and all tape recordings, audio recordings, video recordings, or any other tangible evidence in any format such as electronic, digital, or computer stored, with respect to any statements made by, or any conversations with, anybody who works for Ocean Yachts, Inc., or who you claim works for Ocean Yachts, Inc., including Scott Krawiec with respect to any issue or matter related to the boat or to the repair of the boat, or with respect to any promises made by anyone at Ocean Yachts, Inc. with respect to repairing the boat.

2. All tax returns filed by or on behalf of MDL Fishing LLC in which it reported any income or loss from Fishing for a Good Time.

3. Any and all records or documents with respect to any insurance policies, which you maintained on the yacht, including any and all applications for insurance, any and all valuations of

the yacht, or which reflect the insured value of the yacht.

4. Any and all documents with respect to any loans against the yacht or for which the yacht has been pledged as collateral.

5. Any and all tape recordings, video recording, audio recordings in whatever form or format whether electronic, digital or other medium, with respect to any statements made by anyone representing any Defendant to this action, or who works for any Defendant in this action with respect to any matters related to the yacht, any problems with the yacht, or any discussions concerning the repairs to the yacht or any promises made by anyone to perform repairs to the yacht.

Howard Brown, Esquire
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th floor
Boston, MA 02110


SEGREDO & WEISZ
9350 South Dixie Highway
Suite 1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305) 670-8230 Facsimile

By: _____
Michel Ociacovski Weisz, Esquire
Florida Bar No. 336939
Attorney for Ocean Yachts, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May ___ 2006, I served the foregoing document by first class mail, postage prepaid, upon the following counsel of record:

Joseph P. Crimmins, Esq.
Jennifer L. Finger, Esq.
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

Via Federal Express to Mr. Crimmins

Richard J. Shea, Esq.
Megan Kures, Esq.
Melick Porter & Shea
28 State Street, 2nd Floor
Boston, MA 02108

Francis J. Lynch, III, Esq.
J. Gary Bennett, Esq.
Lynch & Lynch
45 Bristol Drive
South Easton MA 02375

Randy J. Spencer, Esq.
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston MA 02110

Michel Ociacovski Weisz

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

civil action no.: 05-CV-10720-R

WAYNE DALEY, NADINE DALEY,       )
and MDL FISHING LLC,              )
    Plaintiffs,                  )
                                  )
v.                                )
                                  )
TWIN DISC, INC., MANN ENGINES    )
AND COMPONENTS, INC., OCEAN      )
YACHTS, INC., and PERFORMANCE )
DIESEL, INC.,                     )
    Defendants.                  )

## DEFENDANT OCEAN YACHTS, INC.'S SECOND REQUEST FOR PRODUCTION TO THE PLAINTIFFS WAYNE DALEY, NADINE DALEY

Defendant Ocean Yachts, Inc. ("Ocean"), pursuant to Rule 34 Fed.R.Civ.P., hereupon requests the Plaintiffs, Wayne Daley, Nadine Daley ("Plaintiffs") produce the following documents within the time directed by the Federal Rules of Civil Procedure.

### REQUESTS

1. Any and all tape recordings, audio recordings, video recordings, or any other tangible evidence whether in electronic, digital or other format, with respect to any statements made by, or any conversation with, any body who works for Ocean Yachts, Inc., or who you claim works for Ocean Yachts, Inc., including Scott Krawiec with respect to any issue or matter related to the boat or to the repair of the boat, or with respect to any promises made by anyone at Ocean Yachts, Inc. with respect to repairing the boat.

2. All tax returns filed by Wayne and/or Nadine Daley whether jointly or separately in which they reported any income or loss from Fishing for a Good Time.

3. Any and all records or documents with respect to any insurance policies, which you maintained on the yacht, including any and all applications for insurance, any and all valuations of

the yacht or which reflect the insured value of the yacht.

4. Any and all documents with respect to any loans against the yacht or for which the yacht has been pledged as collateral.

5. Any and all tape recordings, video recording, audio recordings in whatever form or format whether electronic, digital or other medium, with respect to any statements made by anyone representing any Defendant to this action, or who works for any Defendant in this action with respect to any matters related to the yacht, any problems with the yacht, or any discussions concerning the repairs to the yacht or any promises made by anyone to perform repairs to the yacht.

