UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WAYNE DALEY, NADINE DALEY and MDL FISHING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TWIN DISC, INC., MANN ENGINES AND COMPONENTS, INC., OCEAN YACHTS, INC., and PERFORMANCE DIESEL, INC.,<br><br>Defendants. | Civil Action No. 05-10720 RWZ |

**DEFENDANT MAN ENGINES AND COMPONENTS, INC.'S**
**MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

Pursuant Fed. R. Civ. P. 54(b) and as directed by the Court on October 18, 2006, Defendant MAN Engines & Components, Inc. ("MAN Engines"), incorrectly named as "MANN Engines and Components, Inc.," hereby moves the Court to Order entry of separate and final judgment as to all claim against it.  As grounds for the motion, MAN Engines states the following:

1.   Plaintiffs' claims were removed to this Court from the Norfolk County Superior Court on or about April 15, 2005.

2.   Plaintiffs' original Complaint was comprised of one count for breach of contract.

3.   On or about April 6, 2006, Plaintiffs amended their complaint to add a count for Violation of Mass. G.L. ch. 93A.

4.   On or about April 11, 2006, Defendant Ocean Yachts, inc. ("Ocean Yachts"), filed a Motion to Dismiss Count II of the Amended Complaint.

5. On or about May 15, 2006, Defendant Twin Disc, Inc. ("Twin Disc"), filed a Motion for Summary Judgment as to all counts asserted against it.

6. On July 31, 2006, the Court granted Ocean Yachts' Motion to Dismiss and Twin Disc's Motion for Summary Judgment. In addition, the Court dismissed Count II, *sua sponte*, as to all defendants.

7. On or about August 14, 2006, Twin Disc filed a Motion for Entry of Separate and Final Judgment as to all claims against it.

8. On September 26, 2006, MAN Engines filed a Motion for Summary Judgment as to Plaintiffs' one remaining claim against it.

9. On October 18, 2006, the Court granted MAN Engines Motion for Summary Judgment, without opposition. In addition, the Court granted Twin Disc's Motion for Entry of Separate and Final Judgment. MAN Engines stated that it would also file a Motion for Entry of Separate and Final Judgment, to which the Court directed Twin Disc and Man Engines to submit a joint proposed form of judgment for the Court to sign.

10. Pursuant to Fed. R. Civ. P. 54(b), the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.

11. In the present matter, the Court has conclusively disposed of all of Plaintiffs' claims against MAN Engines and articulated multiple reasons as to why the claims could not stand. There is no risk of piecemeal appellate review, and no risk that MAN Engines will find themselves simultaneously before this Court and the Court of Appeals.

12.     Plaintiffs' claims against MAN Engines are not inextricably intertwined with the remaining claims against Defendants Performance Diesel, Inc. and Ocean Yachts.  The question of liability against the remaining defendants will depend on their own agreements with the plaintiffs, their own warranties, and any representations that they made to plaintiffs.  The outcome of those claims is not predicated upon anything attributable to MAN Engines.

13.     None of the other parties would be prejudiced by the entry of final judgment as to MAN Engines.  However, MAN Engines would be prejudiced if final judgment were not entered in its favor because it would be forced to incur additional fees and costs while the other parties proceeded through trial despite a final finding that MAN Engines is not liable to Plaintiffs.

For the above-mentioned reasons, MAN Engines & Components, Inc. requests that the Court to Order entry of separate and final judgment as to all claim against it in Plaintiffs' Amended Complaint, as there is no just cause for delay and final judgment should enter in its favor.

## RULE 7.1(A)(2) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), counsel certifies that they have attempted in good faith to resolve or narrow the issue presented by this motion.

**MAN ENGINES AND COMPONENTS, INC.**,
By its attorneys,

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 23, 2006.

/s/ Eric C. Hipp
Peter G. Hermes, BBO No. 231840
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

/s/ Eric C. Hipp

Dated:  October 23, 2006

G:\DOCS\ECH\Clients\MAN Engines\Daley 15760\Pleadings\Motion for Entry of Separate and Final Judgment.doc