UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE DALEY, NADINE DALEY,  )<br>and MDL FISHING LLC,                   )<br>        Plaintiffs,                          )<br>                                                 )<br>v.                                              )<br>                                                 )<br>                                                 )<br>TWIN DISC, INC., MANN ENGINES  )<br>AND COMPONENTS, INC., OCEAN  )<br>YACHTS, INC., and PERFORMANCE )<br>DIESEL, INC.,                              )<br>          Defendants.                    ) | Civil Action No.: 05-CV-10720-RWZ |

## DEFENDANT OCEAN YACHTS' MOTION FOR SUMMARY JUDGMENT

Defendant Ocean Yachts, Inc., by and through counsel, requests that this Court, pursuant to Federal Rule of Civil Procedure 56, enter summary judgment as to Count I of Plaintiffs' Amended Complaint and as grounds in support states:

1.  Plaintiffs filed a two-count Amended Complaint against Ocean Yachts, Inc. and the various co-Defendants alleging a claim of breach of contract in Count I and a violation of M.G.L. c.93A in Count II.

2.  By prior order, this Court granted Defendant Ocean Yachts, Inc.'s Motion to Dismiss Count II, not only as to Ocean Yachts, but as to all other Defendants.

3.  With respect to the remaining Count, there are no disputed issues of material fact or law, which would preclude entry of summary judgment in favor of Defendant Ocean Yachts, Inc.

4.  As a first basis for a summary judgment, the Defendant has failed to state a claim for breach of contract against Ocean Yachts, Inc.  Ocean Yachts, Inc. has not had any contractual agreements with the Plaintiffs, and is not in privity with Plaintiffs.  Instead, Ocean Yachts, Inc. is

a boat manufacturer with its principal and only place of business in Weekstown, NJ.  Ocean

Yachts, Inc. sells its products to independent third-party dealers, who then re-sell the boats at

retail.

5.  Plaintiffs purchased their yacht from Oyster Harbor Marina, an entity which is not a

party to this lawsuit.

6.  Plaintiffs assert the existence of "both express and implied" contracts "in writing and

orally" with Defendant Ocean Yachts, Inc.

7.  Plaintiff has demonstrated no facts to support this claim.

8.   In conjunction with Plaintiffs' purchase of the yacht from Oyster Harbor Marina,

Plaintiffs executed an Ocean Yachts' purchase and warranty registration.  This registration

acknowledged that Plaintiffs had received and read the published Ocean Yachts, Inc.'s "5&1

Warranty Protection Program," which is the only undertaking from Ocean Yachts, Inc. to

Plaintiffs  in existence.

9.  The Ocean Yachts written, limited warranty provides that for a period of one year

after the purchase of the boat by a retail customer, that "the associative equipment manufactured

by Ocean Yachts, Inc. will be free from defects of material and workmanship...."

10.  The written, limited warranty expressly disclaims any and all liability for parts or

components not manufactured by Ocean Yachts, Inc., including engines, generators, and

transmissions.

11.  Plaintiff purchased the yacht on July 1999.

12.   On May 3, 2006 Plaintiff Wayne Daley testified in deposition that Twin Disc

installed new couplers on the yacht.  The couplers are a component that ties the engine to the

transmission. These parts were not manufactured by Ocean Yachts, Inc., nor were they covered by the Ocean Yachts, Inc. warranty.

13. These repairs were performed more than one year after the boat had been purchased by Plaintiffs.

14. Plaintiff testified that following this change in couplings, the boat began experiencing excessive vibration.

15. In addition, Plaintiff testified that the yacht was purchased by a company MDL Fishing LLC.

16. Plaintiff further testified that MDL Fishing LLC is a commercial enterprise, and that the yacht had been used for charter purposes from which Plaintiff derived income.

17. Ocean Yachts Inc. is entitled to summary judgment on the following grounds: (a) There is no contract, whether oral, express, or implied, between Plaintiffs and Defendant Ocean Yachts, Inc.; (b) the only legally binding undertaking between Ocean Yachts, Inc., and Plaintiffs is the written, limited warranty; (c) the written, limited warranty does not cover the components which allegedly failed; (d) the only conceivable claim Plaintiffs could bring against Defendant is one for breach of the express warranty, however, under the Massachusetts Uniform Commercial Code, such claims must be brought within four years from the date the product is delivered to the plaintiff. In this case, Plaintiffs filed their claim more than four years after the yacht was delivered; (e) Plaintiff has voided any potential warranty which might have applied, by placing the yacht into commercial use, which is expressly prohibited by the terms of the written warranty; (f) Plaintiffs have paid no consideration in order to support the formation of any alleged contract in Count I of the Amended Complaint. All repairs which were undertaken by Ocean Yachts, Inc., were paid for by Ocean Yachts, Inc., and not by Plaintiffs; (g) Ocean Yachts,

Inc. does not select, design or recommend the couplings and/or transmissions that are installed in a yacht with a particular engine packet. Ocean Yachts, Inc. orders engines at the customer's direction, and relies on the engine manufacturer and/or the engine manufacturer's agents to supply a complete engine package, which includes the transmission, couplings, mounts, and related equipment. That equipment is then installed by Ocean Yachts, Inc. and the engine is not started by Ocean Yachts, Inc. Instead, a representative of the engine manufacturer comes to the Ocean Yachts, Inc. factory and performs an engine start-up, which includes a review of the engine installation, and a sea trial.

18. All of the issues raised by Plaintiff in its complaint relate to the performance of the engines and equipment associated with and related to the engines. This equipment is not selected by Ocean Yachts, Inc., nor is it repaired or serviced by Ocean Yachts, Inc.

19. The individual Plaintiffs, Wayne and Nadine Daley have no standing to bring the claims asserted. The yacht was purchased by MDL Fishing LLC and only it has any rights, if any, to assert any claims.

20. Insofar as Ocean Yachts, Inc. is not responsible for the components which did not perform to Plaintiffs' satisfaction, has no contract with the Plaintiffs, did not perform any of the repairs with respect to the engine or its related parties, and insofar as this claim has been brought beyond the applicable statute of limitations, Ocean Yachts, Inc. is entitled to summary judgment in its favor.

WHEREFORE, Defendant Ocean Yachts, Inc. requests that this Court grant summary judgment in favor of Ocean Yachts, Inc., and grant such other and further relief as this Court deems appropriate.

OCEAN YACHTS, INC.
By its attorney,


/s/Howard M. Brown
HOWARD M. BROWN
BBO #547948
Bartlett Hackett Feinberg P.C.
155 Federal Street
Boston, MA 02110
Tel. (617) 422-0200


Dated:November 30, 2006




SEGREDO & WEISZ, P.A.
9350 South Dixie Highway-Suite 1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305)670-8230 Facsimile

By: Michel Ociacovski Weisz
Michel Ociacovski Weisz
Fla.Bar.No.: 336939
Attorney for Defendant Ocean Yachts