UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE DALEY, NADINE DALEY, )<br>and MDL FISHING LLC, )<br>    Plaintiffs, )<br>)<br>v. )<br>) <br>)<br>TWIN DISC, INC., MANN ENGINES )<br>AND COMPONENTS, INC., OCEAN )<br>YACHTS, INC., and PERFORMANCE )<br>DIESEL, INC., )<br>    Defendants. ) | Civil action no.: 05-CV-10720-RWZ |

**STATEMENT OF FACTS PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF DEFENDANT OCEAN YACHTS' MOTION FOR SUMMARY JUDGMENT**

Defendant Ocean Yachts pursuant to local rule 56.1 states that the following material facts are not in dispute:

1. "I am the plaintiff in the above-captioned matter. The Ocean 48 Yacht at issue in this case was purchased in July 1999." *See,* Affidavit of Wayne Daley, ¶1, June 16, 2006, docket entry number 46.

2. MDL Fishing is owns the boat. Exhibit "A"[1], Deposition of Wayne Daley, p. 112, ln. 15-17. This is supported by the registration of the boat filed with the Coast Guard. Exhibit "E."

3. The boat sold to MDL Fishing was covered by the 5&1 Warranty, Ocean Yachts extends to all new boats sold to consumer purchasers. *See,* Exhibit "A", Deposition of Wayne Daley, p. 110, ln. 15-24, p. 111, ln. 1; Exhibit "B," 5&1 Warranty.

4. Paragraph 7 of the Certificate of Organization (Exhibit "D") filed on behalf of MDL Fishing LLC by Wayne Daley as the manager states that:

> The sole and exclusive purpose of the LLC is to engage in the

---
[1] Exhibits are attached to the memorandum in support of motion for summary judgment filed herewith.

1

        following business activities:

    (a)    To own and operate a commercial fishing and charter business serving the fishing industry and the general public.

    (b)    To own and operate all materials and equipment, including boats, to conduct a commercial fishing and charter business.

5. "Ocean Yachts, Inc warrants that the associate equipment manufactured by Ocean Yachts, Inc. will be free from defects in material and workmanship for a period of one (1) year from the date of delivery of a new Ocean Yacht by an authorized Ocean Yachts, Inc. Dealer." *See,* Exhibit "B," 5&1 Warranty.

6. The 5&1 Warranty contains the following provision: "Ocean Yachts, Inc. will, within a reasonable time after notification as provided within this limited warranty, exercise at its option to repair or replace a boat hull or associated equipment which shall, within the limited warranty period, be determined to have been defective in material or workmanship as stated in the respective hull and associated equipment warranties." *See,* Exhibit "B"*,* 5&1 Warranty.

7. As part of the purchase, Wayne and Nadine Daley completed and returned the warranty registration card under the 5&1 Warranty. *See,* Exhibit "A"*,* Deposition of Wayne Daley, p. 110, ln. 4-10.

8. "Within approximately one year one year following the purchase, I experienced problems with the yacht including but not limited to black smoke and soot in the transom and interior of the yacht, failure of torsion couplings, hub notching, and wear of aluminum clutch pistons." *See,* Affidavit of Wayne Daley, ¶2, June 16, 2006, docket entry number 46.

9. The attempt to correct the problem with excessive soot was performed under Man's warranty at no additional cost to the Daleys or MDL Fishing. *See,* Exhibit "A"*,* Deposition of Wayne Daley, p. 119, ln.18-19.

10. The exhaust gaskets were changed out under Man's warranty. *See,* Exhibit "A," Deposition of Wayne Daley, p. 121, ln. 5-10.

11. Ocean Yachts was not the party who installed the new injector pumps. *See,* Exhibit "A", Deposition of Wayne Daley, p. 130, ln. 23-24.

12. The only engine work that Ocean Yachts performed was on the engine mounts and Ocean Yachts paid for these repairs. *See,* Exhibit "A," Deposition of Wayne Daley p. 123, ln. 1-10.

13. The alignment done by Ocean Yachts was at no cost to Daleys. *See,* Exhibit "A," Deposition of Wayne Daley, p. 132, ln. 11-14.

14. Ocean Yachts never performed work on the engines, transmissions or couplings. *See,* Exhibit "A," Deposition of Wayne Daley, p. 131, ln. 15-19.

15. Ocean Yachts was not the party that replaced the injector pumps. *See,* Exhibit "A," Deposition of Wayne Daley, p. 134, ln. 11.

16. It was also Mr. Daley's testimony that the vibration did not exist until after the new couplings were installed. *See,* Exhibit "A," Deposition of Wayne Daley, p. 62, ln. 19-21; *See,* Deposition of Wayne Daley, p. 66, ln. 13-19.

17. The couplings were installed more than one year after the yacht was purchased by MDL Fishing. *See,* Exhibit "A," Deposition of Wayne Daley, p. 121, ln. 11-14

18. No consideration was paid to bind any separate agreement in January of 2003. *See,* Exhibit "A," Deposition of Wayne Daley, p. 125, ln. 12-24, p.126, ln. 1.

19. The Daleys filed this complaint in state court in March 2005, which was then removed to federal court by the Defendants. Docket entry number 1.

20. The boat was used for commercial or charter purposes. *See,* Exhibit "A", Deposition of Wayne Daley, p. 112, ln. 15-17. This is supported by the registration of the boat filed with the Coast Guard. Exhibit "E."

       OCEAN YACHTS, INC.
       By its attorney,

       /s/Howard M. Brown
       HOWARD M. BROWN
       BBO #547948
       Bartlett Hackett Feinberg P.C.
       155 Federal Street
       Boston, MA 02110
       Tel. (617) 422-0200

       Dated: November 30, 2006

                                        SEGREDO & WEISZ, P.A.
                                        9350 South Dixie Highway-Suite 1500
                                        Miami, Florida 33156
                                        (305) 670-3820 Telephone
                                        (305)670-8230 Facsimile

                                        By: <u>Michel Ocizcovski Weisz</u>
                                        Michel Ociacovski Weisz
                                        Fla.Bar.No.: 336939
                                        Attorney for Defendant Ocean Yachts