Howard Brown, Esquire
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th floor
Boston, MA 02110

SEGREDO & WEISZ
9350 South Dixie Highway
Suite 1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305) 670-8230 Facsimile

By: _____
Michel Ociacovski Weisz, Esquire
Florida Bar No. 336939
Attorney for Ocean Yachts, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2006, I served the foregoing document by first class mail, postage prepaid, upon the following counsel of record:

Joseph P. Crimmins, Esq.
Jennifer L. Finger, Esq.
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

Via Federal Express to Mr. Crimmins

Richard J. Shea, Esq.
Megan Kures, Esq.
Melick Porter & Shea
28 State Street, 2nd Floor
Boston, MA 02108

Francis J. Lynch, III, Esq.
J. Gary Bennett, Esq.
Lynch & Lynch
45 Bristol Drive
South Easton MA 02375

Randy J. Spencer, Esq.
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston MA 02110

Michel Ociacovski Weisz

# Exhibit "B"

Oct. 13. 2006  9:55AM    MICHEL O. WEISZ, P.A.                No. 9190  P. 1

P. 1

* * * Communication Result Report ( Jul. 6. 2006  3:31PM ) * * *

Fax Header)  MICHEL O. WEISZ. P.A.

Date/Time: Jul. 6. 2006  3:30PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 7144 | Memory TX | 16177224915 | P.  1 | OK | |

rror
ng up or line fail          E. 2) Busy
answer                       E. 4) No facsimile connection
ceeded max. E-mail size

---

## SEGREDO & WEISZ
### ATTORNEYS AT LAW

Michel O. Weisz, P.A.
Frank J. Segredo, P.A.

Suite 1500
9350 South Dixie Highway
Miami, Florida 33156
Telephone: (305) 670-3820
Facsimile: (305) 670-8230

July 19, 2005

**DELIVERED VIA FACSIMILE**
(617) 723-4915

Joseph P. Crimmins, Esq.
Posternak, Blankstein & Lund LLP
800 Boylston Street
Boston, MA 02199

Re:   Daley, et al v. Ocean Yachts
      Case No. 05-00044
      Our File No. 646-01316

Dear Mr. Crimmins:

On May 30, 2006 a second set of Request for Production of Documents were served on Plaintiffs Wayne and Nadine Daley, and on Plaintiff MDL Fishing LLC. To date, I have received no response.

I request that you let me know when I can expect to receive documents and other evidence responsive to the request for production of documents. With respect to any tape recordings, I request that I be provided with original recordings or audible duplicates. If a transcript is available, I would also like a copy of whatever transcript your client deems to represent the conversation.

Very truly yours,

Michel Ociacovski Weisz

MOW/ccm

**Exhibit "C"**

# SEGREDO & WEISZ

## ATTORNEYS AT LAW

Michel O. Weisz, P.A.
Frank J. Segredo, P.A.

Suite 1500
9350 South Dixie Highway
Miami, Florida 33156
Telephone: (305) 670-3820
Facsimile: (305) 670-8230



October 4, 2006

## DELIVERED VIA FACSIMILE AND U.S. MAIL
(617) 722-4915

Joseph P. Crimmins, Esq.
Posternak, Blankstein & Lund LLP
800 Boylston Street
Boston, MA 02199

Re:     Daley, et al v. Ocean Yachts
        Case No. 05-00044
        Our File No. 646-01316

Dear Mr. Crimmins:

Pursuant to our conversation, Michel would like to speak with you regarding the discovery matters in this case. He is in New Jersey in depositions through Friday. He had originally indicated that we would like to speak with you at 1:00 p.m. on Friday, but you have indicated that you will not be available Friday afternoon. You also indicated you were not available this afternoon. I have spoken to Mr. Weisz and he is available Monday morning. Please contact our office and let me know if and when you are available Monday morning. Alternatively, the depositions may end early tomorrow or by 5:00 p.m. Please let us know your availability for both Monday and tomorrow afternoon (latest you may be available).

Very truly yours,

Carmen C. Moore
Paralegal to
Michel Ociacovski Weisz